IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| **COBREY BENNETT and**<br>**MARYAM BENNETT,** | ) <br> ) <br> ) | |
| **Plaintiffs,** | ) | **Civil Action No.:** 2:15-cv-00170-WCO-JCF |
| | ) | |
| v. | ) <br> ) | **(Removed from the Superior Court**<br>**of Forsyth County, Georgia Civil** |
| **OCWEN LOAN SERVICING, LLC,** | ) | **Action No. 14CV-0891-2)** |
| | ) | |
| **Defendant.** | ) <br> ) | |

## NOTICE OF REMOVAL

Defendant Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant") hereby gives notice pursuant to 28 U.S.C. §§ 1331 and 1446, of the removal of this action to the United States District Court for the Northern District of Georgia, Gainesville Division. As grounds for this removal, Defendant states as follows:

### I. Procedural Background

1.    Plaintiffs Cobrey and Maryam Bennett filed a *pro se* action in this Court related to their residential mortgage loan, styled as *Cobrey Bennett and Maryam Bennett v. Ocwen Loan Servicing, LLC*; Case No. 2:13-cv-243-WCO-JCF (the "federal action"). That action was dismissed with prejudice when the Court granted Defendant Ocwen's Motion for Summary Judgment on April 22, 2015. (*See* Case

No. 2:13-cv-243, Docs. 118, 119).[1] Plaintiff's appealed this Court's judgment to the Eleventh Circuit as Appeal No. 15-12164-F, and the Appeal was dismissed on August 10, 2015, for failure to pay the filing and docketing fees.  (*See id.*, Doc. 136).

2. Before the federal action was dismissed, Plaintiffs filed a separate quiet title action against Ocwen on or about May 7, 2014, in the Superior Court of Forsyth County, Georgia, under Civil Action No. 14CV-0891-2 (the "state court action"). The petition was not ripe for removal because it did not seek damages of $75,000.00 or more and did not arise under any federal statute or other federal question. (*See* Original "Petition to Establish Title against all the World" at Exhibit A). The state court action remained pending while the federal action proceeded. Plaintiffs have filed voluminous documents in the state and federal actions.

3. On July 14, 2015, Ocwen filed its Motion for Summary Judgment on the quiet title claims in the state court action. Plaintiffs filed their Reply to Defendant's Motion for Summary Judgment on July 21, 2015.  The Reply focused almost exclusively on TILA.  (*See* Reply at Exhibit A – Part 6).

4. Also on or about July 21, 2015, Plaintiffs filed a "Motion for Declaratory Judgment & Emergency Injunctive Relief" in the state court action. The

---

[1] Plaintiffs have filed subsequent motions where they raise their new allegations related to the Federal Truth in Lending Act. (*See* Docs. 131, 132).

- 2 -

Motion asserts a claim for rescission of the mortgage loan under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and implementing Regulation Z, 12 CFR 1026.223. (*See* Motion at Exhibit A - Part 6).

5. On or about July 27, 2015, Plaintiffs filed a "Request for Judgment &/or Writ of Fi.Fa." in the state court action solely premised on claims arising under TILA. (*See* Exhibit A – Part 6).

6. By the motions, amended pleadings and papers, Plaintiffs assert claims arising from TILA and specifically arising from their interpretation of the recent decision addressing TILA's right of rescission rendered by the United States Supreme Court in *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015).

7. The Superior Court of Forsyth County is a state court within this district and division.

8. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3), which provides as follows:

> Except as provided in subsection (c), if the case stated by the *initial pleading* is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended *pleading, motion, order or other paper* from which it may first be ascertained that the case is one which is or has become removable. (Emphasis Added)

Since the amended pleading, motion, or other paper was filed on or about July 21, 2015, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days thereof.

9. All pleadings filed in the state court action in Forsyth County are attached hereto as Exhibit A-A6.

10. As shown herein, this case is properly removable based on federal question jurisdiction.

## II.     Federal Question

6. Pursuant to 28 U.S.C. § 1331, as amended, the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The determination of whether federal question jurisdiction exists is generally provided by the "well-pleaded complaint" rule which provides that federal jurisdiction exists when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] case arises under federal law if federal law creates the cause of action, or if a substantial disputed issue of federal law is a necessary element of a state law claim." *Pacheco De Perez v. AT & T Co.,* 139 F.3d 1368, 1373 (11th Cir. 1998).

7. Here, Plaintiffs' filings in the state court action on or about July 21, 2015, namely their Motion for Declaratory Judgment and Emergency Injunctive Relief, and Request for Judgment &/or Fi.Fa focus entirely on the claims for a rescission of the their mortgage loan under the Federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. Plaintiffs make explicit statements that "[u]nder the Truth in Lending Act, 82 Stat. 146, 15 U.S.C. § 1601, et seq." in their Response to Defendant's Motion for Summary Judgment, cite "TILA" and "1635" numerous times in their fiings in an attempted reference to 15 U.S.C. § 1635, and further cite "TILA/Reg Z Rescission Enforcement" in the case style of their "Request for Judgment &/or Fi.Fa." (*See* Exhibit A – Part 6).  Plaintiffs are unquestionably seeking to avail themselves of a federal right under TILA and, thus, have brought a civil action "arising under" the laws of the United States.

8. Any pendent state law claim made by Plaintiffs necessarily "arises under" federal law as it "necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). And Plaintiffs' claims "really and substantially involve[] a dispute or controversy respecting the validity, construction or effect of [federal] law." *Dunlap v. G&L*

*Holding Group, Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004) (quoting *Mobil Oil Corp. v. Coastal Petroleum Co.*, 671 F.2d 419, 422 (11th Cir. 1982)). Plaintiffs' new filings leave no doubt that a rescission under TILA is the sole basis of their claims "such that the claim will be supported if the federal law is given one construction or effect and defeated if it is given another." *Dunlap*, 381 F.3d at 1290 (quoting *Mobil Oil Corp.*, 671 F.2d at 422). *See also, Bota v. Clark Atlanta Univ., Inc.*, 2006 WL 2711836, at *2 (N.D. Ga. Sept. 19, 2006) (finding that federal question jurisdiction was proper where "the construction or effect of a federal law is an 'essential element' of the claim" where plaintiff cited to codes of federal regulation); *Harrell v. Farm Credit Northwest Fla., ACA*, 2006 WL 3507949, at *3 (M.D. Fla. Dec. 5, 2006) (federal jurisdiction proper as claims under a U.S. code required the court to determine the effect or construction of a federal law).

9. Plaintiffs' recent flurry of filings in the state court action on or about July 21, 2015, constitute an amended pleading, motion or "other paper" for removal based upon federal question jurisdiction. *See Schexnider v. Schexnider,* 2013 WL 5603808, at *2 (W.D. La. Oct. 10, 2013) (affirming removal based on plaintiff's opposition to summary judgment that interposed a federal question as "[a] responsive pleading, such as a response to a motion for summary judgment, can qualify as 'other paper' sufficient to put a defendant on notice that a federal cause of

action has been pled"); *Owens v. Ward*, 2009 WL 482097, at *3 (E.D. Ky. Feb. 25, 2009) (response to motion for summary judgment that invoked federal claim constituted "other paper" for removal); *Parents United for Better Schools, Inc. v. School District of Philadelphia Bd. of Education*, 1996 WL 442887, at *2 (E.D. Pa. July 31, 1996) (response to motion for summary judgment claiming a federal right was "other paper"); *Jackson v. Brooke*, 626 F.Supp. 1215, 1216-17 (D.Colo. 1986) (plaintiff's asserting a specific federal statute as one of his bases for surviving defendant's dispositive motion raised issue of federal law for removal); *Jenkins v. Movin on Transp., Inc.*, 2014 WL 1653248, at *3 (N.D. Okla. Apr. 24, 2014) (finding that plaintiff's response to summary judgment motion asserting a claim under a federal statute to allow for removability); *Bachman v. A.G. Edwards, Inc.*, 2009 WL 2182345, at *6 (E.D. Mo. July 22, 2009) (response to opposing party's motion constitutes "other paper" for removal); *Gray v. Rite Aid Corp.*, 189 F.Supp.2d 348, 349-50 (D. Md. 2002) (opposition to motion to dismiss was "other paper" for removal).

10.  Although Plaintiffs' state-law quiet title action necessarily involves state law issues as described above, the Court also has supplemental jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1367(a) because those claims arise out of, and form part of, the same case or controversy as Plaintiff's federal claims.

Therefore, this entire case is removable in its entirety pursuant to 28 U.S.C. § 1441(a). Should the Court determine to decline supplemental jurisdiction over the state-based claims for quiet title, the court may remand the claims after resolution of the federal question related to TILA. No judicial resources will be wasted as there is a federal interest in having a federal court resolve claims arising under federal law. To the point repeatedly reiterated by Plaintiffs, the Supreme Court's *Jesinoski* ruling makes a ruling from this Court even more appropriate.

### III. All other Requirements for Removal are Satisfied

11.   The underlying state action involves a civil action within the meaning of the Acts of Congress relating to the removal of causes.

12.   Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Superior Court of Forsyth County, Georgia, the forum in which the Civil Action was pending.

13.   Although Defendant has had a previous action against Plaintiffs in this Court, it has not previously removed these claims or this action.

14.   Removal of the federal question will not result in any prejudice to Plaintiffs as they are undoubtedly seeking to avail themselves of a federal right under a federal statute as their grounds for relief.

15. Defendant herein reserves the right to supplement its Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

16. A copy of this Notice is being filed with the Clerk of the Superior Court of Forsyth County, Georgia, as provided under 28 U.S.C. § 1446, as shown by Exhibit B attached hereto. Defendant is also giving prompt written notice to Plaintiffs of the filing of this Notice of Removal.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Ocwen Loan Servicing, LLC respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Superior Court of Forsyth County, Georgia to the United States District Court for the Northern District of Georgia, Gainesville Division, and award Defendant expenses, costs, and attorney fees.

Respectfully submitted this 13th day of August, 2015.

Bradley Arant Boult Cummings, LLP

/s/Keith S. Anderson
Keith S. Anderson (GA Bar No. 136246)
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
Email: kanderson@babc.com

> A. Michelle Canter (GA Bar No. 108097)
> 4720 Peachtree Industrial Blvd, #106
> Norcross, GA 30071
> Telephone: (678) 496-2580
> Facsimile: (205) 521-8800
> Email: mcanter@babc.com
> Attorneys for Defendant Ocwen Loan Servicing, LLC

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned certifies that this document has been prepared in accordance with Local Rule 5.1(B).

> /s/Keith S. Anderson

## CERTIFICATE OF SERVICE

I hereby certify that on August 13th 2015, I served a copy of the foregoing via United States Mail, first-class postage prepaid and addressed to the following:

> Cobrey and Maryam Bennett
> 965 Summerfield Drive
> Cumming, GA 30040

> /s/Keith S. Anderson