IN THE SUPERIOR COURT OF FORSYTH COUNTY
STATE OF GEORGIA

2015 APR -6 AM 8:33

GREG G. ALLEN, CLERK
SUPERIOR & STATE COURT
FORSYTH COUNTY, GEORGIA

| | |
|---|---|
| COBREY BENNETT and MARYAM BENNETT, | ) ) ) |
| Plaintiffs, | ) Civil Action ) |
| v. | ) Case No. 14CV-0891-2 ) |
| OCWEN LOAN SERVICING, LLC, | ) ) |
| Defendant. | ) ) ) |

14CV-0891-2
ANS
Answer
871546

## DEFENDANT'S ANSWER TO PLAINTIFFS' PETITION TO ESTABLISH TITLE AGAINST ALL THE WORLD

Defendant Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant"), by and through its undersigned counsel, submits this Answer pursuant to O.C.G.A. 23-3-65, to the extent one is required, to Plaintiffs Cobrey and Maryam Bennett ("Plaintiffs") Petition to Establish Title Against All the World:

1. Upon information and belief, admitted.

2. Defendant is without sufficient knowledge or information to form a belief as to averments in paragraph 2.

3. Defendant states this paragraph calls for a legal conclusion that is to be determined upon the title records, but there is a valid and enforceable Security Deed on the subject property.

4. Defendant denies the averments that the November 19, 2012, loan was enforceable. Defendant is without knowledge or information to form a belief as to the averments in the remaining allegations in this paragraph.

1

5. Defendant is without knowledge or information sufficient to form a belief as to the averments in this paragraph.

6. Defendant admits that it is a loan servicer with its principal place of business in Florida.

## Factual Allegations

7. Defendant states that it is the loan servicer of the subject loan.

8. Defendant states that it has a valid and enforceable security deed on the property that has not been paid off and the remaining averments can be determined by an examination of the title records.

9. Defendant denies the averments in paragraph 9.

10. Defendant denies the averments in paragraph 10.

11. Defendant denies the averments in paragraph 11.

12. Defendant states the referenced documents speak for themselves and denies any averments of wrongdoing.

13. Defendant states the referenced documents speak for themselves and denies any averments of wrongdoing.

14. Defendant denies the averments in paragraph 14.

15. Defendant denies the averments in paragraph 15 and states that there is a valid and enforceable security deed on the property.

16. Defendant denies the averments in paragraph 16 and states that there is a valid and enforceable security deed on the property.

17. Defendant states that the security deed on the property is unsatisfied and remains valid.

18. This paragraph calls for a legal conclusion to which no response is required and further states that the security deed was valid and enforceable.

19. Defendant denies the averments in paragraph 19.

20. Defendant denies the averments in paragraph 20.

21. Defendant denies the averments in paragraph 21.

22. Defendant denies the averments in paragraph 22.

23. Defendant states that any communications with plaintiffs were lawful and therefore denies the averments in paragraph 23.

24. Defendant is without sufficient information to form a belief as to the truth of the averments in paragraph 24.

25. Defendant is without sufficient information to form a belief as to the truth of the averments in paragraph 25.

26. Defendant states the referenced exhibit speaks for itself.

27. Defendant states the referenced exhibit speaks for itself.

28. Defendant states the referenced exhibit speaks for itself.

29. Defendant is without sufficient information to form a belief as to the truth of the averments in paragraph 29.

In response to the WHEREFORE paragraph following paragraph 29, Defendant states that the procedures of O.C.G.A. § 23-3-60, *et seq.* should be followed but denies that Plaintiffs should have title quieted in their name and state that there is a valid and enforceable security deed on the property.

## ADDITIONAL DEFENSES

### First Defense

Plaintiffs' Petition fails to state a claim upon which relief can be granted.

### Second Defense

Defendant is the loan servicer where there is a valid and enforceable security deed on the subject property.

### Third Defense

Plaintiffs lack standing to contest any assignments of mortgage or security deed.

### Fourth Defense

Defendant states the claims made are subject to *res judicata* and collateral estoppel.

### Fifth Defense

Defendant avers the affirmative defenses of Release, Justification, *Res Judicata*, Collateral Estoppel, Laches, Unclean Hands, Statute of Frauds, Consent, Mistake, Venue, Estoppel, Statute of Limitations and Waiver.

### Sixth Defense

Defendant denies the material allegations of the Complaint and demands strict proof thereof.

### Seventh Defense

The Complaint is barred, in whole or in part, by the doctrines of contributory negligence, comparative negligence and/or *in pari delicto*.

### Eighth Defense

Plaintiffs have failed to join an indispensable party or parties.

### Ninth Defense

Plaintiffs' claims are barred, in whole or in part, because at all times material to this action, Defendant complied with all provisions of the agreement(s) between the parties.

### Tenth Defense

Plaintiffs claims are barred, in whole or in part, by their failure to adhere to and perform contractual conditions.

### Eleventh Defense

Plaintiffs claims are subject to set off and recoupment of amounts owed to Defendant.

### Twelfth Defense

The Security Deed recorded on November 30, 2012, as Doc. ID 013281730014, at Book 6493, Page 185-198, is a valid and enforceable first priority lien on the Property at 965 Summerfield Drive, Cumming, Georgia, 30040.

### Thirteenth Defense

The Security Deed was not cancelled by the false satisfaction recorded without Defendant's knowledge or consent.

### Fourteenth Defense

To the extent that the security interest has been impaired by the false satisfaction filed by Plaintiffs the Security Deed should be reinstated;

### Fifteenth Defense

The Security Deed is superior to any liens, encumbrances or rights claimed by Plaintiffs Maryam and Cobrey Bennett.

### Sixteenth Defense

The "Affidavit of Notice of Revocation of Power of Attorney and Termination of Attorney in Fact" recorded with the clerk of the Superior Court of Forsyth County as Document ID 014455860003 at Book 7221, Page 353-355, on December 17, 2014, should be expunged from the public record.

### Seventeenth Defense

Plaintiffs conveyed the subject property to the lender and its nominee and assigns and legal title is vested in the lender or assigns until the debt is paid off.

### Eighteenth Defense

The debt of the underlying promissory note has not been paid off and the security deed remains valid.

### Nineteenth Defense

Plaintiffs lack standing to challenge any assignments of mortgage or assignments of security deed or securitization.

### Twentieth Defense

Plaintiffs have unclean hands as they have not paid off the underlying note or security deed and cannot obtain any equitable remedies.

### Twenty-First Defense

Plaintiffs are estopped from their claims regarding the underlying loan and voluntarily paid.

### Twenty-Second Defense

Plaintiffs do not have legal title to the subject property as there is a valid and enforceable security deed on the property.

Respectfully submitted this 6th day of April, 2015.

/s/ Keith S. Anderson
Keith S. Anderson (Bar No. 136246)
Bradley Arant Boult Cummings, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
kanderson@babc.com
ATTORNEY FOR DEFENDANT OCWEN LOAN SERVICING, LLC

IN THE SUPERIOR COURT OF FORSYTH COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| COBREY BENNETT and<br>MARYAM BENNETT, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | Civil Action |
| v. | )<br>) | Case No. 14CV-0891-2 |
| OCWEN LOAN SERVICING, LLC, | )<br>)<br>) | |
| Defendant. | )<br>) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date served the above and foregoing on:

Maryam & Cobrey Bennett
965 Summerfield Drive
Cumming, GA 30040

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to his regular mailing address, on this the 6th day of April, 2015.

_____
Keith S. Anderson (GA Bar No. 136246)

7

IN THE SUPERIOR COURT OF FORSYTH COUNTY
STATE OF GEORGIA

2015 APR -6 AM 8:33

GREG G. ALLEN, CLERK
SUPERIOR & STATE COURT
FORSYTH COUNTY, GEORGIA

| | |
|---|---|
| COBREY BENNETT and MARYAM BENNETT, | ) ) ) |
| Plaintiffs, | ) Civil Action ) |
| v. | ) Case No. 14CV-0891-2 ) |
| OCWEN LOAN SERVICING, LLC, | ) ) |
| Defendant. | ) ) ) |

14CV-0891-2
ANS
Answer
871546

## DEFENDANT'S ANSWER TO PLAINTIFFS' PETITION TO ESTABLISH TITLE AGAINST ALL THE WORLD

Defendant Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant"), by and through its undersigned counsel, submits this Answer pursuant to O.C.G.A. 23-3-65, to the extent one is required, to Plaintiffs Cobrey and Maryam Bennett ("Plaintiffs") Petition to Establish Title Against All the World:

1. Upon information and belief, admitted.

2. Defendant is without sufficient knowledge or information to form a belief as to averments in paragraph 2.

3. Defendant states this paragraph calls for a legal conclusion that is to be determined upon the title records, but there is a valid and enforceable Security Deed on the subject property.

4. Defendant denies the averments that the November 19, 2012, loan was enforceable. Defendant is without knowledge or information to form a belief as to the averments in the remaining allegations in this paragraph.

1

5. Defendant is without knowledge or information sufficient to form a belief as to the averments in this paragraph.

6. Defendant admits that it is a loan servicer with its principal place of business in Florida.

## Factual Allegations

7. Defendant states that it is the loan servicer of the subject loan.

8. Defendant states that it has a valid and enforceable security deed on the property that has not been paid off and the remaining averments can be determined by an examination of the title records.

9. Defendant denies the averments in paragraph 9.

10. Defendant denies the averments in paragraph 10.

11. Defendant denies the averments in paragraph 11.

12. Defendant states the referenced documents speak for themselves and denies any averments of wrongdoing.

13. Defendant states the referenced documents speak for themselves and denies any averments of wrongdoing.

14. Defendant denies the averments in paragraph 14.

15. Defendant denies the averments in paragraph 15 and states that there is a valid and enforceable security deed on the property.

16. Defendant denies the averments in paragraph 16 and states that there is a valid and enforceable security deed on the property.

17. Defendant states that the security deed on the property is unsatisfied and remains valid.

18. This paragraph calls for a legal conclusion to which no response is required and further states that the security deed was valid and enforceable.

19. Defendant denies the averments in paragraph 19.

20. Defendant denies the averments in paragraph 20.

21. Defendant denies the averments in paragraph 21.

22. Defendant denies the averments in paragraph 22.

23. Defendant states that any communications with plaintiffs were lawful and therefore denies the averments in paragraph 23.

24. Defendant is without sufficient information to form a belief as to the truth of the averments in paragraph 24.

25. Defendant is without sufficient information to form a belief as to the truth of the averments in paragraph 25.

26. Defendant states the referenced exhibit speaks for itself.

27. Defendant states the referenced exhibit speaks for itself.

28. Defendant states the referenced exhibit speaks for itself.

29. Defendant is without sufficient information to form a belief as to the truth of the averments in paragraph 29.

In response to the WHEREFORE paragraph following paragraph 29, Defendant states that the procedures of O.C.G.A. § 23-3-60, *et seq.* should be followed but denies that Plaintiffs should have title quieted in their name and state that there is a valid and enforceable security deed on the property.

## ADDITIONAL DEFENSES

### First Defense

Plaintiffs' Petition fails to state a claim upon which relief can be granted.

### Second Defense

Defendant is the loan servicer where there is a valid and enforceable security deed on the subject property.

### Third Defense

Plaintiffs lack standing to contest any assignments of mortgage or security deed.

### Fourth Defense

Defendant states the claims made are subject to *res judicata* and collateral estoppel.

### Fifth Defense

Defendant avers the affirmative defenses of Release, Justification, *Res Judicata*, Collateral Estoppel, Laches, Unclean Hands, Statute of Frauds, Consent, Mistake, Venue, Estoppel, Statute of Limitations and Waiver.

### Sixth Defense

Defendant denies the material allegations of the Complaint and demands strict proof thereof.

### Seventh Defense

The Complaint is barred, in whole or in part, by the doctrines of contributory negligence, comparative negligence and/or *in pari delicto*.

### Eighth Defense

Plaintiffs have failed to join an indispensable party or parties.

### Ninth Defense

Plaintiffs' claims are barred, in whole or in part, because at all times material to this action, Defendant complied with all provisions of the agreement(s) between the parties.

### Tenth Defense

Plaintiffs claims are barred, in whole or in part, by their failure to adhere to and perform contractual conditions.

### Eleventh Defense

Plaintiffs claims are subject to set off and recoupment of amounts owed to Defendant.

### Twelfth Defense

The Security Deed recorded on November 30, 2012, as Doc. ID 013281730014, at Book 6493, Page 185-198, is a valid and enforceable first priority lien on the Property at 965 Summerfield Drive, Cumming, Georgia, 30040.

### Thirteenth Defense

The Security Deed was not cancelled by the false satisfaction recorded without Defendant's knowledge or consent.

### Fourteenth Defense

To the extent that the security interest has been impaired by the false satisfaction filed by Plaintiffs the Security Deed should be reinstated;

### Fifteenth Defense

The Security Deed is superior to any liens, encumbrances or rights claimed by Plaintiffs Maryam and Cobrey Bennett.

### Sixteenth Defense

The "Affidavit of Notice of Revocation of Power of Attorney and Termination of Attorney in Fact" recorded with the clerk of the Superior Court of Forsyth County as Document ID 014455860003 at Book 7221, Page 353-355, on December 17, 2014, should be expunged from the public record.

### Seventeenth Defense

Plaintiffs conveyed the subject property to the lender and its nominee and assigns and legal title is vested in the lender or assigns until the debt is paid off.

### Eighteenth Defense

The debt of the underlying promissory note has not been paid off and the security deed remains valid.

### Nineteenth Defense

Plaintiffs lack standing to challenge any assignments of mortgage or assignments of security deed or securitization.

### Twentieth Defense

Plaintiffs have unclean hands as they have not paid off the underlying note or security deed and cannot obtain any equitable remedies.

### Twenty-First Defense

Plaintiffs are estopped from their claims regarding the underlying loan and voluntarily paid.

### Twenty-Second Defense

Plaintiffs do not have legal title to the subject property as there is a valid and enforceable security deed on the property.

Respectfully submitted this 6th day of April, 2015.

/s/ Keith S. Anderson
Keith S. Anderson (Bar No. 136246)
Bradley Arant Boult Cummings, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
kanderson@babc.com
ATTORNEY FOR DEFENDANT OCWEN LOAN SERVICING, LLC

IN THE SUPERIOR COURT OF FORSYTH COUNTY

STATE OF GEORGIA

| | |
|---|---|
| COBREY BENNETT and MARYAM BENNETT, | ) ) ) |
| Plaintiffs, | ) Civil Action ) |
| v. | ) Case No. 14CV-0891-2 ) |
| OCWEN LOAN SERVICING, LLC, | ) ) |
| Defendant. | ) ) ) |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date served the above and foregoing on:

    Maryam & Cobrey Bennett
    965 Summerfield Drive
    Cumming, GA 30040

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to his regular mailing address, on this the 6th day of April, 2015.

                                               Keith S. Anderson (GA Bar No. 136246)