IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| COBREY BENNETT and MARYAM BENNETT, | ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | Civil Action No.: 2:15-cv-170-WCO-JCF |
| v. | ) ) | |
| OCWEN LOAN SERVICING, LLC, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS'
"REPLY TO THE DEFENDANT'S MOTION FOR REMOVAL"**

Defendant and Counter-Plaintiff Ocwen Loan Servicing, LLC ("Ocwen"), by and through its undersigned counsel, files its Response in Opposition to Plaintiffs' "Reply to the Defendant's Motion for Removal" (Doc. 18).[1] In support of its Response in Opposition, Ocwen incorporates its Notice of Removal filed herein (Doc. 1) and states as follows:

**I.   Remand is not warranted when the Court has original jurisdiction over a claim arising under a federal question**

This Court has jurisdiction over the federal claim pending before it and Plaintiffs' contentions of any lack of jurisdiction are specious. Ocwen established its basis for removal of the case pending in the Superior Court of Forsyth County,

---

[1] The Court has construed the response as a Motion to Remand. (Doc. 19).

1

Georgia as Civil Action File No. 14CV-0891-2 ("state court action") in its Notice of Removal. (Doc. 1). Ocwen asserts that Plaintiffs' claim squarely "arises under" federal law by seeking to void the mortgage loan based on the right of rescission afforded in Truth in Lending Act (TILA), 15 U.S.C. § 1601, *et seq.* (*See* Doc. 1, pp. 4-5). Plaintiffs plainly acknowledge that TILA, specifically Section 1635(b), is the basis by which Ocwen should be required to "void our loan." (*See* Doc. 18, p. 5; Doc. 27). Plaintiffs clarify their contentions related to the assignments to indicate that they were "surprised" that Ocwen recorded assignments in the real property records after Plaintiffs had asked Ocwen to void the loan. (*See id.* at p. 5). Plaintiffs further rely on section 1635(c) of TILA to argue the merits of the claim related to the adequacy or delivery of the underlying TILA disclosures. Likewise, Plaintiffs identify the "rebuttable presumption" standard that governs a court's analysis as to whether the Plaintiffs received the TILA disclosures that Plaintiffs' now suggest were not received. As they make clear, Plaintiffs' claim for relief demanding the loan be voided undoubtedly arises under TILA. Thus, the action was properly removed to this Court for a decision on the merits of the claims under federal law. Removal of the Plaintiffs claim is proper under 28 U.S.C. §1441(a) and remand should be denied.

## II. Removal is not based on Ocwen's counterclaim, but is based on Plaintiffs' claim for rescission arising under TILA

Plaintiffs misconstrue Ocwen's counterclaim as providing the basis for removal of the action. Ocwen did indeed file a counterclaim seeking a declaratory judgment that there is no basis for rescission under TILA. (Doc. 16). However, it is the Plaintiffs' claims seeking to rescind the loan under TILA that serves as the basis for removal. The counterclaim necessarily arises under this Court's original jurisdiction, but is not the basis for removal. None of the authorities cited by Plaintiffs are controlling or persuasive in the Court's analysis of removal. Remand should be denied because removal is proper under 28 U.S.C. § 1441(a).

## III. The removal is timely as being made within 30 days of the filing of a claim raising a federal question[2]

Ocwen removed the action within thirty days of the filing of a claim arising under federal law.

### A. The Initial Pleading Date is Not Controlling

Plaintiffs mistakenly measures the time for removal from May 14, 2014 – the filing date of the pleading initiating the state court action. Here, the 30-day removal time is measured from the filing date of the pleading giving rise to a federal question.

---

[2] The requirement for removal within thirty days is a procedural requirement, not a jurisdictional requirement. *Moore v. N. Am. Sports, Inc*., 623 F.3d 1325, 1329 (11th Cir. 2010); *In re Uniroyal Goodrich Tire, Co*., 104 F.3d 322, 324 (11th Cir. 1997).

Plaintiffs did not amend their initial pleading or independently allege violations arising under TILA until July 21, 2015.

Plaintiffs' original Petition to Quiet Title Against all the World contained only that one cause of action to quiet title. The claim arises solely under state law, contains no monetary demand on the face of the complaint, and does not enumerate any cause of action for declaratory or injunctive relief of any foreclosure, eviction, or other action. (*See* Doc. 1, p. 2; Exh. A). Further, the action arises under Georgia's Quiet Title Action, O.C.G.A. § 23-3-60, *et seq.*, designed as a "special statutory proceeding designed for a specific purpose." *James v. Gainey*, 231 Ga. 543, 544, 203 S.E.2d 163 (1974); *Nelson v. Georgia Sheriffs Youth Homes, Inc.*, 286 Ga. 192, 192, 686 S.E.2d 663 (2009) (the Quiet Title Act under O.C.G.A. § 23-3-60 "creates an efficient, speedy and effective means of adjudicating disputed title claims" and sets out "specific rules of practice and procedure with respect to an in rem quiet title action against all the world" that require the appointment of a special master); *DOCO Credit Union v. Chambers*, 330 Ga.App. 633, 638-39, 768 S.E.2d 808 (2015) (Quiet Title Act requires trial court to appoint a special master and for the special master to make a report of findings to the trial court). Plaintiffs' original petition did not mention TILA or any other federal law and it was uncertain as to whether the one single cause of action for quiet title was removable with such a special statutory

4

proceeding that arose exclusively under Georgia state law, particularly given the defendant's burden on removal.

To be sure, Plaintiffs never alleged or asserted a claim arising under TILA in *Bennett I,* the prior action adjudicating fifteen (15) claims.[3] Plaintiffs plainly identify the Supreme Court's decision in *Jesinoski v. Countrywide Home Loans, Inc.,* 135 S. Ct. 790 (2015) as triggering their TILA claim. It was only after Ocwen filed its Motion for Summary Judgment, however, that Plaintiffs filed pleadings on July 21, 2015, and July 28, 2015 asserting an entirely new theory for them to receive a free house.

### B. The Date of a Rescission Notice is Not Controlling

Plaintiffs alternatively argue that the removal action is "time barred" because they purportedly made a rescission demand in 2013. Plaintiffs' argument fails as a matter of law. Even if a rescission demand was purportedly made in 2013, Plaintiffs' rescission claim was not filed in the state court action, or in action, until July 21, 2015. Removal is governed by 28 U.S.C. § 1446, not by any timeframes set forth in TILA. Under section 1446, the time is measured based on the date of the claim giving rise this Court's jurisdiction.

---

[3] *Bennett v. Ocwen Loan Servicing, LLC*, filed in the state court and removed to this court as Case No. 2:13-cv-243-WCO-JCF. The matter was dismissed with prejudice on April 22, 2015.

5

Likewise, Plaintiffs' suggestion that "Defendants [sic] became aware of our TILA defense" on July 1, 2015, did not trigger a basis for removal. Section § 1446(b)(3) governing the time for removal plainly describes that "an amended pleading, motion, order or other paper" must form the basis for "the case" to be removable. Since filing their initial action two years ago, Plaintiffs acting *pro se* have sent voluminous documents Ocwen, its counsel, third parties, and the court. The mere sending of a TILA rescission notice while litigation is pending is not a sufficient basis for removal. Courts considering such arguments have rejected them. *See Bagshaw v. Management Registry, Inc.*, 2013 WL 2180929, at *2-3 (W.D. Ky. May 20, 2013) (finding defendant could not rely on "'other paper' to craft a federal question which is otherwise non-existent in this case" or incorporate the "other paper" to "redefine the claim and create federal question jurisdiction"); *Lahey v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 2029334, at *2 (M.D. Fla. July 11, 2007) (denying remand and stating that "[i]t is illogical to require a defendant to remove a case to federal court before the removable claim is actually filed").

Contrary to Plaintiffs' position, the case first became removable when Plaintiffs filed their pleading on July 21, 2015, and allowed Ocwen to ascertain that Plaintiffs indeed sought to avail themselves of a federal right under TILA.[4] Any

---

[4] *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 760 (11th Cir. 2010) (quoting *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002)) (noting that 28 U.S.C. § 1446(b)(3) uses the word "ascertained" meaning "to make certain, exact, or precise" or "to find out or learn with

communications occurring before July 21, 2015, are not part of the case and did not create any good faith grounds for removal.

### C. The Removal is timely under the "revival exception"

This case is also subject to the judicially created "revival exception to the thirty-day requirement," under which "a lapsed right to remove an initially removable case" is revived where a pleading has been "amended so substantially as to alter the character of the action and constitute essentially a new lawsuit." *Johnson v. Heublein, Inc.*, 227 F.3d 236, 241 (5th Cir.2000); *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962 (7th Cir. 1982); *Baby Oil, Inc. v. Cedyco Corp.*, 654 F.Supp.2d 508, 513–14 (E.D.La.2009); *Air Starter Components, Inc. v. Molina*, 442 F.Supp.2d 374, 378 (S.D.Tex.2006). Here, the amended pleading[5] filed on July 21, 2015, changed the entire character of the litigation and served to revive Ocwen's right to remove within thirty days as contemplated under 28 U.S.C. § 1446. Ocwen timely exercised its right of removal and the claim is properly before this court.

Indeed, both courts and academic writers have reasoned that this exception should apply only when "an entirely new and different cause of action is filed."

---

certainty" which requires "a greater level of certainty or that the facts supporting removability be stated unequivocally" than the term "set forth" requires in § 1446(b)(1)).

[5] Although not styled as such, Ocwen construes Plaintiffs' July 21, 2015, filing as an amended pleading, or attempted amended pleading, as it only discussed their new claim under TILA.

7

*Johnson*, 227 F.3d. at 241 (quoting *Cliett v. Scott*, 233 F.2d 269, 271 (5th Cir.1956)); 14C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3731 (4th ed. 2008) ("[The exception] seems quite appropriate since a willingness on the part of the defendant to remain in state court to litigate a particular claim should not be interpreted as a willingness to remain in state court to adjudicate an entirely different claim."). Courts in the Eleventh Circuit have recognized this exception. *See Cancel v. Sewell*, Civil Action No. 5:10-cv-273 (CAR), 2011 WL 240132, at *5 (M.D. Ga. Jan. 24, 2011) (finding the revival exception doctrine to be "applicable law in this [11th] Circuit," yet inapplicable to the facts of the case); *Clegg v. Bristol-Myers Squibb Co.*, 285 B.R. 23, 31 (M.D. Fla. 2002) (recognizing the revival exception doctrine).

Here, Plaintiffs have undoubtedly asserted a new and distinct claim for relief under TILA, converting the case from a claim seeking relief arising under state law to a claim seeking relief arising under federal law. Such a radical alteration of the relief sought – based exclusively on a federal statute – allows the defendant to remove the action to a federal forum to interpret the federal right. Other courts considering the issue have denied remand and the undersigned has not located any binding authority the Eleventh Circuit rejecting such reasoning. *See Davis v. Time Ins. Co.*, 698 F.Supp. 1317, 1322 (S.D. Miss. 1988) (denying remand where change in ERISA preemption law created federal question even though the case may have

8

been removable based on diversity when filed); *Craig Food Indus., Inc. v. Taco Time Int'l, Inc.*, 469 F.Supp. 516, 521 (D. Utah 1979) (amended complaint "stated claim arising under federal law, thereby providing a new basis for removal" although the case was originally removable under diversity jurisdiction). If there was ever a case for the revival exception to apply, this is that case. The Notice of Removal should be deemed as timely filed under 28 U.S.C. § 1446 and remand should be denied.

### D. GAFLA is Neither Controlling nor Relevant as to Removal

Although Ocwen's counterclaim is not the basis for removal, Plaintiffs point to a single definition of "creditor" in the Georgia Fair Lending Act (GAFLA), O.C.G. A. § 7-6A-2, as a response to Ocwen's counterclaim. Plaintiffs' read GAFLA out of context and it is not relevant. GAFLA governs a subset of home loans which are deemed "high cost" loans due to their interest rate or points and fees limit. The loan to Cobrey Bennett is not a high cost loan and not subject to GAFLA. Plaintiffs have made no claims alleging GAFLA violations. For purposes of remand, the merits of Defendant's counterclaim is not the issue before the Court. Thus, whether Ocwen is deemed a "creditor" in GAFLA is neither controlling nor relevant for purposes of determining whether removal is timely.

### IV. If remand is warranted, the Court should sever Ocwen's counterclaim for declaratory judgment under TILA and maintain jurisdiction

This Court maintains jurisdiction over this entire action as set forth in Defendant's Notice of Removal and this Response. If, however, the Court were to

9

determine that Plaintiffs' claims arising under the Quiet Title Act should be remanded, the Court should sever Ocwen's counterclaim for declaratory judgment under TILA and retain it as a separate action pursuant to 28 U.S.C. § 1441(c) and Fed.R.Civ.P. 42(b)[6] which provides:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial or one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Ocwen properly pled its claim for declaratory relief as a counterclaim in an abundance of caution, but Ocwen's counterclaim could have been brought as a separate action as arising under a federal question.[7]

The decision to sever a claim is within the Court's broad discretion. *See Bailey v. Board of County Comm'rs of Alachua County, Fla.*, 956 F.2d 1112, 1128 (11th Cir. 1992). Numerous factors support the Court's exercise of discretion in maintaining the claim. First, the counterclaim arises solely under TILA and squarely arises under this Court's original jurisdiction. 28 U.S.C. §§ 1331, 1337(a); (Doc. 16, p. 6, ¶ 4). It is axiomatic that Plaintiffs' claim seeking interpretation of and relief

---

[6] Fed. R. Civ. P. 21 also states that "[t]he court may also sever any claim against a party." Further, 28 U.S.C. § 1441(c) contemplates cases where a non-removable claim is severed from a removable claim where the removal is based on federal questions. The same principle would apply here where Plaintiffs are seeking to avail themselves of a federal right under a federal statute, and related state-based claim could be severed.

[7] Ocwen does not waive any argument that Plaintiffs' TILA allegations should be barred by *res judicata* or collateral estoppel based on the prior dismissal. Again, Ocwen construes Plaintiffs' filings on July 21, 2015, and July 28, 2015, as an amended pleading, although the state court has not issued any ruling regarding the nature of the documents filed.

under a federal statute should be determined by this federal court rather than a state court upon remand.

Second, the interests of convenience and judicial economy, permit this Court to most expeditiously render a final judgment as to whether rescission is proper under TILA. Ocwen's counterclaim (and even Plaintiffs' Motion for Declaratory Judgment arising under TILA) seeks a straightforward determination as to whether Plaintiffs' loan is eligible for rescission under TILA. This Court is infinitely familiar with the underlying loan transaction because of the prior suit between the parties (*Bennett I)* and multiple rulings issued on the bevy of claims and theories set forth in Plaintiffs' attempts to obtain a free house. The TILA rescission claim is properly before this Court and significant judicial resources need not be expended to resolve this new issue.

Finally, by severing the counterclaim and retaining jurisdiction, this Court avoids any prejudice to the parties resulting from remand, including any potential inconsistent rulings or judgments from this court and a state court on the same issue. *See Estate of Amergi ex rel. Amergi v. Palestinia Authority*, 611 F.3d 1350, 1367 (11th Cir. 2010) (affirming motion to sever claims as the court "had a range of choices" to handle the administration of the case); *Formosa v. Lowe's Home Centers, Inc.*, 806 F.Supp.2d 11181, 1191-92 (N.D. Ala. 2011) (trial court has broad discretion to sever claims even for the purpose of retaining jurisdiction); *Gregory v.*

*FedEX Ground Package System, Inc.*, No. 2:10-cv-630, 2012 WL 2396873, at *10 (E.D. Va. May 9, 2012) (courts may sever claims based on "considerations of fundamental fairness, judicial economy, prejudice, undue delay, as well as the dual threat of duplicitous litigation and inconsistent verdicts"). For the foregoing reasons, Ocwen requests the court sever Ocwen's declaratory judgment counterclaim and retain jurisdiction to determine rescission under TILA.

## **Conclusion**

For the above and foregoing reasons, the Court should find that the Notice of Removal is timely and proper before this Court and remand should be denied. Alternatively, even if the Court determines to remand the state claims arising under Georgia's Quiet Title Act, this Court should exercise its discretion to sever Ocwen's counterclaim and maintain jurisdiction of the claim arising under federal law and interpret TILA.

Respectfully submitted this 11th day of September, 2015.

/s/Keith S. Anderson
Keith S. Anderson (GA Bar No. 136246)
Bradley Arant Boult Cummings, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
Email: kanderson@babc.com

A. Michelle Canter (GA Bar No. 108097)

4720 Peachtree Industrial Blvd, #106
Norcross, GA 30071
Telephone: (678) 496-2580
Facsimile: (205) 521-8800
Email: mcanter@babc.com
Attorneys for Defendant/Counter-Plaintiff Ocwen Loan Servicing, LLC

## LR 7.1D CERTIFICATION

I hereby certify that the foregoing was prepared in Times New Roman 14 point as approved by the Court in LR 5.1B.

s/ Keith S. Anderson, Esq.
Keith S. Anderson

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2015, I served a copy of the foregoing via United States Mail, first-class postage prepaid and addressed to her regular mailing address, to the following:

Cobrey and Maryam Bennett
965 Summerfield Drive
Cumming, GA 30040

/s/Keith S. Anderson
Keith S. Anderson