IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| **COBREY BENNETT and MARYAM BENNETT,** ) ) ) | |
| **Plaintiffs,** ) ) | **Civil Action No.: 2:15-cv-170-WCO-JCF** |
| **v.** ) ) | |
| **OCWEN LOAN SERVICING, LLC,** ) ) ) | |
| **Defendant.** ) | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS "REQUEST TO DISMISS THE DEFENDANT'S MOTION FOR REMOVAL"

Defendant and Counter-Plaintiff Ocwen Loan Servicing, LLC ("Ocwen"), by and through its undersigned counsel, files this Response in Opposition to Plaintiffs' "Request to Dismiss the Defendant's Motion for Removal." (Doc. 34). To the extent necessary, this Response in Opposition is filed in response to Plaintiffs' filing as Doc. 38[1] as well. In support whereof, Ocwen states as follows:

### Procedural History

Defendant removed this action to this Court on August 13, 2015. (Doc. 1). Plaintiffs filed a response construed to be a motion to remand and Ocwen filed its

---

[1] Doc. 38 was styled as "Plaintiffs' Reply to the Defendant's Response to Motion Stay" (sic) but is docketed on ECF as a "Motion to Remand." As Plaintiffs' contentions were previously addressed, this Response applies to both documents filed.

1

opposition to the motion to remand. (Docs. 19 and 29). The motion to remand remains pending before this Court. Ocwen's Motion to Dismiss and Motion for Summary Judgment and Plaintiffs' Response are also pending before this Court. On September 18, 2015, Plaintiffs filed their "Request to Dismiss the Defendant's Motion for Removal" (Doc. 34), and on September 28, 2015, their "Reply to the Defendant's Response to Motion Stay" (Doc. 38).

## **Argument and Citation of Authority**

Ocwen has previously set out its arguments as to why Plaintiffs' motion for remand should be denied and incorporates those arguments herein by reference. (*See* Doc. 29). This Court has original jurisdiction over the federal claim arising under the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* (TILA) and supplemental jurisdiction over the related state claims. 28 U.S.C. § § 1331, 1367. Contrary to Plaintiffs' suggestion, Defendant's removal is not premised on any defenses or Ocwen's counterclaim. *See* Notice of Removal, Doc. 1). Rather, the action became removable upon the addition of the federal claim under TILA pursuant to 28 U.S.C. § 1446(b)(3). Plaintiffs continue to misconstrue the scope of this Court's jurisdiction over federal claims. Where a claim and the remedy arise solely under federal law, as does Plaintiffs' TILA claim seeking the remedy of rescission here, this Court has original jurisdiction.

After removal of this action, Plaintiffs have made several filings related to the jurisdictional amount in controversy and Plaintiffs explicitly state that the amount in controversy of their Quiet Title action is for less than the jurisdictional amount and that the initial action was not removable.[2]  (Docs. 34 and 38).

To the extent that Plaintiffs make a contention of a "waiver" by Ocwen, neither TILA nor Regulation Z support such a position.  A lender or assignee maintains the option to grant or deny a rescission request and nothing provides a waiver of defenses should a rescission request be denied.  And to the extent Plaintiffs assert that they did not amend their complaint to assert a claim under TILA, Plaintiffs cannot have it both ways by repeatedly contending for rescission solely under TILA but then attempt to suggest that they are really not making a claim under TILA. Plaintiffs are plainly attempting to avail themselves of relief under a federal statute and the Court has jurisdiction over that federal claim.  Plaintiffs' Quiet Title remedy pursued in state court gives no right to rescission, yet Plaintiffs continue to press forward based on their misunderstanding of the *Jesinoski* decision.[3]

---

[2] *See Burns v. Windsor Ins. Co*., 31 F.3d 1092, 1097 (11th Cir. 1994) (if plaintiff asserts a specific claim for less than the jurisdictional amount, the defendant must prove to a legal certainty that the plaintiff, if she prevailed, would not recover less than the jurisdictional amount).

[3] The recent opinion in *In re Brown*, Case No. 15-12027-RGM, 2015 WL 5586849, at *2-3 (Bankr. E.D. Va. Sept. 21, 2015) provides supplemental authority rejecting Plaintiffs' misreading of *Jesinoski v. Countrywide Home Loans, Inc*., 135 S.Ct. 790 (2015).  The court in *Brown* stated that "[t]he sole issue in [*Jesinoski*] was whether the borrowers timely rescinded the loan, not the effect of the rescission notice on the borrowers' obligations when they rescinded the transaction." *Id*. at *2.  The court went on to state that "there is a difference between giving notice of rescission and determining whether the loan is properly rescinded … Giving notice of rescission does not,

## Conclusion

Defendant respectfully requests that the Court deny Plaintiffs' "Request to Dismiss the Defendant's Motion for Removal" and the relief sought in Plaintiffs' "Reply to the Defendant's Response to Motion Stay," and for further relief as the Court deems just and equitable.

Respectfully submitted this 2nd day of October, 2015.

/s/Keith S. Anderson
Keith S. Anderson (GA Bar No. 136246)
Bradley Arant Boult Cummings, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
Email: kanderson@babc.com

A. Michelle Canter (GA Bar No. 108097)
4720 Peachtree Industrial Blvd, #106
Norcross, GA 30071
Telephone: (678) 496-2580
Facsimile: (205) 521-8800
Email: mcanter@babc.com
Attorneys for Defendant/Counter-Plaintiff Ocwen Loan Servicing, LLC

---

however, mean that the transaction must be unwound." *Id*. at *3.  The court analyzed whether the borrowers had the ability to tender and ultimately held that because the borrowers could not show an ability to tender the TILA rescission allegation was rejected and dismissed.

## **LR 7.1D CERTIFICATION**

I hereby certify that the foregoing was prepared in Times New Roman 14 point as approved by the Court in LR 5.1B.

s/ Keith S. Anderson, Esq.
Keith S. Anderson

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2015, I served a copy of the foregoing via United States Mail, first-class postage prepaid and addressed to her regular mailing address, to the following:

Cobrey and Maryam Bennett
965 Summerfield Drive
Cumming, GA 30040

/s/Keith S. Anderson
Keith S. Anderson

5