IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

COBREY BENNETT and MARYAM    :
BENNETT,    :
   :
       Plaintiffs,    :
   :
v.    :     CIVIL ACTION NO.
   :     2:15-CV-00170-WCO-JCF
OCWEN LOAN SERVICING, LLC,    :
   :
       Defendant.    :

## NON-FINAL REPORT AND RECOMMENDATION

This case is before the Court on Plaintiffs' multiple motions to remand this case to the Superior Court of Forsyth County (Docs. 18, 34, 38) and motions filed by the parties in the state court proceedings prior to Defendant's removal of the action to this Court (*see* Docs. 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 40). For the reasons discussed below, it is **RECOMMENDED** that Plaintiffs' motions to remand be **DENIED**, that Plaintiffs be directed to file an amended complaint, that Defendant be directed to file its responsive pleading and/or motion to Plaintiffs' amended complaint, and that any pending motions filed in state court be **DENIED without prejudice**.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiffs, who are proceeding *pro se*, previously filed suit against Defendant Ocwen Loan Servicing, LLC ("Defendant") asserting several claims arising from a

1

mortgage loan and efforts to enforce a security interest in the real property securing that loan. (*See Bennett v. Ocwen Loan Servicing, LLC*, Civil Action File No. 2:13-CV-243-WCO-JCF ("*Bennett I*"). The Court has dismissed those claims, and that case is now closed. (*See id.*). In May 2014, while that case was still pending, Plaintiffs filed in the Superior Court of Forsyth County, Georgia one or more "Petition(s) To Establish Title Against All The World" against Defendant, seeking to quiet title as to the property at issue in *Bennett I*, i.e., 965 Summerfield Drive, Cumming, Georgia. (*See* Doc. 1-1 at 3-39, Doc. 1-2 at 2-3). Plaintiffs also filed at that time "Motion(s) For Declaratory Judgment & Nuiansce" [sic], setting forth "Counts" for "Nuisance" (Count I) and for "Declaratory Judgment" pursuant to the Georgia Declaratory Judgment Act (Count II). (*See* Doc. 1-1 at 40-47, 52-53). Numerous filings followed, with a number of motions filed by both parties that appear to remain pending (*see* Docs. 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 40), including a motion for summary judgment Defendant filed on July 14, 2015 seeking summary judgment on Plaintiffs' quiet title petition (*see* Doc. 40). On July 21, 2015, Plaintiffs filed a "Motion For Declaratory Judgment & Emergency Injunctive Relief" in which they allege that Defendant has improperly failed to honor their rescission demand pursuant to the federal Truth in Lending Act ("TILA"), and they demand certain relief provided under TILA. (Doc. 1-10 at 98-100). They also filed on that date a response to Defendant's motion for summary

2

judgment in which they claimed that Defendant violated TILA by failing to honor their rescission request. (*See* Doc. 1-10 at 2-71). On July 28, 2015, Plaintiffs filed a "Request For Judgment &/Or Writ of Fi-Fa," in which they assert that Defendant has failed to comply with TILA's rescission provisions and request that the Court enforce Defendant's compliance with TILA, issue a writ of fi.fa., and require Defendant to: return all money paid since the loan origination with interest, remove all negative credit reporting made after Plaintiffs gave notice of rescission, and remove its lien and re-convey title back to Plaintiffs. (Doc. 1-10 at 101-102). Before July 21, 2015, Plaintiffs had not alleged a claim under TILA in the state court action.

On August 14, 2015, Defendant removed the state court action to this Court premised on federal question jurisdiction, i.e., Plaintiffs' July 21, 2015 assertion of a TILA claim. (*See* Doc. 1). Defendant also filed the state court pleadings, motions, and other filings as exhibits to its Notice of Removal. (*See* Docs. 1-1 through 1-10). Plaintiffs then filed a "Reply To The Defendant's Motion For Removal" (Doc. 18), which the Court construed as a motion to remand the case to the state court (*see* Doc. 19). Defendant filed a response to that motion (Doc. 29), and Plaintiffs filed a reply (Doc. 30). Plaintiffs have filed two additional motions which have also been construed as motions to remand the case to state court. (Docs. 34, 38).

## Discussion

### I.   Plaintiffs' Motions To Remand

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction."  *Walker v. Sun Trust Bank of Thomasville, Ga.*, 363 Fed. Appx. 11, 15 (11th Cir. 2010) (unpublished decision) (citing 28 U.S.C. §§ 1331, 1332)).  "Absent diversity of citizenship [pursuant to 28 U.S.C. § 1332], federal-question jurisdiction [pursuant to 28 U.S.C. § 1331] is required."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).   "When determining subject-matter jurisdiction, a court must construe the removal statute narrowly and resolve any uncertainties in favor of remand."   *Ashley v. Bank of Am., N.A.*, No. 1:11-CV-3762-RWS, 2012 WL 2373248, at *2 (N.D. Ga. June 21, 2012) (citing *Burns v. Windsor Ins.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).   "Further, the party seeking removal bears the burden of establishing federal jurisdiction."   *Id.*; *see also Kirkland v. Midland*

4

*Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) ("[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists."). Here, Defendant asserts federal question jurisdiction as the sole basis for its removal of this action.  (*See* Doc. 1-12).

"The well-pleaded complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331," and that rule "governs whether a case is removable from state to federal court pursuant to 28 U.S.C. § 1441(a) . . . ." *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 and n.2 (2002).  The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392.  Furthermore, a defendant's counterclaims, defenses or potential defenses, even if they arise under federal laws or the United States Constitution, are ignored in determining whether a federal question has been raised by the plaintiff's complaint.  *See Holmes Grp.*, 535 U.S. at 831 (explaining that "a counterclaim – which appears as part of the defendant's answer, not as part of the plaintiff's complaint – cannot serve as the basis for 'arising under' jurisdiction"); *Ben. Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("To determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses . . . ."); *Pan Am. Petroleum Corp. v. Superior Court of Del.*, 366 U.S. 656, 663 (1961) (If

the plaintiff does not raise a federal question in the complaint, "it is no substitute that the defendant is almost certain to raise a federal defense"); *Bd. of Educ. of the City of Atlanta v. Am. Fed'n of State, County and Mun. Employees*, 401 F. Supp. 687, 690 (N.D. Ga. 1975) ("Stated simply, a federal district court's original federal question jurisdiction must be posited upon the plaintiff's pleading of his own case, and not by defendant's response or even plaintiff's anticipation of a federal element in that response.").

Defendant concedes that when Plaintiffs originally filed their state court action asserting a state law quiet title claim, this Court would not have jurisdiction and removal would not have been authorized.  (*See* Doc. 1 at 2). But Defendant contends that when Plaintiffs asserted a rescission claim pursuant to TILA, a federal statute, when they filed their July 2015 motion for declaratory judgment and injunctive relief, response to Defendant's motion for summary judgment, and request for judgment and/or writ of fi.fa., the case became removable based on federal question jurisdiction.  (*See* Doc. 1 at 5-7; *see also* Doc. 29 at 1-3).  The undersigned agrees.

28 U.S.C. § 1446(b) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is

one which is or has become removable."   28 U.S.C. § 1446(b)(3) (emphasis added).  In this case, on July 21, 2015 and July 28, 2015, Plaintiffs filed a "Motion For Declaratory Judgment & Emergency Injunctive Relief" and "Request For Judgment &/Or Writ of Fi.Fa" respectively, in which they claimed for the first time in this action that Defendant failed to honor their rescission demand in violation of TILA and they requested relief pursuant to TILA.  (*See* Doc. 1-10 at 98-102).  All of their assertions as to their claims prior to July 2015 related to state law claims, i.e., for quiet title (*see* Doc. 1-1 at 3-39), nuisance and declaratory judgment (*see* Doc. 1-1 at 40-47), and adverse possession (*see* Doc. 1-8 at 30-44, 48-50).  The undersigned finds that by requesting relief under TILA on July 21, 2015 and July 28, 2015, Plaintiffs effectively amended their pleadings to assert a TILA claim. *See* O.C.G.A. § 9-11-15(a) ("A party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order."); *see also Herringdine v. Nalley Equip. Leasing*, 517 S.E. 2d 571, 574 (Ga. App. 1999) (" 'The "title" applied to pleadings is not binding on the court; we judge a pleading[] by its content, not by its name.' " (quoting *Bank of Cumming v. Moseley*, 257 S.E. 2d 278, 278 (Ga. 1979) (internal quotation omitted)).[1]

---

[1] The undersigned acknowledges that courts have held that a motion to amend a pleading to assert a federal claim is insufficient to provide a basis for removal on the ground that "[u]ntil the superior court grants Plaintiff's motion to amend [the] Complaint, there is no basis for removal because until then, Plaintiff's Complaint does not state a federal claim."  *Jackson v. Bluecross & Blueshield of Ga., Inc.*,

Thus, Plaintiffs' July 2015 filings in which they asserted a TILA claim constituted "an amended pleading, motion . . . or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).   Defendant was therefore on notice on July 21, 2015 that Plaintiffs were asserting a federal claim and that the case had become removable; pursuant to § 1446(b)(3), Defendant had 30 days from that date to remove the action.   Defendant filed its Notice of Removal on August 14, 2015, i.e., within 30 days of Plaintiffs' service of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."   28 U.S.C. § 1446(b)(3). Thus, Defendant's removal was timely, and this Court has subject matter jurisdiction based on Plaintiffs' TILA claim asserted in its July 21, 2015 motions.

Plaintiffs contend that this case should be remanded, however, because "Federal Court does not have jurisdiction over actions to Quiet Title," and because the Defendant['s] "request for removal is time barred" in that it was filed more than 30 days after Plaintiffs filed their complaint in May 2014 or after Defendant

---

No. 4:08-CV-49 (CDL), 2008 U.S. Dist. LEXIS 91036, at *8 (M.D. Ga. Nov. 10, 2008).   But in this case, Plaintiffs did not move to amend their complaint to add a TILA claim; they simply asserted their claim in their July 2015 requests for relief. Pursuant to O.C.G.A. § 9-11-15(a), no further court action was necessary to effectuate the amendment of their complaint as no pretrial order had been entered.

filed its counterclaim in April 2015.[2]  (Doc. 18 at 1).   Plaintiffs' contentions are without merit.  First, federal question jurisdiction is based on Plaintiffs' federal TILA claim, not their state law claims(s).  In fact, Plaintiffs repeatedly assert that Defendant violated TILA in their motions to remand and admit they are seeking "equitable & restitutionary remedy of TILA."  (*See* Doc. 18 at 5; Doc. 30 at 1-7; Doc. 38 at 1, 4-9).   "Moreover, under 28 U.S.C. § 1367(a), if an action is removable under federal question jurisdiction, a federal court may exercise supplemental jurisdiction over state law claims that are part of the same 'case or controversy' as the federal claims."  *Hayes v. Bank of N.Y. Mellon*, No. 1:14-CV-00338-TWT-LTW, 2014 U.S. Dist. LEXIS 109134, at *4 (N.D. Ga. June 30, 2014), *adopted by* 2014 U.S. Dist. LEXIS 108518 (N.D. Ga. Aug. 6, 2014).

As to the alleged untimeliness of the removal, Plaintiffs' contentions that Defendant should have removed the case sooner, i.e., within 30 days of the filing of the complaint in May 2014 or within 30 days of the filing of a counterclaim, purportedly in April 2015 (*see* Doc. 18 at 1) are clearly without merit because neither pleading would have supported removal based on federal question jurisdiction.  The May 2014 complaint was premised on a state law claim for quiet title, and the Court does not look to a defendant's counterclaim to determine whether removal based on federal question jurisdiction is proper.  *See Holmes*

---

[2] It is not clear to what "April 2015" counterclaim Plaintiffs refer.  (*See* Doc. 18 at 1).

*Grp.*, 535 U.S. at 831.

Plaintiffs also contend in their motion to remand that Defendant "became aware of our TILA defense on 07/01/15" (Doc. 18 at 1), presumably in an effort to show that Defendant's August 14, 2015 removal was untimely. Plaintiffs do not cite to record support for that allegation, but the undersigned notes that on July 1, 2015, Plaintiffs sent to Defendant's counsel a letter accusing Defendant of violations of TILA and instructing Defendant to "immediately review [Plaintiffs'] case file in critical detail, and determine that [they] have been wronged, . . . and to immediately compensate [Plaintiffs] for their unfortunate loss . . . ." (Doc. 1-10 at 109-12). Plaintiffs indicated that they "hope[d] to resolve this amicably," but that "if there is a failure to compensate [them] for this blatant and callous wrongful foreclosure, [they] reserve[d] the right to take legal action to vindicate the loss of equity." (*Id.* at 112). Defendant's counsel responded to that letter on July 13, 2015, "decline[d Plaintiffs'] request to rescind the loan originated on November 19, 2012," and explained why Defendant believed it "has no obligation to take any action in response to [their] attempted rescission, including any action to reflect any termination of the security interest." (*Id.* at 113). The undersigned finds that Plaintiffs' July 1, 2015 correspondence accusing Defendant of violating TILA or Defendant's July 13, 2015 response do not constitute "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that

the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  The July 1, 2015 letter did not indicate that Plaintiffs were asserting a TILA claim in this case; to the contrary, they indicated they hoped to resolve the issue "amicably," but failing that, they "reserved the right" to seek court intervention.  That is the course they then chose on July 21, 2015, when the case first became removable.  Thus the removal of the case within 30 days of that date was timely.

Accordingly, it is **RECOMMENDED** that Plaintiffs' motions to remand (Docs. 18, 34, 38) be **DENIED**.

## II.  <u>Need To Amend Pleadings And Resolution Of Removed Motions</u>

The undersigned now turns to the current status of this case and the various motions filed during the state court proceedings, which can charitably be described as confounding.  In the first place, as discussed above, Plaintiffs appear to have asserted claims in various petitions, motions, and requests for relief to quiet title, for nuisance, for declaratory judgment, for adverse possession, and for TILA violations.  But this case lacks a single operative complaint that clearly sets forth Plaintiffs' claims and the factual allegations to support those claims.

In addition, the state court pleadings, motions, and other filings—consisting of almost 900 pages—are in some instances confusingly repetitive, disordered or disjointed, potentially incomplete or even missing, and their filing has made it exceedingly difficult if not impossible to determine what motions are actually

pending, whether those motions have been fully briefed, what exhibits correspond to what motions, briefs, etc., and whether the Court has all of the material necessary to decide those motions.[3] (*See generally* Docs. 1-1 through 1-10). The following examples are illustrative (but not exhaustive): Plaintiffs filed two "Motion[s] for Declaratory Judgment & Nuiansce" [sic] in May 2014, but the second one appears to contain only the first page and the signature page (*see* Doc. 1-1 at 40-47, 52-53); the record contains an "Exhibit B" which appears to be a portion of the undersigned's non-final Report and Recommendation issued in *Bennett I*, but it is not clear to what document that exhibit is offered in support (*see* Doc. 1-2 at 4-10); the record contains documents from another state court case, *Dunn v. Dunn*, that appear to have no relevance to this case (*see* Doc. 1-2 at 42-43); the record contains disjointed and unlabeled documents which appear to be exhibits, possibly but not necessarily in support of Plaintiffs' June 20, 2014 response to Defendants' motion to dismiss and motion to quash (*see* Doc. 1-3 at 2-51, Doc. 1-4 at 2-56); certain exhibits appear to have been included twice without explanation (*see, e.g.*, Doc. 1-6 at 2-71); Defendant references Plaintiffs' April 29, 2015 "Petition To Establish Title Against All The World" in answering it (*see* Doc. 1-8 at 2-9), but that petition does not appear to have been included in the record; and Defendant's May 26, 2015 response to Plaintiffs' "Emergency Motion For

---

[3] The undersigned appreciates the Clerk's tremendous efforts in trying to make those determinations and docket the pending motions accordingly.

Permanent Injunction & Declaratory Judgment Of Adverse Possession" consists only of the first page and a certificate of service (*see* Doc. 1-8 at 45-46).

The filing of Defendant's motion for summary judgment is a particularly good example of the treacherous footing one can expect to encounter when wading into these motions.  When filed as an exhibit to Defendant's Notice of Removal, the brief and exhibits were out of order and broken up by other case materials, in particular Plaintiffs' response to the motion, giving the impression that portions were missing (*see* Doc. 1-8 at 51-56, Doc. 1-9 at 2-166, Doc. 1-10 at 72-97) and prompting the Court to direct Defendant to re-file the entire motion.  (*See* Docs. 39, 40).  Plaintiffs' response (or "reply") to the motion for summary judgment (in which they raise a TILA claim but do not respond to Defendant's arguments) was imbedded between portions of Defendant's motion (*see* Doc. 1-10 at 2-71) and has not been separately docketed in this case as their response to the motion.  Instead, a document titled "Objection To Order Issued Regarding Recusal & Motion For New Trial," a copy of which Plaintiffs also filed in *Bennett I*, is filed as Plaintiffs' response to the motion for summary judgment, based on Plaintiffs' notation to the Clerk that "This can also be used as the answer to the MSJ in 2:15-CV-170." (Docs. 27, 27-1).  That "response," like Plaintiffs' response filed in state court, also fails to respond to Defendant's summary judgment arguments.

Rather than continue to try (without much success) to make sense of the

contours and substance of Plaintiffs' claims and the parties' motions and related filings as they are currently set out, the undersigned **RECOMMENDS** the following in order to meet the Court's obligations to control its docket and promote the coherent and orderly administration of justice: (1) Plaintiffs be directed to file an amended complaint, **no later than 14 days** after the date of the District Judge's order denying[4] Plaintiff's motions to remand, in which they set forth all of their claims and requests for relief they assert in this action, including their factual allegations in support of those claims; (2) Defendant be directed to file its responsive pleading (e.g., answer, counterclaim, etc.) and/or responsive motion **no later than 14 days** after Plaintiffs file their amended complaint; and (3) all other motions filed during the pendency of the state court proceedings (*see* Docs. 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 40)[5] be **DENIED without prejudice** to the parties' right to file such motions in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court after Plaintiffs amend their complaint.

## <u>CONCLUSION</u>

It is **RECOMMENDED** that Plaintiffs' motions to remand (Docs. 18, 34, 38) be **DENIED.**  It is further **RECOMMENDED** that Plaintiffs be **DIRECTED**

---

[4] If the District Judge grants the motion to remand, then no further action will occur in this Court.

[5] The parties have not provided this Court with Orders showing that those motions were resolved during the state court proceedings.  If the state court did rule on any of those motions, the parties will have the opportunity to bring those decisions to the Court's attention in response to this Report and Recommendation.

to file an amended complaint within 14 days of any Order denying their motions to remand; that Defendant be **DIRECTED** to file its response to Plaintiffs' amended complaint (by responsive pleading and/or motion) within 14 days of the filing of the amended complaint, and that the parties' motions filed in state court (Docs. 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 40) be **DENIED without prejudice**.

     **IT IS SO REPORTED AND RECOMMENDED** this 5th day of October, 2015.

     /s/ *J. CLAY FULLER*
     J. CLAY FULLER
     United States Magistrate Judge