IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| COBREY BENNETT, et al., | : |
| | : |
| Plaintiffs, | : |
| | : CIVIL ACTION FILE |
| v. | : NO.: 2:15-CV-170-WCO-JCF |
| | : |
| OCWEN LOAN SERVICING, LLC., | : |
| | : |
| Defendant. | : |

## ORDER

This case is before the undersigned magistrate judge on Plaintiffs' "Motion To Recusal Due To Conflict Of Interest." (Doc. 46). For the reasons discussed below, to the extent the motion seeks the recusal of the undersigned, it is **DENIED.**

28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also* 28 U.S.C. § 455(b) (providing that a judge "shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party . . . ."[1]). "In keeping with the aim of ' "promot[ing] confidence in the

---

[1] The other provisions of § 455(b) are not implicated in this case.

1

judiciary by avoiding even the appearance of impropriety whenever possible," ' *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 . . . (1988)), recusal under § 455(a) turns on 'whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality.' " *In re Moody*, 755 F.3d 891, 894 (11th Cir. 2014) (quoting *United States v. Scrushy*, 721 F.3d 1288, 1303 (11th Cir. 2013)). " '[A]ny doubts must be resolved in favor of recusal.' " *In re Moody*, 755 F.3d at 895 (quoting *Patti*, 337 F.3d at 1321). "Nevertheless, 'there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is.' " *In re Moody*, 755 F.3d at 895 (quoting *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992)). "Indeed, 'a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation.' " *In re Moody*, 755 F.3d at 895 (quoting *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986)).

Here, Plaintiffs appear to assert as the basis for their request that the undersigned judge recuse himself their dissatisfaction with rulings and recommendations on various matters in this case as well as a previously filed case, *Bennett et al. v. Ocwen Loan Servicing, Inc.*, 2:13-CV-243-WCO-JCF. (*See* Doc.

46). They also accuse the undersigned of misconduct, including "helping Ocwen and [Ocwen's counsel] to use the civil process to abuse and further victimize [Plaintiffs]," engaging in criminal activity, and threatening and retaliating against Plaintiffs. (*Id.*). They have not shown that recusal is warranted.

In the first place, adverse rulings are insufficient to call into question a judge's impartiality and do not support recusal under § 455. *See, e.g.*, *Moore v. Shands Healthcare, Inc.*, No. 14-14202, 2015 U.S. App. LEXIS 9291, at *5 (11th Cir. June 4, 2015) (unpublished decision) ("Moore moved for a recusal based on his dissatisfaction with the rulings of the district court, but adverse rulings provide grounds for an appeal, not a recusal." (citing *Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994)). "The Supreme Court has held that where a judge's challenged actions 'consist[ed] of judicial rulings, routine trial administration efforts, and ordinary admonishments (*whether or not legally supportable*) to counsel and to witnesses,' these actions were not sufficient to require a judge to recuse [himself] under § 455." *Bevan v. Durling*, 243 Fed. Appx. 458, 461 (11th Cir. 2007) (quoting *Liteky v. United States*, 510 U.S. 540, 556 (1994)). As found in *Liteky*, all of the challenged actions in this case "occurred in the course of judicial proceedings, *and* neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would

3

render fair judgment impossible." *Liteky*, 510 U.S. at 556.  Moreover, Plaintiffs' conclusory and baseless allegations of bias, conflict of interest, and misconduct (including alleged criminal violations) are wholly insufficient to support their recusal motion.  *See In re Moody*, 755 F.3d at 895 (explaining that "a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation" (internal quotation omitted)).

In conclusion, the undersigned finds that "no objective, reasonable person could question the [undersigned's] impartiality, because each order [and report and recommendation] articulated a legitimate legal basis for the action." *Kennedy v. BellSouth Telecomms., Inc.*, 546 Fed. Appx. 817, 819 (11th Cir. 2013) (unpublished decision).  Accordingly, Plaintiffs' motion to recuse the undersigned magistrate judge is **DENIED**.

In their motion for recusal, the Plaintiffs also seek recusal of the assigned district judge.  That part of the motion remains pending even though this Order resolves the motion as it relates to the assigned magistrate judge.  In order to allow the assigned district judge to consider the recusal motion, the Clerk is **DIRECTED** to submit Plaintiffs' motion to recuse the assigned district judge to him for his consideration.

**IT IS SO ORDERED** this 8th day of October, 2015.

          /s/ *J. CLAY FULLER*
          J. CLAY FULLER
          United States Magistrate Judge