IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| **COBREY BENNETT and** | ) | |
| **MARYAM BENNETT,** | ) | Civil Action No.: 2:15-cv-170-WCO-JCF |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | Civil Action No.: 2:15-cv-216-WCO-JCF |
| **v.** | ) | |
| | ) | |
| **OCWEN LOAN SERVICING,** | ) | Civil Action No.: 2:15-cv-217-WCO-JCF |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT OCWEN LOAN SERVICING, LLC'S MOTION TO CONSOLIDATE CASES AND MEMORANDUM IN SUPPORT THEREOF**

Defendant Ocwen Loan Servicing, LLC ("Ocwen") hereby submits this Motion to Consolidate, and Memorandum in Support Thereof, the above-styled actions for all purposes, including trial, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

### I.   Introduction

*Pro se* Plaintiffs Cobrey and Maryam Bennett ("Plaintiffs") have multiple pending actions against the same Defendant, Ocwen, regarding the same facts, the same real property. The actions seek the same relief, in part, related to claims for relief under the federal Truth in Lending Act (TILA). A consolidation of the

multiple cases will prevent inconsistency and a waste of judicial resources, as well as give finality to any dispute between the parties.

### A. Procedural Overview – Bennett I and II

Plaintiffs have actually now filed *four* actions against Ocwen. Plaintiffs' first action, styled as *Cobrey Bennett and Maryam Bennett v. Ocwen Loan Servicing, LLC*; Case No. 2:13-cv-243-WCO-JCF ("Bennett I"), was dismissed with prejudice when the Court granted Defendant Ocwen's Motion for Summary Judgment on April 22, 2015. (*See* Case No. 2:13-cv-243, Docs. 118, 119). Plaintiffs appealed this Court's judgment to the Eleventh Circuit as Appeal No. 15-12164-F, and the Appeal was dismissed on August 10, 2015, for failure to pay the filing and docketing fees. (*See id.*, Doc. 136).

Plaintiffs filed a second action against Ocwen on or about May 7, 2014, in the Superior Court of Forsyth County, Georgia, under Civil Action No. 14CV-0891-2. The matter was removed to federal court on August 13, 2015, and is currently before the Court as Civil Action No. 2:15-cv-170-WCO-JCF ("Bennett II"). On October 5, 2015, Magistrate Judge Fuller issued a Report and Recommendation to deny Plaintiffs' Motion to Remand and for Plaintiffs to file an amended complaint in the second action after the District Judge's order relating to the Report and Recommendation. (*See* Civil Action No. 2:15-cv-170-WCO-JCF, Doc. 44). The

second action sought relief under TILA.  On October 23, 2015, before the District Judge had ruled on the pending Report and Recommendation, Plaintiffs filed an amended complaint, styled as a "Plaintiffs' Amended Complaint for Declaratory Judgment For Prescriptive Title OCGA § 44-5-161 & OCGA § 44-5-144."  (Civil Action No. 2:15-cv-170-WCO-JCF, Doc. 48).

### B. Bennett III and Bennett IV filed while Bennett II remains pending

On October 7, 2015, Plaintiffs filed a *third* action in the Superior Court of Forsyth County, Georgia, Civil Action No. 15CV-2019-2, styled as "Declaratory Judgment for Prescriptive Title OCGA § 44-5-161 & OCGA § 44-5-144 & Emergency Injunctive Relief." Defendant properly removed that case to this Court on October 28, 2015.  (Civil Action No. 2:15-cv-00216-WCO-JCF, Doc. 1).  In the third action ("Bennett III"), Plaintiffs assert specific claims arising from the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. (TILA) and specifically arising from their interpretation of TILA's right of rescission.

Also on or about October 7, 2015, Plaintiffs filed a *fourth* action in the Magistrate Court of Forsyth County, Georgia, under Case No. 15MGC-2047, where Plaintiffs described their claim as one for "TILA & RESPA violations." Their "Statement of Claim" filed with the Magistrate Court of Forsyth County lists the "Type of Claim" as "TILA & RESPA violations."  (Civil Action No. 2:15-cv-217-

WCO-JCF, Doc. 1, Exh. A).  Further, Plaintiffs' narrative description of their claim in magistrate court alleges violations of TILA and the Real Estate Settlement and Procedures Act (RESPA), 12 U.S.C. § 2605, *et seq*.  (*Id*.).  Defendant properly removed the fourth action ("Bennett IV") to this Court on October 28, 2015.  (Civil Action No. 2:15-cv-217-WCO-JCF, Doc. 1).

All the actions directly relate to the same Promissory Note and Security Deed, as well as the same real property and point to Ocwen's loan servicing practices. Plaintiffs further make specific claims in each action for violation of the federal Truth in Lending Act related to the origination of the loan.  Based on the unity of the facts, parties, the relief sought under federal statutes, and applicable law in the multiple cases, Ocwen hereby moves to consolidate Bennett III (Civil Action No. 2:15-cv-00216-WCO-JCF) and Bennett IV (Civil Action No. 2:15-cv-217-WCO-JCF) with Bennett II (Civil Action No. 2:15-cv-170) for all purposes, including trial.

## II.   Law & Argument

Rule 42(a) of the Federal Rules of Civil Procedure states in pertinent part:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Consolidation pursuant to Rule 42(a) "is permissive and vests a purely discretionary power in the district court." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1985) (internal citations omitted). District Courts in the Eleventh Circuit are "encouraged … to make good use of Rule 42(a) … in order to expedite the trial and eliminate unnecessary repetition and confusion." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985); *see also*, *Hennington v. Greenpoint Mortg. Funding, Inc.*, No. 1:09-cv-676-RWS, 2009 WL 1372961 *2 (N.D. Ga. May 15, 2009) (granting consolidation due to common questions of law and fact); *Diamond Power Intern, Inc. v. Davidson*, 2007 WL 4373128 *2 (N.D. Ga. Dec. 10, 2007) (granting consolidation to advance judicial efficiency and prevent risk of inconsistent adjudications); *Melgarejo v. Nationstar Mortg., LLC*, Civil Action No. 1:12-cv-1494-RWS, 2012 WL 5077363, at *1-2 (N.D. Ga. Oct. 17, 2012) (consolidating multiple cases filed by a borrower).

Plaintiffs' multiple actions involve the same facts and similar legal questions relating to the validity of the mortgage loan and the enforceability of the Note and Security Deed, with claims based on federal law. Because the questions of fact and law are virtually identical, Ocwen should not be forced to defend itself in duplicative lawsuits. Consolidating the multiple actions will eliminate the risk of prejudice and possible confusion, eliminate the possibility of inconsistent adjudication of common

factual and legal issues, and lessen the burden on the parties, witnesses, and judicial resources.

The Court has already recognized the potential for inconsistent rulings as outlined in Magistrate Judge Fuller's Report and Recommendation whereby the Court recommended the Plaintiffs file an Amended Complaint to clarify the claims asserted and the relief sought.  (Civil Action No. 2:15-cv-170, Doc. 44).

### III.   Conclusion

Ocwen respectfully requests this Court to enter an Order consolidating the above-referenced cases.  Civil Action Nos. 2:15-cv-00216-WCO-JCF and 2:15-cv-217-WCO-JCF should be consolidated with Civil Action No. 2:15-cv-170-WCO-JCF, and Civil Action Nos. 2:15-cv-00216-WCO-JCF and 2:15-cv-217-WCO-JCF should be administratively closed.

Respectfully submitted this 28th day of October, 2015.

                Bradley Arant Boult Cummings, LLP

                /s/Keith S. Anderson
                Keith S. Anderson (GA Bar No. 136246)
                One Federal Place
                1819 Fifth Avenue North
                Birmingham, Alabama 35203
                Telephone: (205) 521-8000
                Facsimile: (205) 521-8800
                Email: kanderson@babc.com

                A. Michelle Canter (GA Bar No. 108097)
                4720 Peachtree Industrial Blvd, #106
                Norcross, GA 30071
                Telephone: (678) 496-2580
                Facsimile: (205) 521-8800
                Email: mcanter@babc.com
                Attorneys for Defendant Ocwen Loan Servicing, LLC

## CERTIFICATE OF COMPLIANCE

      Pursuant to Local Rule 7.1(D), the undersigned certifies that this document has been prepared in accordance with Local Rule 5.1(B).

                /s/Keith S. Anderson

## CERTIFICATE OF SERVICE

      I hereby certify that on October 28, 2015, I served a copy of the foregoing via United States Mail, first-class postage prepaid and addressed to the following:

      Cobrey and Maryam Bennett
      965 Summerfield Drive
      Cumming, GA 30040

                /s/Keith S. Anderson