# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| COBREY BENNETT and MARYAM BENNETT, | : | |
| | : | CIVIL ACTION NO. |
| | : | 2:15-cv-170-WCO-JCF |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 2:15-cv-216-WCO-JCF |
| | : | |
| OCWEN LOAN SERVICING, LLC, | : | CIVIL ACTION NO. |
| | : | 2:15-cv-217-WCO-JCF |
| Defendant. | : | |

## **ORDER**

This dispute between borrowers and their lender, once thought to be finally laid to rest for eternity, now spawns what threatens to become a legion of zombie-cases emerging not from the grave, but from the courts of Forsyth County. These actions are before the undersigned on Defendant Ocwen Loan Servicing, LLC's Motions To Consolidate[1] and Motions To Stay.[2]

## BACKGROUND

Resolution of these motions requires familiarity with four cases, each featuring the same parties, the same loan, and the same piece of property. In 2013,

---

[1] *Bennett v. Ocwen Loan Servicing*, 2:15-cv-170, Doc.49; *Bennett v. Ocwen Loan Servicing*, 2;15-CV-216, Doc. 4; *Bennett v. Ocwen Loan Servicing*, 2:15-CV-217, Doc. 3.
[2] *Bennett v. Ocwen Loan Servicing*, 2:15-cv-170, Doc.50; *Bennett v. Ocwen Loan Servicing*, 2;15-CV-216, Doc. 5; *Bennett v. Ocwen Loan Servicing*, 2:15-CV-217, Doc. 4.

1

Plaintiffs filed a lawsuit against Defendant, *Bennett v. Ocwen Loan Servicing*, 2:13-cv-243, ("*Bennett I*"), which was terminated in favor of Defendant by a judgment entered on April 22, 2015. (*Bennett I*, Doc. 119). Plaintiffs appealed to the Eleventh Circuit and their appeal was dismissed for want of prosecution by Order of August 10, 2015. (*See Bennett I*, Doc. 136).

While *Bennett I* was pending, Plaintiffs filed another case concerning the same property against Ocwen in the Superior Court of Forsyth County, Georgia. *Bennett v. Ocwen Loan Servicing*, 2:15-cv-170, ("*Bennett II*"). After Plaintiffs raised a federal TILA claim in that case, Defendant removed it to this Court. (*Bennett II*, Doc. 1). On October 5, 2015, the undersigned entered a Report and Recommendation which recommended that Plaintiffs' motion to remand be denied because they had raised a federal claim in the state court case, and also recommending that Plaintiffs should be directed to file an amended complaint if the District Judge adopted the Report and Recommendation.[3] (*Bennett II*, Doc. 44).

Plaintiffs did not object to the Report and Recommendation, which remains pending before the District Judge. Instead, within days of the entry of the Report and Recommendation Plaintiffs filed two more lawsuits in Forsyth County. One,

---

[3] Rather than waiting for the District Judge to consider the Report and Recommendation as directed, without seeking leave of court Plaintiffs filed an amended complaint (again raising a federal claim). (*See Bennett II*, Doc. 48).

filed in the Superior Court of Forsyth County, was removed to this Court on October 28, 2015. *Bennett v. Ocwen Loan Servicing*, 2:15-cv-216 ("*Bennett III*"). The "Complaint" in that case is captioned as a "Motion For Declaratory Judgment" and it essentially takes exception with the undersigned's Report and Recommendation in *Bennett II*. At its essence, *Bennett III* is an effort to advance claims under TILA which are at issue in *Bennett II*.

But the Forsyth County Superior Court case was not the only case Plaintiffs filed after the Report and Recommendation was issued. Plaintiffs filed a case in the Magistrate Court of Forsyth County which was removed to this Court by Ocwen on October 28, 2015. *Bennett v. Ocwen Loan Servicing*, 2:15-cv-217 ("*Bennett IV*"). In that case, Plaintiffs allege, among other things, "We are filing this lawsuit to collect damages due to [] violations of TILA and RESPA . . . ." (*See Bennett IV*, Doc. 1-1 at 1).

## DISCUSSION

Defendant seeks to have these cases consolidated and ask to be excused from responding to any of Plaintiffs' filings until such time as the District Judge rules on the currently pending Report and Recommendation.

### I.     Consolidation

Rule 42 controls the consolidation issue and provides as follows:

(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:

3

>    (1) join for hearing or trial any or all matters at issue in the actions;
>    (2) consolidate the actions; or
>    (3) issue any other orders to avoid necessary cost or delay.

FED. R. CIV. P. 42 (a). While here Defendant has filed a motion, "The law is clear that district courts are authorized to consolidate cases for trial *sua sponte,* without a motion from the parties." *Pigott v. Sanibel Dev., LLC*, No. CIV.A. 07-0083-WS-C, 2007 WL 3245019, at *1 (S.D. Ala. Nov. 1, 2007). Thus, the undersigned will exercise his discretion and consider this issue without awaiting a response from Plaintiffs. Additionally, a decision on consolidation is a non-dispositive ruling, so the undersigned may resolve this issue by order. *Carcaise v. Cemex, Inc.*, 217 F. Supp. 2d 603, 604 (W.D. Pa. 2002) (citing *Trafalgar Power, Inc. v. Aetna Life Ins. Co.,* 131 F. Supp. 2d 341, 343 (N.D.N.Y.2001) (motion for consolidation is one for "non-dispositive relief")).

Rule 42 "codifies a district court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Young v. City of Augusta,* 59 F.3d 1160, 1168 (11th Cir.1995) (internal quotations omitted). Although the decision to consolidate cases is committed to the sound discretion of the trial court, *id.* (Rule 42(a) "is permissive and vests a purely discretionary power in the district court.") (quotations omitted)); *Hendrix v. Raybestos–Manhattan, Inc.,* 776 F.2d 1492, 1495 (11th Cir.1985) ("A district court's decision under Rule 42(a) is purely

4

discretionary."), that discretion is not without limits. As the text of Rule 42(a) makes clear, a trial court may consolidate cases only when (1) the actions involve a common question of law or fact and (2) they are pending before the same court. FED. R. CIV. P. 42(a); *see Hargett v. Valley Fed. Sav. Bank,* 60 F.3d 754, 765 (11th Cir.1995); *In re Consol. Parlodel Lit.,* 182 F.R.D. 441, 444 (D.N.J.1998) ("A common question of law or fact shared by all of the cases is a prerequisite for consolidation.").

Where the common question of law or fact requirement has been satisfied, trial courts in the Eleventh Circuit are "encouraged ... to 'make good use of Rule 42(a) ... in order to expedite the trial and eliminate unnecessary repetition and confusion.' " *Hendrix,* 776 F.2d at 1495 (quoting *Dupont v. S. Pac. Co.,* 366 F.2d 193, 195 (5th Cir.1966)). But, "the mere existence of common issues, although a prerequisite to consolidation, does not mandate a joint trial." *Cedar–Sinai Med. Ctr. v. Revlon, Inc.,* 111 F.R.D. 24, 32 (D.Del.1986). Rather, in determining whether consolidation is appropriate, the court must assess " 'whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.' " *Hendrix,* 776 F.2d

5

at 1495 (quoting *Arnold v. E. Air Lines, Inc.,* 681 F.2d 186, 193 (4th Cir.1982)). Thus, even though "consolidation may enhance judicial efficiency, '[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial.' " *In re Repetitive Stress Injury Litig.,* 11 F.3d 368, 373 (2d Cir.1993) (quoting *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1285 (2d Cir.1990)). The party seeking consolidation bears the burden of establishing that consolidation under Rule 42(a) is appropriate. *In re Repetitive Stress Injury Litig.,* 11 F.3d at 373; *Servants of Paraclete, Inc. v. Great Am. Ins. Co.,* 866 F. Supp. 1560, 1572 (D.N.M.1994); *Powell v. Nat. Football League,* 764 F. Supp. 1351, 1359 (D.Minn.1991).

  Here, the cases involve the same parties, the same loan, and the same property. The claims involve Plaintiffs' TILA claim which was asserted in *Bennett II* and resulted in the removal of that case to this Court. The recently filed cases of *Bennett III* and *Bennett IV* both simply reflect Plaintiffs' attempts to circumvent the jurisdiction of this Court to assert in state court the TILA claim the undersigned concluded was properly removed to this Court. (*See Bennett II*, Doc. 44). Under these circumstances, where the Plaintiff has essentially raised the same claim in three different lawsuits before this Court, there can be no dispute that common questions of law or fact exist, and therefore consolidation of these cases is appropriate. Defendants' Motions For Consolidation are due to be granted.

## II.     Motion To Stay Responsive Pleading Deadline And Filing Restriction

Ocwen also seeks to stay any deadlines to respond to pleadings. (*Bennett II*, Doc. 50, *Bennett III*, Doc. 5, *Bennett IV*, Doc. 4). As the undersigned has already laid out an orderly manner for this case to proceed in *Bennett II*, it would be inefficient and wasteful for Defendant to have to respond to any pleadings filed in *Bennett III* or *Bennett IV*. If the District Judge adopts the Report and Recommendation in *Bennett II*, then Plaintiffs will be allowed to file an amended complaint containing all[4] their claims and Defendant can respond to that complaint.

In seeking a stay, Defendants also assert that the recent repeated filing of new actions justifies the undersigned renewing the "filing freeze" imposed by the District Judge in *Bennett I*. (*See Bennett I*, Doc. 112 at 7 ("Plaintiffs are hereby ENJOINED from filing any additional pleadings or other filings in this case without first obtaining leave from the magistrate judge")). In *Bennett I*, the undersigned stopped just short of recommending sanctioning Plaintiffs because Plaintiffs had not been warned that filing multiple lawsuits or making frivolous arguments could result in sanctions. (*Id.,* Doc. 115 at 23-24). Those warnings have now been repeatedly made, but not heeded. In that Report and Recommendation, the undersigned recommended that "Plaintiffs be advised that

---

[4] Technically, Plaintiffs appear not to assert any different or new claims in *Bennett III* or *Bennett IV*, as their steadfast insistence that the undersigned's rulings in *Bennett II* are incorrect are not really "claims."

7

filing any additional complaints regarding the mortgage in this case, either originating in this Court or properly removed by a defendant to this Court will likely result in the imposition of sanctions, possibly including monetary sanctions." (*Id.* at 24). In adopting that Report and Recommendation, the District Judge added "plaintiffs are advised that initiating or maintaining identical or similar claims in the future will likely result in significant sanctions." (*Bennett I*, Doc. 118 at 7).

Plaintiffs should be familiar with the idea that failing to heed warnings from a court can result in a case being dismissed, because they have already had claims dismissed for doing just that. In a prior case, overly aggressive and irresponsible conduct from these Plaintiffs caused the Seventh Circuit to conclude "despite notice, warning, and ample opportunity to cure, Bennett obstinately persisted, showed no prospect of obedience, and furnished no sound excuse for her intransigence." *Bennett v. Bayer Healtcare Pharm., Inc.*, 577 Fed. Appx. 616, 618 (7th Cir. 2014) (affirming trial court order dismissing Plaintiffs' claims for willful defiance of court order).

Bennett's conduct in these actions mirrors the failed conduct in the prior case including "flood[ing] the court with motions," and seeking recusal when faced with adverse rulings. *Id.* at 617. The undersigned's decision in *Bennett II* provides Plaintiffs a way to attempt to advance any claims they view as viable in light of the Court's earlier rulings. Plaintiffs are hereby **WARNED**, however, that this Court

has been abundantly clear that any attempts to advance claims disposed of by the prior action in state or federal court may result in significant sanctions. Rather than enter a unilateral filing restriction at this time, this matter is hereby **STAYED** pending the District Judge's consideration of the Report and Recommendation filed in *Bennett II*. Aside from an appeal of this Order as allowed by law, neither party may file any motion, notice, or other paper in this case without first seeking leave from the undersigned to do so. If, despite the repeated warnings from this Court, Plaintiffs file additional cases in state court which are properly removable to this Court concerning the mortgage at issue, they do so at the risk of significant sanctions.

## CONCLUSION

Ocwen's Motions for Consolidation[5] are **GRANTED.** The Court **DIRECTS** the Clerk to **CONSOLIDATE** these actions under Civil Action No. 2:15-cv-170-WCO-JCF and to **ADMINISTRATIVELY CLOSE** Civil Actions No. 2:15-216-WCO-JCF and 2:15-cv-217-WCO-JCF.

Ocwen's Motions To Stay[6] are **GRANTED in part.** The action, now so consolidated, is **STAYED** pending the District Judge's review of the undersigned's

---

[5] *Bennett v. Ocwen Loan Servicing*, 2:15-cv-170, Doc.49; *Bennett v. Ocwen Loan Servicing*, 2;15-CV-216, Doc. 4; *Bennett v. Ocwen Loan Servicing*, 2:15-CV-217, Doc. 3.
[6] *Bennett v. Ocwen Loan Servicing*, 2:15-cv-170, Doc.50; *Bennett v. Ocwen Loan Servicing*, 2;15-CV-216, Doc. 5; *Bennett v. Ocwen Loan Servicing*, 2:15-CV-217, Doc. 4.

Report and Recommendation in *Bennett II*.

**IT IS SO ORDERED** this 30th day of October, 2015.

    /s/ *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge