IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| **COBREY BENNETT and MARYAM BENNETT,** | ) ) ) | |
| **Plaintiffs,** | ) ) ) | **Civil Action No.: 2:16-cv-00014-WCO-JCF** |
| **v.** | ) ) | **Civil Action No.: 2:15-cv-170-WCO-JCF** |
| **OCWEN LOAN SERVICING,** | ) ) | |
| **Defendant.** | ) | |

**DEFENDANT OCWEN LOAN SERVICING, LLC'S MOTION TO CONSOLIDATE CASES AND MEMORANDUM IN SUPPORT THEREOF**

Defendant Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant") hereby submits this Motion to Consolidate, and Memorandum in Support Thereof, Civil Action Nos. 2:15-cv-170-WCO-JCF and 2:16-cv-00014-WCO-JCF for all purposes, including trial, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Ocwen also requests that the Court issue an injunction order as a sanction against Plaintiffs' continued filings of separate actions.

## I.     Introduction

Despite this Court's warning, *pro se* Plaintiffs Cobrey and Maryam Bennett ("Plaintiffs") have, once again, filed another separate action against the same Defendant, Ocwen, regarding the same facts, the same loan, and the same real

- 1 -

property in an attempt to circumvent this Court's authority over this matter. The action seeks the same relief, in part, under the federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. (TILA). Defendant moves to consolidate Civil Action No. 2:16-cv-00014-WCO-JCF with the already-pending Civil Action No. 2:15-cv-170-WCJ-JCF to prevent inconsistency and a waste of judicial resources, as well as give finality to any dispute between the parties.

### A. Procedural Overview – Bennett I and II

Plaintiffs have actually now filed *five* actions against Ocwen. Plaintiffs' first action, styled as *Cobrey Bennett and Maryam Bennett v. Ocwen Loan Servicing, LLC*; Case No. 2:13-cv-243-WCO-JCF ("Bennett I"), was dismissed with prejudice when the Court granted Defendant Ocwen's Motion for Summary Judgment on April 22, 2015. (*See* Civil Action No. 2:13-cv-243, Docs. 118, 119). Plaintiffs appealed this Court's judgment to the Eleventh Circuit as Appeal No. 15-12164-F, and the Appeal was dismissed on August 10, 2015, for failure to pay the filing and docketing fees. (*See id.*, Doc. 136).

Plaintiffs filed a second action against Ocwen on or about May 7, 2014, in the Superior Court of Forsyth County, Georgia, under Civil Action No. 14CV-0891-2. The matter was removed to federal court on August 13, 2015, and is currently before the Court as Civil Action No. 2:15-cv-170-WCO-JCF ("Bennett II"). On December

10, 2015, the Court issued its order adopting the Report and Recommendation denying Plaintiff's Motion to Remand.  (Doc. 52).

### B. Bennett III and Bennett IV consolidated with Bennett II

On October 7, 2015, Plaintiffs filed a *third* action in the Superior Court of Forsyth County, Georgia, Civil Action No. 15CV-2019-2, styled as "Declaratory Judgment for Prescriptive Title OCGA § 44-5-161 & OCGA § 44-5-144 & Emergency Injunctive Relief." Defendant properly removed that case to this Court on October 28, 2015.  (Civil Action No. 2:15-cv-00216-WCO-JCF, Doc. 1).  In the third action ("Bennett III"), Plaintiffs asserted specific claims arising from the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. (TILA) and specifically arising from their interpretation of TILA's right of rescission.

Also on or about October 7, 2015, Plaintiffs filed a *fourth* action in the Magistrate Court of Forsyth County, Georgia, under Case No. 15MGC-2047, where Plaintiffs described their claim as one for "TILA & RESPA violations." Their "Statement of Claim" filed with the Magistrate Court of Forsyth County lists the "Type of Claim" as "TILA & RESPA violations."  (Civil Action No. 2:15-cv-217-WCO-JCF, Doc. 1, Exh. A). Defendant properly removed the fourth action ("Bennett IV") to this Court on October 28, 2015.  (Civil Action No. 2:15-cv-217-WCO-JCF, Doc. 1).

Defendant then moved to consolidate Bennett III and IV with Bennett II. (Civil Action No. 2:15-cv-170, Doc. 49). On October 30, 2015, the Court issued an order to consolidate Bennett III and IV with Bennett II and administratively close Bennett III and IV. (Doc. 51).

### C. Bennett V filed while Bennett II remains pending and after the Court's October 30, 2015, Order

On December 21, 2015, Plaintiffs filed a *fifth* action in the Superior Court of Forsyth County, Georgia, under Civil Action No. 15CV-2473-2, styled as "Motion for New Trial/Remand & Default Judgment with Prejudice," which was construed as a Complaint ("Bennett V"). On or about the same date that Plaintiffs filed their "Motion for New Trial/Remand & Default Judgment with Prejudice," they also filed a "Motion for Declaratory Judgment for Prescriptive Title, Declaratory Judgment for the Color of Title, Nuisance, Interference of Enjoyment of Property Rights, & Emergency Premenent [sic] Injunctive Relief," with multiple attachments, which was identical to Plaintiffs' filing in Civil Action No. 2:15-cv-170-WCO-JCF on December 21, 2015 (Doc. 53). (*See* Civil Action No. 2:16-cv-00014-WCO-JCF, Doc. 1-1, p. 43 of 95). On December 21, 2015, Plaintiffs also filed an "Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction." (*See* Doc. 1-1, p. 72 of 95). This "Emergency Motion" was addressed and denied by Judge Philip C. Smith in the Superior Court of Forsyth County on December 22, 2015.

(*See* Doc. 1-1, p. 94 of 95). Defendant properly removed this fifth action to this Court on January 19, 2016. (Civil Action No. 2:16-cv-00014-WCO-JCF, Doc. 1).

In the instant fifth action, Bennett V, Plaintiffs assert specific claims denying the existence of federal jurisdiction and request that the state court bar the Defendant from removing the case to federal court. Plaintiffs assert a claim for rescission arising under TILA among various other contentions. (Doc. 1-1, pp. 4-15 of 95). The claims asserted in Bennett V, once again, directly relate to the same Promissory Note and Security Deed, as well as the same real property. Based on the unity of the facts, parties, the relief sought under a federal statute, and applicable law in the two cases, Ocwen hereby moves to consolidate Bennett V (Civil Action No. 2:16-cv-00014-WCO-JCF) with Bennett II (Civil Action No. 2:15-cv-170) for all purposes, including trial.

## II.     Law & Argument for Consolidation

Rule 42(a) of the Federal Rules of Civil Procedure states in pertinent part:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Consolidation pursuant to Rule 42(a) "is permissive and vests a purely discretionary power in the district court." *Young v. City of Augusta*, 59 F.3d 1160,

1168 (11th Cir. 1985) (internal citations omitted).  District Courts in the Eleventh Circuit are "encouraged … to make good use of Rule 42(a) … in order to expedite the trial and eliminate unnecessary repetition and confusion."  *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985); *see also*, *Hennington v. Greenpoint Mortg. Funding, Inc.*, No. 1:09-cv-676-RWS, 2009 WL 1372961 *2 (N.D. Ga. May 15, 2009) (granting consolidation due to common questions of law and fact); *Diamond Power Intern, Inc. v. Davidson*, 2007 WL 4373128 *2 (N.D. Ga. Dec. 10, 2007) (granting consolidation to advance judicial efficiency and prevent risk of inconsistent adjudications); *Melgarejo v. Nationstar Mortg., LLC*, Civil Action No. 1:12-cv-1494-RWS, 2012 WL 5077363, at *1-2 (N.D. Ga. Oct. 17, 2012) (consolidating multiple cases filed by a borrower).   This Court described the standard for consolidation and has previously found that the multiple-filed cases here all involve the same parties, the same loan, and the same property.  (Doc. 51, at 6).

Plaintiffs' multiple actions involve the same facts and similar legal questions relating to the validity of the mortgage loan and the enforceability of the Note and Security Deed, with claims based on federal law. Because the questions of fact and law are virtually identical, Ocwen should not be forced to defend itself in duplicative lawsuits.  Consolidating the multiple actions will eliminate the risk of prejudice and possible confusion, eliminate the possibility of inconsistent adjudication of common

factual and legal issues, and lessen the burden on the parties, witnesses, and judicial resources.

Once Civil Action No. 2:16-cv-00014-WCO-JCF is consolidated with Civil Action No. 2:15-170-WCO-JCF, Defendant requests that any responses to Plaintiffs' Complaint and Motions in Civil Action No. 2:16-cv-00014-WCO-JCF be deemed unnecessary. Defendant is willing and able to file responses to Plaintiffs' pre-removal filings, but as Defendant has a dispositive motion pending in Civil Action No. 2:15-cv-170-WCO-JCF having to file additional responses to Plaintiffs' filings will only create confusion and redundancy.

### III.  Enjoin Future Filings

Additionally, Defendant requests that this Court issue an order enjoining Plaintiffs from filing any further actions in state or federal court, or any other judicial or non-judicial forum against Defendant Ocwen Loan Servicing, LLC, or any of its affiliates, employees, or attorneys, without prior permission from this Court. In its Order of October 30, 2015, the Court issued the following warning to Plaintiffs:

> Plaintiffs are hereby **WARNED**, however, that this Court has been abundantly clear that any attempts to advance claims disposed of by the prior action in state or federal court may result in significant sanctions … If, despite the repeated warnings from this Court, Plaintiffs file additional cases in state court which are properly removable to this Court concerning the mortgage at issue, they do so at the risk of significant sanctions.

(Doc. 51, at 8-9).

This latest admonition from the Court came after previous warnings to the Plaintiffs to not file multiple lawsuits or make frivolous arguments.  (*See* Doc. 51, at 7-8; Bennett I, Doc. 115, at 24, Doc. 118 at 7).  Yet, despite these warnings and the Court's patience, Plaintiffs again filed another action in the Superior Court of Forsyth County in an attempt to circumvent this Court's jurisdiction and authority.

Defendant will leave the specifics of any potential sanctions to the Court's discretion, but would request an order enjoining Plaintiffs from filing any further actions in state or federal court, or any other judicial or non-judicial forum against Defendant Ocwen Loan Servicing, LLC, or any of its affiliates, employees, or attorneys, without prior permission from this Court.  Previous courts have instituted similar injunctions and such action is warranted under these circumstances. *See Riccard v. Prudential*, 307 F.3d 1277, 1295 (11th Cir. 2002) (affirming district court order where plaintiff filed multiple lawsuits over same subject as "part of a pattern of re-argument and re-litigation" and the district court enjoined plaintiff "from filing any new 'action, complaint, or claim for relief against the defendant or its affiliates in federal court, state court, or any other forum unless obtaining leave from the district court); *Jinks v. OneWest Bank FSB, et al.*, Civil Action No. 1:14-cv-3023-ELR-LTW (Docs. 51, 54) (N.D. Ga. Aug. 13, 2015) (enjoining *pro se* litigant from

filing any further complaint or claim for relief in any federal court, state court, probate court, local court, or executive, administrative or regulatory agency without first obtaining permission from the district court); *Skillings v. Bank of America, N.A.*, No. 1:13-cv-00030-SCJ (Doc. 29) (N.D. Ga. Oct. 29, 2013) (instituting filing injunction "in any court" against the defendant arising out of the same subject matter of the litigation without seeking and obtaining leave from the court). As the Plaintiffs continue to file new actions asserting the same claims, occupying both Defendant's and the Court's time, Plaintiffs should be enjoined from future filings.

## IV.   Conclusion

Defendant respectfully requests this Court to enter another Order consolidating the above-referenced cases. Civil Action Nos. 2:16-cv-00014-WCO-JCF should be consolidated with Civil Action Nos. 2:15-cv-170-WCO-JCF. Civil Action No. 2:16-cv-00014-WCO-JCF can be administratively closed.

Ocwen also requests that Plaintiffs be enjoined from filing any further actions in state or federal court, or any other judicial or non-judicial forum against Defendant Ocwen Loan Servicing, LLC, or any of its affiliates, employees, or attorneys, without prior permission from this Court.

Respectfully submitted this 19th day of January, 2016.

Bradley Arant Boult Cummings, LLP

/s/Keith S. Anderson
Keith S. Anderson (GA Bar No. 136246)
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
Email: kanderson@babc.com

A. Michelle Canter (GA Bar No. 108097)
4720 Peachtree Industrial Blvd, #106
Norcross, GA 30071
Telephone: (678) 496-2580
Facsimile: (205) 521-8800
Email: mcanter@babc.com
Attorneys for Defendant Ocwen Loan Servicing, LLC

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned certifies that this document has been prepared in accordance with Local Rule 5.1(B).

/s/Keith S. Anderson

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2016, I served a copy of the foregoing via United States Mail, first-class postage prepaid and addressed to the following:

Cobrey and Maryam Bennett
965 Summerfield Drive
Cumming, GA 30040

/s/Keith S. Anderson