IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| COBREY BENNETT and MARYAM BENNETT, ) ) ) | |
| Plaintiffs, ) ) | Civil Action No.: 2:15-cv-170-WCO-JCF |
| v. ) ) | |
| OCWEN LOAN SERVICING, ) ) | |
| Defendant. ) ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

Defendant Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant") by and through its undersigned counsel, and respectfully submits this Response to Plaintiffs' Statement of Undisputed Facts (Doc. 62-2) pursuant to LR 56.1(B)(2).

1. The averments in Paragraph 1 lack support with citation to evidence[1] and are immaterial to the claims against Ocwen per LR 56.1(B)(2)(a)(2).

2. The Court should not consider Paragraph 2 as it is immaterial to the causes of action pending against Ocwen before the Court per LR 56.1(B)(2)(a)(2).

---

[1] Defendant notes that Plaintiffs' materials submitted for evidence were not provided under oath.

1

Further, any allegations in this paragraph are barred by *res judicata* pursuant to Bennett I.

3. Defendant denies the allegations in Paragraph 3 as the terms of the Note and Security Deed set out. Plaintiff Cobrey Bennett executed a Promissory Note on November 19, 2012, and Cobrey and Maryam Bennett executed a Security Deed on November 19, 2012, that set out the terms of the loan. (*See* Affidavit of Katherine Ortwerth, hereinafter "Ortwerth Aff.," attached hereto as Attachment 1, ¶ ¶ 6-7, Exh. 1, and also attached with Def. Mot. for Summ. Judg. and SUMF, at Doc. 55-1 and 55-2 ¶ ¶ 6-7, Exhibit 1).[2]

4. The Court should not consider Paragraph 4 as it does not include evidence in support as Plaintiffs each received a complete copy of the Federal Truth in Lending Disclosure Statement, which was accurate. (Doc. 55 at 12-18; Ortwerth Aff., Ex's. 2-A, 2-B, 3 – 5).

5. The Court should not consider Paragraph 5 as it is immaterial to the causes of action pending against Ocwen before the Court per LR 56.1(B)(2)(a)(2). Plaintiffs' citation is only to matters that are immaterial or inaccurate.

6. The Court should not consider Paragraph 6 as it is immaterial to the causes of action pending against Ocwen before the Court per LR 56.1(B)(2)(a)(2).

---

[2] Ms. Ortwerth's Affidavit and the Exhibits attached thereto are attached to both Defendant's Response and at Doc. 55-2, and are identical in both locations.

Further, any allegations in this paragraph are barred by *res judicata* pursuant to Bennett I.

7. The Court should not consider Paragraph 7 as it is immaterial to the causes of action pending against Ocwen before the Court per LR 56.1(B)(2)(a)(2). Further, any allegations in this paragraph are barred by *res judicata* pursuant to Bennett I

8. The Court should not consider Paragraph 8 as it is immaterial to the causes of action pending against Ocwen before the Court per LR 56.1(B)(2)(a)(2). Further, any allegations in this paragraph are barred by *res judicata* pursuant to Bennett I.

9. The Court should not consider Paragraph 9 as it lacks evidentiary support and citation to admissible evidence, and is immaterial to the causes of action pending against Ocwen before the Court per LR 56.1(B)(2)(a)(2). Further, any allegations in this paragraph are barred by *res judicata* pursuant to Bennett I.

10. The Court should not consider Paragraph 10 per LR 56.1(B)(2)(a)(2) and as lacking evidentiary support and citation to admissible evidence. Any allegations in this paragraph are barred by *res judicata* pursuant to Bennett I. Ocwen denies that Plaintiffs were "taken advantage of" as the Note, Security Deed, and loan disclosures expressly spell out the terms of the loan. (*See* Ortwerth Aff., ¶¶ 6-11, Exhs. 1-5).

11.     The Court should not consider Paragraph 11 as lacking evidentiary support and citation to admissible evidence and otherwise as immaterial to the causes of action pending against Ocwen before the Court per LR 56.1(B)(2)(a)(2).  Any allegations in this paragraph are barred by *res judicata* pursuant to Bennett I, as these claims related to the Real Estate Settlement and Procedures Act (RESPA) were specifically addressed and dismissed by the Court in Bennett I.  (*See* Civil Action No. 2:13-cv-243-WCO-JCF, Doc. 115 at 13-19, Doc. 118).

12.     The Court should not consider Paragraph 12 as it lacks evidentiary support and citation to admissible evidence and is otherwise immaterial to the causes of action pending against Ocwen before the Court per LR 56.1(B)(2)(a)(2).  Any allegations in this paragraph are barred by *res judicata* pursuant to Bennett I, as any claims related to the Real Estate Settlement and Procedures Act (RESPA) were specifically addressed and dismissed by the Court in Bennett I.  (*See* Civil Action No. 2:13-cv-243-WCO-JCF, Doc. 115 at 13-19, Doc. 118).

13.     The Court should not consider Paragraph 13 as it lacks evidentiary support and citation to admissible evidence, and is otherwise immaterial to the causes of action pending against Ocwen before the Court per LR 56.1(B)(2)(a)(2). Any allegations in this paragraph are barred by *res judicata* pursuant to Bennett I, as any claims related to the Real Estate Settlement and Procedures Act (RESPA) were specifically addressed and dismissed by the Court in Bennett I.  (*See* Civil Action

No. 2:13-cv-243-WCO-JCF, Doc. 115 at 13-19, Doc. 118).

14. The Court should not consider Paragraph 14 as it lacks evidentiary support and citation to admissible evidence and is otherwise immaterial to the causes of action pending against Ocwen before the Court per LR 56.1(B)(2)(a)(2) as the Plaintiffs have not asserted any claim pursuant to the Fair Credit Reporting Act (FCRA). Any allegations in this paragraph are barred by *res judicata* pursuant to Bennett I.

15. The Court should not consider Paragraph 15 as it lacks evidentiary support and citation to admissible evidence and is otherwise immaterial to the causes of action pending against Ocwen before the Court per LR 56.1(B)(2)(a)(2). Any allegations in this paragraph are barred by *res judicata* pursuant to Bennett I. And Ocwen denies Plaintiffs' contentions as it did not "add[] a brand new account during litigation."

16. The Court should not consider Paragraph 16 as it lacks evidentiary support and citation to admissible evidence and is otherwise immaterial to the causes of action pending against Ocwen before the Court per LR 56.1(B)(2)(a)(2). Any allegations in this paragraph are barred by *res judicata* pursuant to Bennett I, and Plaintiffs contentions are akin to the well-rejected "show me the note" theory and fail to state a viable cause of action.

17. The Court should not consider Paragraph 17 as it lacks evidentiary

5

support and citation to admissible evidence is otherwise immaterial to the causes of action pending against Ocwen before the Court per LR 56.1(B)(2)(a)(2). Any allegations in this paragraph are barred by *res judicata* pursuant to Bennett I, and Plaintiffs' contentions relating to any assignment of a security deed do not state a viable cause of action.

18. The Court should not consider Paragraph 18 as it is immaterial to the causes of action pending against Ocwen before the Court per LR 56.1(B)(2)(a)(2). Any allegations in this paragraph are barred by *res judicata* pursuant to Bennett I, as any claims related to the Real Estate Settlement and Procedures Act (RESPA) were specifically addressed and dismissed by the Court in Bennett I. (*See* Civil Action No. 2:13-cv-243-WCO-JCF, Doc. 115 at 13-19, Doc. 118).

19. The Court should not consider Paragraph 19 as it lacks evidentiary support and citation to admissible evidence and is otherwise immaterial to the causes of action pending against Ocwen before the Court per LR 56.1(B)(2)(a)(2). Any allegations in this paragraph are barred by *res judicata* pursuant to Bennett I, as any claims related to the Real Estate Settlement and Procedures Act (RESPA) were specifically addressed and dismissed by the Court in Bennett I. (*See* Civil Action No. 2:13-cv-243-WCO-JCF, Doc. 115 at 13-19, Doc. 118).

20. The Court should not consider Paragraph 20 as it is immaterial to the causes of action pending against Ocwen before the Court per LR 56.1(B)(2)(a)(2).

Any allegations in this paragraph are barred by *res judicata* pursuant to Bennett I, and Plaintiffs' contentions relating to any assignment or "sell of our loan" do not raise a viable cause of action as set out in Defendant's Response and Reply briefs.

21.     The Court should not consider Paragraph 21 as it lacks evidentiary support and citation to admissible evidence and is otherwise immaterial to the causes of action pending against Ocwen before the Court per LR 56.1(B)(2)(a)(2).

22.     The Court should not consider Paragraph 22 as it is irrelevant and immaterial to the causes of action pending against Ocwen before the Court and as lacking any evidentiary support per LR 56.1(B)(2)(a)(2).  Any allegations in this paragraph are barred by *res judicata* pursuant to Bennett I.

23.     The Court should not consider Paragraph 23 as it lacks evidentiary support and citation to admissible evidence and is otherwise immaterial to the causes of action pending against Ocwen before the Court per LR 56.1(B)(2)(a)(2).  Any allegations in this paragraph are barred by *res judicata* pursuant to Bennett I.  The Note, Security Deed, and loan disclosures expressly spell out the terms.  (*See* Ortwerth Aff., ¶ ¶ 6-11, Ex's. 1-5).

24.     The Court should not consider Paragraph 24 as it lacks any evidentiary support or citation to admissible evidence per LR 56.1(B)(2)(a)(2).  Any allegations in this paragraph are barred by *res judicata* pursuant to Bennett I.  Defendant denies the contentions in Paragraph 24 as the Court's previous rulings were proper.

7

25. The Court should not consider Paragraph 25 as it lacks any evidentiary support or citation to admissible evidence per LR 56.1(B)(2)(a)(2) and as an improper statement of law. Any allegations in this paragraph are barred by *res judicata* pursuant to Bennett I. As set out in Def. Mot. for Summ. Judg., Response in Opposition to Plaintiffs' Motion for Summary Judgment, and Reply brief, Plaintiffs do not have any viable claim for rescission of their loan under the Truth in Lending Act or otherwise.

Respectfully submitted this 10th day of February, 2016.

/s/Keith S. Anderson
Keith S. Anderson (GA Bar No. 136246)
Bradley Arant Boult Cummings, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
Email: kanderson@babc.com

A. Michelle Canter (GA Bar No. 108097)
4720 Peachtree Industrial Blvd, #106
Norcross, GA 30071
Telephone: (678) 496-2580
Facsimile: (205) 521-8800
Email: mcanter@babc.com
Attorneys for Defendant Ocwen Loan Servicing, LLC

8

## LR 7.1D CERTIFICATION

I hereby certify that the foregoing brief was prepared with one of the font and point selections approved by the Court in LR 5.1B.

s/ Keith S. Anderson,

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2016, I served a copy of the foregoing via United States Mail, first-class postage prepaid and addressed to her regular mailing address, to the following:

Cobrey and Maryam Bennett
965 Summerfield Drive
Cumming, GA 30040

/s/Keith S. Anderson