# ATTACHMENT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| **COBREY BENNETT and MARYAM BENNETT,** | ) ) ) | |
| **Plaintiffs,** | ) ) | **Civil Action No.: 2:15-cv-170-WCO-JCF** |
| **v.** | ) ) ) | |
| **OCWEN LOAN SERVICING,** | ) ) | |
| **Defendant.** | ) ) | |

## AFFIDAVIT OF KATHERINE ORTWERTH

| | |
|---|---|
| **STATE OF TEXAS** | ) |
| **COUNTY OF TRAVIS** | )ss: |

1.      My name is Katherine Ortwerth. I am over the age of nineteen (19), of sound mind, and capable of making this Affidavit. I am competent to testify to the matters set forth in this Affidavit, as my testimony is true and correct and based upon my personal knowledge derived from my review of the said business records. If called upon to testify in this lawsuit, my testimony would be consistent with the statements in this Affidavit.

2.      I am employed with Ocwen Financial Corporation, whose indirect subsidiary is Ocwen Loan Servicing, LLC, (hereinafter referred to as "Ocwen") as a Loan Analyst.

3.      In the regular performance of the job functions referenced above, I have had access to, and am familiar with, the business records relating to the history, administration and collection activities (the "Records") applicable to the Loan. These Records were made at or near the time of the actions or events they reflect by, or from information transmitted from, a person with knowledge of the subject transaction in the regular practice and ordinary course of business. I have personal knowledge of the manner in which the Records were created and kept, and I have reviewed and relied upon the Records in executing this Affidavit.

4.      The business records attached hereto are various documents contained in the books and records of Ocwen relating to the loan to Plaintiff Cobrey Bennett, which is secured by certain real property located at and commonly known as 965 Summerfield Drive, Cumming, Georgia 30040 (the "Property"). I have examined Ocwen's file relating to the Property (the "Loan File"). I am familiar with those business records as well as how they were maintained and am competent to testify about them. I am also aware that the business records were made at the

Document Number: 3915937

time of the transaction, occurrence or event referred to therein or were made within a reasonable time thereafter.

5.      With respect to any electronic records discussed in this affidavit, I obtained those records related to the Loan from the company's system of record based upon appropriate procedures, and the computer from which I obtained this information was in working order at the times I obtained this information. I recognize all the exhibits to this affidavit that are electronic records, because I am familiar with the computer systems into which such information is entered and stored as well as with the procedures for entering data into its systems and the built-in safeguards the system has to ensure accuracy and to identify errors.

6.      On November 19, 2012, Cobrey Bennett obtained a mortgage loan for $284,900.00 from Mortgage Services III, LLC, secured by a property at 965 Summerfield Drive, Cumming, Georgia 30040 (the "loan"). The loan is evidenced by a promissory note executed by Cobrey Bennett in favor of Mortgage Services III, LLC and its successors and assigns, promising to repay the loan amount. A true and correct copy of the promissory note, together with the Allonge(s), is attached as Exhibit 1.

7.      On November 19, 2012, Cobrey Bennett and Maryam Bennett signed a Security Deed in favor of Mortgage Registration Systems, Inc. ("MERS"), as nominee for Mortgage Services III, LLC and its successors and assigns. The Security Deed was recorded on November 30, 2012, in Forsyth County, Georgia, at Deed Book 6493, Page 185.

8.      On November 19, 2012, Cobrey Bennett and Maryam Bennett each acknowledged receiving two Notice of Right to Cancel forms. A true and correct copy of each Notice of Right to Cancel is attached as Exhibits 2-A and 2-B.

9.      On November, 19, 2012, Cobrey Bennett and Maryam Bennett each acknowledged receiving a completed copy of the Federal Truth-in-Lending-Disclosure Statement (TIL Disclosure Statement). A true and correct copy of the TIL Disclosure Statement is attached as Exhibit 3.

10.     On November, 19, 2012, Cobrey Bennett and Maryam Bennett each acknowledged receiving a completed copy of the Itemization of Amount Financed. A true and correct copy of the Itemization of Amount Financed is attached as Exhibit 4.

11.     On November, 19, 2012, Cobrey Bennett certified receiving a copy of the HUD-1 Settlement Statement. A true and correct copy of the final HUD-1 Settlement Statement is attached as Exhibit 5.

12.     Ocwen obtained the rights to service the loan from another servicer and is the current servicer of the loan.

13.     The outstanding principal balance of the loan is $282,123.01.

14.     Plaintiffs are currently in default and have been since August 2013 under the terms of the Note and Security Deed.

15.   Ocwen has not agreed to rescind the loan or cancel or otherwise release the Security Deed.

FURTHER AFFIANT SAITH NOT.

*Katherine Ortwerth*

Loan Analyst
Ocwen Financial Corporation

Sworn to and subscribed to before me, this 28th day of December 2015 by Katherine Ortwerth who is personally known to me or has produced a valid driver's license as identification.

_____

Notary Public (SEAL)

My commission expires: 1/15/18

> CLAYTON MILLER AMACKER, III.
> Notary Public, State of Texas
> My Commission Expires
> January 15, 2018

Document Number: 3915937

# Exhibit 1

# NOTE

BENNETT
Loan #: DC12050122
MIN: 100588312060535736
Case #: 105-7098247-821

NOVEMBER 19, 2012                ROCKVILLE                MARYLAND
[Date]                            [City]                    [State]

965 SUMMERFIELD DR, CUMMING, GA 30040
[Property Address]

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means MORTGAGE SERVICES III, LLC and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of TWO HUNDRED EIGHTY-FOUR THOUSAND NINE HUNDRED AND 00/100 Dollars (U.S. $284,900.00), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of FOUR AND ONE-FOURTH percent (4.250%) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." That Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

### (A) Time

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on JANUARY 1, 2013. Any principal and interest remaining on the first day of DECEMBER, 2042, will be due on that date, which is called the "Maturity Date."

### (B) Place

Payment shall be made at 502 NORTH HERSHEY RD., BLOOMINGTON, IL 61704 or at such place as Lender may designate in writing by notice to Borrower.

### (C) Amount

Each monthly payment of principal and interest will be in the amount of U.S. $1,401.54. This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

### (D) Allonge to this Note for payment adjustments

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box.]

☐ Graduated Payment Allonge      ☐ Growing Equity Allonge      ☐ Other [Specify] _____

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

DC12050122

## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of **15** calendar days after the payment is due, Lender may collect a late charge in the amount of **FOUR** percent (**4.000%**) of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____  11-19-2012
- BORROWER - COBREY BENNETT SR. - DATE -

*[Sign Original Only]*

# **ALLONGE TO NOTE**

DATE OF NOTE:     11/19/2012

MORTGAGOR (S):  COBREY BENNETT SR.

PROPERTY ADDRESS:     965 SUMMERFIELD DR

CUMMING, GA  30040

LOAN AMOUNT:    $284,900.00

LOAN NUMBER:    DC12050122

PAY TO THE ORDER OF

ALLQUEST HOME MORTGAGE CORPORATION

WITHOUT RECOURSE

MORTGAGE SERVICES III, LLC

Cheryl Drach, VP/Post Closing Manager

ALLQUEST HOME MORTGAGE CORPORATION
6110 PINEMONT DRIVE
HOUSTON, TX 77092

## NOTE ALLONGE

Loan #:          DC12050122
Note Date:       11/26/2012

Borrower Name:   Bennett Cobrey Sr

Property Address: 956 Summerfield Dr
                  Cumming, GA 30040

Loan Amount:     $284,900.00

PAY TO THE ORDER OF
WITHOUT RECOURSE:

ALLQUEST HOME MORTGAGE CORPORATION

Sharman Baum, Assistant Secretary

# Exhibit 2-A

## NOTICE OF RIGHT TO CANCEL

Borrower(s): COBREY BENNETT SR.

Property Address: 965 SUMMERFIELD DR, CUMMING, GA 30040

BENNETT
Loan #: DC12050122
MIN: 100588312060535736
Case #: 105-7098247-821

### YOUR RIGHT TO CANCEL

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE (3) BUSINESS DAYS from whichever of the following events occurs last:

    (1)  the date of the transaction, which is NOVEMBER 19, 2012; or
    (2)  the date you received your Truth-in-Lending disclosures; or
    (3)  the date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled; and we must return to you any money or property you have given to us or to anyone else in connection within this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

### HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing at:

        MORTGAGE SERVICES III, LLC
        502 NORTH HERSHEY RD.
        BLOOMINGTON, IL 61704

You may use any written statement that is signed and dated by you and states your intention to cancel or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights. If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of NOVEMBER 23, 2012 (or MIDNIGHT of the THIRD BUSINESS DAY* following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL

_____      Date: _____

### RECEIPT OF NOTICE OF RIGHT TO CANCEL

Each of the undersigned have now received two **Notice of Right to Cancel** forms. The above real estate loan cannot be funded until THREE (3) BUSINESS DAYS* have elapsed since the date of this acknowledgment of receipt of the **Notice of Right to Cancel**.

*Business days include all days except Sundays, New Year's Day, Martin Luther King Day, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, and Christmas Day.

Date Notice of Right to Cancel form received: NOVEMBER 19, 2012.

_____  11-19-2012
- BORROWER - COBREY BENNETT SR. - DATE -

## NOTICE OF RIGHT TO CANCEL

Borrower(s): COBREY BENNETT SR.

BENNETT
Loan #: DC12050122
MIN: 100588312060535736
Case #: 105-7098247-821

Property Address: 965 SUMMERFIELD DR, CUMMING, GA 30040

### YOUR RIGHT TO CANCEL

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE (3) BUSINESS DAYS from whichever of the following events occurs last:

(1) the date of the transaction, which is NOVEMBER 19, 2012; or
(2) the date you received your Truth-in-Lending disclosures; or
(3) the date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled; and we must return to you any money or property you have given to us or to anyone else in connection within this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

### HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing at:

MORTGAGE SERVICES III, LLC
502 NORTH HERSHEY RD.
BLOOMINGTON, IL 61704

You may use any written statement that is signed and dated by you and states your intention to cancel or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights. If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of NOVEMBER 23, 2012 (or MIDNIGHT of the THIRD BUSINESS DAY* following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL

_____     Date: _____

### RECEIPT OF NOTICE OF RIGHT TO CANCEL

Each of the undersigned have now received two **Notice of Right to Cancel** forms. The above real estate loan cannot be funded until THREE (3) BUSINESS DAYS* have elapsed since the date of this acknowledgment of receipt of the **Notice of Right to Cancel.**

*Business days include all days except Sundays, New Year's Day, Martin Luther King Day, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, and Christmas Day.

Date Notice of Right to Cancel form received: NOVEMBER 19, 2012.

_____  Sr. 11-19-2012
- BORROWER - COBREY BENNETT SR. - DATE -

8204.149

# Exhibit 2-B

## NOTICE OF RIGHT TO CANCEL

Borrower(s): COBREY BENNETT SR.

Property Address: 965 SUMMERFIELD DR, CUMMING, GA 30040

BENNETT
Loan #: DC12050122
MIN: 100588312060535736
Case #: 105-7098247-821

### YOUR RIGHT TO CANCEL

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE (3) BUSINESS DAYS from whichever of the following events occurs last:

(1)   the date of the transaction, which is NOVEMBER 19, 2012; or
(2)   the date you received your Truth-in-Lending disclosures; or
(3)   the date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled; and we must return to you any money or property you have given to us or to anyone else in connection within this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

### HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing at:

MORTGAGE SERVICES III, LLC
502 NORTH HERSHEY RD.
BLOOMINGTON, IL 61704

You may use any written statement that is signed and dated by you and states your intention to cancel or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights. If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of NOVEMBER 23, 2012 (or MIDNIGHT of the THIRD BUSINESS DAY* following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL

_____          Date: _____

### RECEIPT OF NOTICE OF RIGHT TO CANCEL

Each of the undersigned have now received two **Notice of Right to Cancel** forms. The above real estate loan cannot be funded until THREE (3) BUSINESS DAYS* have elapsed since the date of this acknowledgment of receipt of the **Notice of Right to Cancel.**

*Business days include all days except Sundays, New Year's Day, Martin Luther King Day, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, and Christmas Day.

Date Notice of Right to Cancel form received: NOVEMBER 19, 2012.

*mary Ben*   11-19-2012
MARY/AM BENNETT   - DATE -

8204.149                          Page 1 of 1

## NOTICE OF RIGHT TO CANCEL

Borrower(s): COBREY BENNETT SR.

Property Address: 965 SUMMERFIELD DR, CUMMING, GA 30040

BENNETT
Loan #: DC12050122
MIN: 100588312060535736
Case #: 105-7098247-821

### YOUR RIGHT TO CANCEL

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE (3) BUSINESS DAYS from whichever of the following events occurs last:

    (1)  the date of the transaction, which is NOVEMBER 19, 2012; or
    (2)  the date you received your Truth-in-Lending disclosures; or
    (3)  the date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled; and we must return to you any money or property you have given to us or to anyone else in connection within this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

### HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing at:

       MORTGAGE SERVICES III, LLC
       502 NORTH HERSHEY RD.
       BLOOMINGTON, IL 61704

You may use any written statement that is signed and dated by you and states your intention to cancel or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights. If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of NOVEMBER 23, 2012 (or MIDNIGHT of the THIRD BUSINESS DAY* following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

### I WISH TO CANCEL

_____       Date: _____

### RECEIPT OF NOTICE OF RIGHT TO CANCEL

Each of the undersigned have now received two Notice of Right to Cancel forms. The above real estate loan cannot be funded until THREE (3) BUSINESS DAYS* have elapsed since the date of this acknowledgment of receipt of the Notice of Right to Cancel.

*Business days include all days except Sundays, New Year's Day, Martin Luther King Day, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, and Christmas Day.

Date Notice of Right to Cancel form received: NOVEMBER 19, 2012.

_____     11-19-2012
MARYAM BENNETT   - DATE -

# Exhibit 3

## FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT

Date: NOVEMBER 19, 2012
Lender: MORTGAGE SERVICES III, LLC
Borrower(s): COBREY BENNETT SR.
Property Address: 965 SUMMERFIELD DR, CUMMING, GA 30040

BENNETT
Loan #: DC12050122
MIN: 100588312060535736

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 5.030% | $247,750.16 | $278,100.20 | $525,850.36 |

You have the right to receive at this time an Itemization of the Amount Financed.
☒ I want an Itemization.          ☐ I do not want an Itemization.

### INTEREST RATE AND PAYMENT SUMMARY

|  | Rate & Monthly Payment |
|---|---|
| Interest Rate | 4.250% |
| Principal + Interest Payment | $1,401.54 |
| Est. Taxes + Insurance (Escrow)<br>• Includes Mortgage Insurance | $611.77 |
| Total Est. Monthly Payment | $2,013.31 |

There is no guarantee that you will be able to refinance to lower your rate and payments.

☐ This loan has a demand feature
☐ **Variable Rate:** This loan contains a variable rate feature. Disclosures about the variable rate feature have been provided to you earlier.
☒ **Variable Rate Not Applicable**

**Security:** You are giving a security interest in the property located at 965 SUMMERFIELD DR, CUMMING, GA 30040.

**Late Charge:** If a payment is not received by the end of **15** days after the date it is due, you will be charged:
   ☒ **4.000%** of the overdue payment
   ☐ _____% of the overdue payment of principal and interest (or interest if your payment consists only of interest)
   ☐ not less than U.S. $N/A and not more than U.S. $N/A

**Filing Fees/Recording Fees:** SEE HUD-1 SETTLEMENT STATEMENT.

**Prepayment:** If you pay off this loan early, you  ☐ may  ☒ will not  have to pay a penalty, and you  ☒ may  ☐ will not  be entitled to a refund of part of the finance charge.  ☒ If you pay off an FHA insured loan, on a date other than the regular installment date, you may be assessed interest charges until the end of the month.

**Assumption:** Someone buying your home
   ☐ will not be allowed to assume the remainder of this mortgage on the original terms.
   ☒ may, subject to conditions, be allowed to assume the remainder of this mortgage on the original terms.

**Required Deposit:** If lender requires you to maintain a deposit as a condition of the loan, the annual percentage rate does not reflect the effect of the required deposit.

**Property Insurance** is required to obtain credit. You may obtain property insurance from anyone you want who is reasonably acceptable to MORTGAGE SERVICES III, LLC.
   ☒ Property Insurance is not available through MORTGAGE SERVICES III, LLC.
   ☐ If you get the insurance from _____, you will pay $_____ for a term of _____ months.

**CREDIT LIFE AND DISABILITY INSURANCE** are not required to obtain credit and will not be provided at the time of closing. You may be offered these plans after closing, but they are not in effect at this time. No such insurance will be in force until you have completed an application, the insurance company has issued the policy, and the effective date of that policy has been provided.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

**YOU ARE NOT REQUIRED TO COMPLETE THIS AGREEMENT MERELY BECAUSE YOU HAVE RECEIVED THESE DISCLOSURES OR SIGNED A LOAN APPLICATION.**

I/we acknowledge receipt of a completed copy of this disclosure.

SIGNED AND DATED:

_____ 11-19-2012
- BORROWER - COBREY BENNETT SR. - DATE -

14363.100

Page 1 of 1

## FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT

Date:    NOVEMBER 19, 2012
Lender:    MORTGAGE SERVICES III, LLC
Borrower(s):    COBREY BENNETT SR.
Property Address:    965 SUMMERFIELD DR, CUMMING, GA 30040

BENNETT
Loan #: DC12050122
MIN: 100508312060535736

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 5.030% | $247,750.16 | $278,100.20 | $525,850.36 |

You have the right to receive at this time an Itemization of the Amount Financed.
☒ I want an Itemization.    ☐ I do not want an Itemization.

### INTEREST RATE AND PAYMENT SUMMARY

| | Rate & Monthly Payment |
|---|---|
| Interest Rate | 4.250% |
| Principal + Interest Payment | $1,401.54 |
| Est. Taxes + Insurance (Escrow) • Includes Mortgage Insurance | $611.77 |
| Total Est. Monthly Payment | $2,013.31 |

There is no guarantee that you will be able to refinance to lower your rate and payments.

☐ This loan has a demand feature.
☐ **Variable Rate:** This loan contains a variable rate feature. Disclosures about the variable rate feature have been provided to you earlier.
☒ **Variable Rate Not Applicable**
**Security:** You are giving a security interest in the property located at 965 SUMMERFIELD DR, CUMMING, GA 30040.
**Late Charge:** If a payment is not received by the end of 15 days after the date it is due, you will be charged:
    ☒ 4.000% of the overdue payment
    ☐ _____% of the overdue payment of principal and interest (or interest if your payment consists only of interest)
    ☐ not less than U.S. $N/A and not more than U.S. $N/A.

**Filing Fees/Recording Fees:** SEE HUD-1 SETTLEMENT STATEMENT.
**Prepayment:**    If you pay off this loan early, you  ☐ may  ☒ will not  have to pay a penalty, and you  ☒ may  ☐ will not  be entitled to a refund of part of the finance charge.  ☒ If you pay off an FHA insured loan, on a date other than the regular installment date, you may be assessed interest charges until the end of the month.

**Assumption:**    Someone buying your home
    ☐ will not be allowed to assume the remainder of this mortgage on the original terms.
    ☒ may, subject to conditions, be allowed to assume the remainder of this mortgage on the original terms.
**Required Deposit:**    If lender requires you to maintain a deposit as a condition of the loan, the annual percentage rate does not reflect the effect of the required deposit.

**Property Insurance** is required to obtain credit. You may obtain property insurance from anyone you want who is reasonably acceptable to MORTGAGE SERVICES III, LLC.
    ☒ Property Insurance is not available through MORTGAGE SERVICES III, LLC.
    ☐ If you get the insurance from _____, you will pay $_____ for a term of _____ months.

**CREDIT LIFE AND DISABILITY INSURANCE** are not required to obtain credit and will not be provided at the time of closing. You may be offered these plans after closing, but they are not in effect at this time. No such insurance will be in force until you have completed an application, the insurance company has issued the policy, and the effective date of that policy has been provided.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

**YOU ARE NOT REQUIRED TO COMPLETE THIS AGREEMENT MERELY BECAUSE YOU HAVE RECEIVED THESE DISCLOSURES OR SIGNED A LOAN APPLICATION.**

I/we acknowledge receipt of a completed copy of this disclosure.

SIGNED AND DATED:

_____    11-19-2012
MARYAM BENNETT  - DATE -

14363.100                   Page 1 of 1

## Payment Schedule
#### Itemization of Total of Payments on the Truth-In-Lending Disclosure Statement

BENNETT
Loan #: DC12050122
MIN: 100588312060535736

Date: NOVEMBER 19, 2012
Lender: MORTGAGE SERVICES III, LLC
Borrower(s): COBREY BENNETT SR.
Property Address: 965 SUMMERFIELD DR, CUMMING, GA 30040

| Number of Payments | Monthly Payments of* | Payments are Due Monthly beginning: |
|---|---|---|
| 12 | $1,679.39 | JANUARY 1, 2013 |
| 12 | $1,674.58 | JANUARY 1, 2014 |
| 12 | $1,669.56 | JANUARY 1, 2015 |
| 12 | $1,664.32 | JANUARY 1, 2016 |
| 12 | $1,658.85 | JANUARY 1, 2017 |
| 12 | $1,653.15 | JANUARY 1, 2018 |
| 9 | $1,647.20 | JANUARY 1, 2019 |
| 278 | $1,401.54 | OCTOBER 1, 2019 |
| 1 | $1,399.24 | DECEMBER 1, 2042 |

| Total of Payments | $525,850.36 |
|---|---|

*Note: The Payments shown above include Mortgage Insurance (if applicable), but exclude Property Taxes and Insurance.

15444.8                    Page 1 of 1

# Exhibit 4

## ITEMIZATION OF AMOUNT FINANCED

BENNETT
Loan #: DC12050122
MIN: 100588312060535736

Date: NOVEMBER 19, 2012

Lender: MORTGAGE SERVICES III, LLC

Borrower(s): COBREY BENNETT SR.

Property Address: 965 SUMMERFIELD DR, CUMMING, GA 30040

| | |
|---|---|
| Loan Amount: | $284,900.00 |
| Prepaid Finance Charge (itemized below): | - $6,799.80 |
| Amount Financed: | $278,100.20 |

### Itemization of Prepaid Finance Charge

| Paid by  S* Seller  L* Lender  K* Broker  R* Branch  O* Other | Paid Outside of Closing | Amount Paid By Others | Finance Charges Paid By Borrower |
|---|---|---|---|
| Flood certification MSI FOR CORELOGIC | | | $22.00 |
| MERS FEE to MORTGAGE SERVICES III, LLC | | | $11.95 |
| UNDERWRITING FEE to MORTGAGE SERVICES III, LLC | | | $400.00 |
| PROCESSING FEE to MORTGAGE SERVICES III, LLC | | | $300.00 |
| Daily interest charges from 11/26/12 to 12/01/12 5 @ $33.17 / day | | | $165.85 |
| UPFRONT MIP to FHA | | | $4,900.00 |
| Settlement or closing fee FIRST TITLE AND ESCROW | | | $1,000.00 |
| Total Prepaid Finance Charge | | | $6,799.80 |

### Amount Paid on Your Account/Amount Paid to Others on Your Behalf

| Paid by  S* Seller  L* Lender  K* Broker  R* Branch  O* Other | Paid Outside of Closing | Amount Paid By Others | Other Charges Paid By Borrower |
|---|---|---|---|
| Appraisal fee to IN HOUSE | | | $475.00 |
| Credit report to CBC | | | $70.85 |
| MTG BROKER COMP PAID BY LENDER to | | | |
| Homeowner's insurance for _____ years to ALLSTATE INSURANCE-HOME OFFICE | | | $1,542.00 |
| Homeowner's Insurance 3 months @ $128.50 per month | | | $385.50 |
| Mortgage Insurance 0 months @ $277.85 per month | | | |
| Property Taxes 4 months @ $205.42 per month | | | $821.68 |
| Aggregate Adjustment | | | $-205.49 |
| Deed $_____ Mortgage $_____ Releases $_____ | | | $70.00 |
| City/County tax/stamps  Deed $_____ Mortgage $_____ | | | $837.00 |
| | Payoffs/Other Disbursements | | |
| WELLS FARGO | | | $3,734.00 |
| UNITED GUARANTY/WELLS GARGO | | | $7,663.00 |
| SELENE FINANCE | | | $325,206.00 |
| Total Payoffs/Other Disbursements | | | $336,603.00 |

_____  11-19-2012

- BORROWER - COBREY BENNETT SR. - DATE -

# ITEMIZATION OF AMOUNT FINANCED

BENNETT
Loan #: DC12050122
MIN: 100588312060535736

Date: **NOVEMBER 19, 2012**

Lender: **MORTGAGE SERVICES III, LLC**

Borrower(s): **COBREY BENNETT SR.**

Property Address: **965 SUMMERFIELD DR, CUMMING, GA 30040**

| | | |
|---|---|---|
| Loan Amount: | | $284,900.00 |
| Prepaid Finance Charge (itemized below): | - | $6,799.80 |
| Amount Financed: | | $278,100.20 |

## Itemization of Prepaid Finance Charge

| Paid by  S* Seller  L* Lender  K* Broker  R* Branch  O* Other | Paid Outside of Closing | Amount Paid By Others | Finance Charges Paid By Borrower |
|---|---|---|---|
| Flood certification **MSI  FOR  CORELOGIC** | | | $22.00 |
| **MERS FEE** to **MORTGAGE SERVICES III, LLC** | | | $11.95 |
| **UNDERWRITING FEE** to **MORTGAGE SERVICES III, LLC** | | | $400.00 |
| **PROCESSING FEE** to **MORTGAGE SERVICES III, LLC** | | | $300.00 |
| Daily interest charges from **11/26/12** to **12/01/12 5** @ **$33.17** / day | | | $165.85 |
| **UPFRONT MIP** to **FHA** | | | $4,900.00 |
| Settlement or closing fee **FIRST TITLE AND ESCROW** | | | $1,000.00 |
| Total Prepaid Finance Charge | | | $6,799.80 |

## Amount Paid on Your Account/Amount Paid to Others on Your Behalf

| Paid by  S* Seller  L* Lender  K* Broker  R* Branch  O* Other | Paid Outside of Closing | Amount Paid By Others | Other Charges Paid By Borrower |
|---|---|---|---|
| Appraisal fee to **IN HOUSE** | | | $475.00 |
| Credit report to **CBC** | | | $70.85 |
| **MTG BROKER COMP PAID BY LENDER** to | | | |
| Homeowner's insurance for _____ years to **ALLSTATE INSURANCE-HOME OFFICE** | | | $1,542.00 |
| Homeowner's Insurance 3 months @ **$128.50** per month | | | $385.50 |
| Mortgage Insurance 0 months @ **$277.85** per month | | | |
| Property Taxes 4 months @ **$205.42** per month | | | $821.68 |
| Aggregate Adjustment | | | $-205.49 |
| Deed $_____ Mortgage $_____ Releases $_____ | | | $70.00 |
| City/County tax/stamps   Deed $_____   Mortgage $_____ | | | $837.00 |
| Payoffs/Other Disbursements | | | |
| **WELLS FARGO** | | | $3,734.00 |
| **UNITED GUARANTY/WELLS GARGO** | | | $7,663.00 |
| **SELENE FINANCE** | | | $325,206.00 |
| Total Payoffs/Other Disbursements | | | $336,603.00 |

_MARYAN BENNETT_    **11-19-2012**

**MARYAN BENNETT   - DATE -**

# Exhibit 5

OMB Approval No. 2502-0265

# A. Settlement Statement (HUD-1)

## B. Type of Loan

| 1. [X] FHA | 2. [ ] RHS | 3. [ ] Conv. Unins. | 6. File Number: T-88613-12 | 7. Loan Number: DC12050122 | 8. Mortgage Insurance Case Number: 105-7098247-821 |
|---|---|---|---|---|---|
| 4. [ ] VA | 5. [ ] Conv. Ins. | | | | |

**C. Note:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agents are shown. Items marked "(p.o.c)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name & Address of Borrower: | E. Name & Address of Seller: | F. Name & Address of Lender: |
|---|---|---|
| Cobrey Bennett Sr<br>965 Summerfield Dr, Cumming, GA 30040 | | Mortgage Services III, LLC<br>502 North Hershey Road, Bloomington, IL 61704 |

| G. Property Location: | H. Settlement Agent: | I. Settlement Date: 11/19/2012 |
|---|---|---|
| 965 Summerfield Dr<br>Cumming, GA 30040 | First Title and Escrow, Inc.<br>7361 Calhoun Place, Suite 200, Rockville, MD 20855 | Disbursement Date: 11/26/2012 |
| | Place of Settlement:<br>7361 Calhoun Place, Suite 200, Rockville, MD 20855 | TitleExpress<br>Printed 11/19/2012 at 12:56 pm<br>by TLT |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100.** **Gross Amount Due from Borrower** | | **400.** **Gross Amount Due to Seller** | |
| 101. Contract sales price | | 401. Contract sales price | |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 11,481.34 | 403. | |
| 104. Payoff of first mortgage loan to Selene Finance | 273,418.66 | 404. | |
| 105. | | 405. | |
| **Adjustments for items paid by seller in advance** | | **Adjustments for items paid by seller in advance** | |
| 106. City/town taxes          to | | 406. City/town taxes          to | |
| 107. County taxes          to | | 407. County taxes          to | |
| 108. Assessments          to | | 408. Assessments          to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120.** **Gross Amount Due from Borrower** | **284,900.00** | **420.** **Gross Amount Due to Seller** | |
| **200.** **Amounts Paid by or in Behalf of Borrower** | | **500.** **Reductions In Amount Due to Seller** | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 284,900.00 | 502. Settlement charges to seller (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| **Adjustments for items unpaid by seller** | | **Adjustments for items unpaid by seller** | |
| 210. City/town taxes          to | | 510. City/town taxes          to | |
| 211. County taxes          to | | 511. County taxes          to | |
| 212. Assessments          to | | 512. Assessments          to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220.** **Total Paid by/for Borrower** | **284,900.00** | **520.** **Total Reduction Amount Due Seller** | **0.00** |
| **300.** **Cash at Settlement from/to Borrower** | | **600.** **Cash at Settlement to/from Seller** | |
| 301. Gross amount due from borrower (line 120) | 284,900.00 | 601. Gross amount due to seller (line 420) | 0.00 |
| 302. Less amounts paid by/for borrower (line 220) | 284,900.00 | 602. Less reductions in amount due seller (line 520) | 0.00 |
| **303. Cash [X] From [ ] To Borrower** | **0.00** | **603. Cash [X] To [ ] From Seller** | **0.00** |

The Public Reporting Burden for this collection of information is estimated at 35 minutes per response for collecting, reviewing, and reporting the data. This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number. No confidentiality is assured; this disclosure is mandatory. This is designed to provide the parties to a RESPA covered transaction with information during the settlement process.

| | | | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|---|---|
| **700.** | **Total Real Estate Broker Fees** | | | | |
| | Division of commission (line 700) as follows: | | | | |
| 701. | $0.00 | to | | | |
| 702. | $0.00 | to | | | |
| 703. | Commission paid at settlement | | | | |
| **800.** | **Items Payable in Connection with Loan** | | | | |
| 801. | Our origination charge  (includes Origination Point 0.000% or $0.00) | $711.95 | (from GFE #1) | | |
| 802. | Your credit or charge (points) for the specific interest rate chosen | $ | (from GFE #2) | | |
| 803. | Your adjusted origination charges | | (from GFE A) | 711.95 | |
| 804. | Appraisal fee | to In House | (from GFE #3) | 475.00 | |
| 805. | Credit report | to CBC | (from GFE #3) | 70.85 | |
| 806. | Tax service | to | (from GFE #3) | | |
| 807. | Flood certification | to Core Logic | (from GFE #3) | 22.00 | |
| 808. | | to | | | |
| **900.** | **Items Required by Lender to be Paid in Advance** | | | | |
| 901. | Daily interest charges from | from 11/26/2012 to 12/01/2012 @ $33.1700/day | (from GFE #10) | 165.85 | |
| 902. | Mortgage insurance premium | for   months to Dept of HUD | (from GFE #3) | 4,900.00 | |
| 903. | Homeowner's insurance | for   years to Allstate Insurance | (from GFE #11) | 1,542.00 | |
| 904. | | months to | (from GFE #11) | | |
| **1000.** | **Reserves Deposited with Lender** | | | | |
| 1001. | Initial deposit for your escrow account | | (from GFE #9) | 1,001.69 | |
| 1002. | Homeowner's insurance | 3 months @ $    128.50/month  $385.50   to Ocwen Wire | | | |
| 1003. | Mortgage insurance | months @ $    277.85/month  $          to Mortgage Services III, LLC | | | |
| 1004. | Property taxes | 4 months @ $    205.42/month  $821.68   to Ocwen Wire | | | |
| 1005. | | months @ $    /month | | | |
| 1006. | Assessments | months @ $    0.00/month  $          to | | | |
| 1007. | Aggregate Adjustment | $-205.49   to Ocwen Wire | | | |
| **1100.** | **Title Charges** | | | | |
| 1101. | Title services and lender's title insurance | | (from GFE #4) | 1,675.00 | |
| 1102. | Settlement or closing fee | to Merritt Services, Inc     $300.00 | | | |
| 1103. | Owner's title insurance - Stewart Title Guaranty Company | | (from GFE #5) | | |
| 1104. | Lender's title insurance - Stewart Title Guaranty Company | $570.00 | | | |
| 1105. | Lender's title policy limit $284,900.00  Lender's Policy | | | | |
| 1106. | Owner's title policy limit $0.00  Owner's Policy | | | | |
| 1107. | Agent's portion of the total title insurance premium | $484.50 | | | |
| | to First Title & Escrow, Inc. | | | | |
| 1108. | Underwriter's portion of the total title insurance premium | $85.50 | | | |
| | to Stewart Title Guaranty Company | | | | |
| 1109. | ICL Fee | to Stewart Title Guaranty Comp     $40.00 | | | |
| **1200.** | **Government Recording and Transfer Charges** | | | | |
| 1201. | Government recording charges | $ | (from GFE #7) | 62.00 | |
| 1202. | Deed $ | Mortgage $62.00    Release $ | to Clerk of the Circuit Court | | |
| 1203. | Transfer taxes | $ | (from GFE #8) | 855.00 | |
| 1204. | City/county tax/stamps | Deed $    Mortgage $855.00    to Clerk of the Circuit Court | | | |
| 1205. | State Tax/stamps | Deed $    Mortgage $    to | | | |
| 1206. | | Deed $    Mortgage $    to | | | |
| **1300.** | **Additional Settlement Charges** | | | | |
| 1301. | Required services that you can shop for | | (from GFE #6) | | |
| 1302. | | to | | | |
| 1303. | | to | | | |
| 1304. | | to | | | |
| 1305. | | to | | | |
| **1400.** | **Total Settlement Charges** | (enter on lines 103, Section J and 502, Section K) | | 11,481.34 | 0.00 |

*Paid outside of closing by (B)orrower, (S)eller, (L)ender, (I)nvestor, Bro(K)er. **Credit by lender shown on page 1. ***Credit by seller shown on page 1.

| Charges That Cannot Increase | HUD-1 Line Number | | |
|---|---|---|---|
| Our origination charge | # 801 | 711.95 | 711.95 |
| Your credit or charge (points) for the specific interest rate chosen | # 802 | 0.00 | 0.00 |
| Your adjusted origination charges | # 803 | 711.95 | 711.95 |
| Transfer taxes | # 1203 | 837.00 | 855.00 |

| Charges That in Total Cannot Increase More Than 10% | | Good Faith Estimate | HUD-1 |
|---|---|---|---|
| Government recording charges | # 1201 | 70.00 | 62.00 |
| Appraisal fee | # 804 | 475.00 | 475.00 |
| Credit report | # 805 | 65.00 | 70.85 |
| Flood certification | # 807 | 22.00 | 22.00 |
| Mortgage insurance premium | # 902 | 4,900.00 | 4,900.00 |
| Owner's title insurance | # 1103 | 0.00 | 0.00 |
| | # | | |
| | # | | |
| Total | | 5,532.00 | 5,529.85 |
| Increase between GFE and HUD-1 Charges | | $-2.15 or | -0.0389% |

| Charges That Can Change | | Good Faith Estimate | HUD-1 |
|---|---|---|---|
| Initial deposit for your escrow account | # 1001 | 2,003.52 | 1,001.69 |
| Daily interest charges from | # 901  $33.1700/day | 504.51 | 165.85 |
| Homeowner's insurance | # 903 | 0.00 | 1,542.00 |
| Title services and lender's title insurance | # 1101 | 1,462.75 | 1,675.00 |
| | # | | |
| | # | | |
| | # | | |

### Loan Terms

| | |
|---|---|
| Your initial loan amount is | $284,900.00 |
| Your loan term is | 30. years |
| Your initial interest rate is | 4.2500% |
| Your initial monthly amount owed for principal, interest, and any mortgage insurance is | $1,679.39 includes<br>[X] Principal<br>[X] Interest<br>[X] Mortgage Insurance |
| Can your interest rate rise? | [X] No. [ ] Yes, it can rise to a maximum of      %. The first change will be on  / /   and can change again every   years after  / /  . Every change date, your interest rate can increase or decrease by      %. Over the life of the loan, your interest rate is guaranteed to never be lower than      % or higher than      %. |
| Even if you make payments on time, can your loan balance rise? | [X] No. [ ] Yes, it can rise to a maximum of $          . |
| Even if you make payments on time, can your monthly amount owed for principal, interest, and mortgage insurance rise? | [X] No. [ ] Yes, the first increase can be on  / /   and the monthly amount owed can rise to $          .<br>The maximum it can ever rise to is $          . |
| Does your loan have a prepayment penalty? | [X] No. [ ] Yes, your maximum prepayment penalty is $          . |
| Does your loan have a balloon payment? | [X] No. [ ] Yes, you have a balloon payment of $          due in        years on  / /  . |
| Total monthly amount owed including escrow account payments | [ ] You do not have a monthly escrow payment for items, such as property taxes and homeowner's insurance. You must pay these items directly yourself.<br>[X] You have an additional monthly escrow payment of $333.92 that results in a total initial monthly amount owed of $2,013.31. This includes principal, interest, any mortgage insurance and any items checked below:<br>[X] Property taxes    [X] Homeowner's insurance<br>[ ] Flood insurance     [ ]<br>[ ]           [ ] |

**Note:** If you have any questions about the Settlement Charges and Loan Terms listed on this form, please contact your lender.

**HUD CERTIFICATION OF BUYER AND SELLER**

have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

**Buyers**

Cobrey Bennett Sr

**Sellers**

**Settlement Agent**

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

SETTLEMENT AGENT                                  DATE   11|19|12

WARNING: IT IS A CRIME TO KNOWINGLY MAKE FALSE STATEMENTS TO THE UNITED STATES ON THIS OR ANY SIMILAR FORM. PENALTIES UPON CONVICTION CAN INCLUDE A FINE AND IMPRISONMENT. FOR DETAILS SEE TITLE 18: U.S. CODE SECTION 1001 AND SECTION 1010.