# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| COBREY BENNETT and MARYAM BENNETT, ) ) ) | |
| Plaintiffs, ) ) | Civil Action No.: 2:15-cv-170-WCO-JCF |
| v. ) ) | |
| OCWEN LOAN SERVICING, ) ) | |
| Defendant. ) | |

## DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant") by and through its undersigned counsel, and files this Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment. (Doc. 62).[1] For all the foregoing reasons and as set forth in Defendant's Motion for Summary Judgment (Doc. 55), judgment should be granted to Defendant.

---

[1] Plaintiffs' Motion is docketed both as a response to Defendant's Motion for Summary Judgment (Doc. 55) and Motion for Summary Judgment. (Doc. 62 at 1, Notification of Docket Correction re [62] 02/01/2016). Defendant has contemporaneously filed its Response to Plaintiffs' Motion for Summary Judgment and hereby adopts and incorporates those responses as though fully stated herein

## I. Argument and Citation to Legal Authorities

### A. Plaintiffs provide no evidence of any actual notice of rescission

Noticeably absent from Plaintiffs' Motion or statement of undisputed facts is any evidence whatsoever of their purported TILA rescission notice. Although Plaintiffs refer to a rescission notice dated August 9, 2013, Plaintiffs do not submit a copy of such notice. At the summary judgment stage, Plaintiffs have done nothing more than allege a TILA rescission notice was sent and their claim is due to be rejected on that ground alone.

### B. Post-*Jesinoski* decisions confirm Plaintiffs' TILA rescission claim is barred by *res judicata*

Any TILA rescission claim accrued on November 19, 2012, the date of consummation. Thus, when Plaintiffs filed *Bennett I* in October 2013, the TILA rescission claim should have been included among the voluminous other claims filed by Plaintiffs. Based on the Court's judgment in *Bennett I*, Plaintiffs' TILA rescission claim (and all other claims related to the subject Note, Security Deed, and property) and is now barred by *res judicata* and claim preclusion. Plaintiffs are attempting to re-litigate claims that were either raised in *Bennett I* or could have been raised in *Bennett I*.

The Supreme Court's decision in *Jesinoski* does not afford Plaintiffs a "do over" with respect to their TILA rescission claim. The application of *res judicata*

has been fully considered in the context of lawsuits involving mortgage loans – specifically in the wake of the *Jesinoski* decision. As other similar cases have demonstrated, where a borrower has previously litigated matters relating to their mortgage loan, the borrower is precluded from attempting to raise a TILA rescission claim as a wholly new claim. *See* Def. Mot., Doc. 55 at 10-11 (citing multiple cases); *see also*, *Kirby v. Ocwen Loan Servicing, LLC, et al.*, No. 15-5089, -- Fed.Appx --, 2016 WL 457303, at *1 (10th Cir. Feb. 5, 2016) (affirming trial court's *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) of pro se litigant's TILA rescission claim as barred by *res judicata* where there was a previously-dismissed complaint and stating "*Jesinoski* has no bearing on whether Appellants could have brought the TILA claims during the First Suit"); *Mitchell v. Deutsche Bank National Trust Co., et al.*, No. C 15-05006-JSW, 2016 WL 269894, at *2-3 (N.D. Cal. Jan. 22, 2016) (TILA claim barred *res judicata* where the borrower could have raised the TILA challenge during litigation challenging foreclosure proceedings and finding *Jesinoski* decision to be "inapposite"); *Tyson v. Nationstar Mortg., LLC*, No. 15-cv-01548-BLF, 2016 WL 39903, at *4 (N.D. Cal. Jan. 4, 2016) (TILA rescission claim barred by adjudication on the merits in prior state court litigation, even after *Jesinoski* decision). Plaintiffs' TILA rescission claim is barred by the doctrines of *res judicata* and claim preclusion and judgment should be granted to Defendant.

### 1. Post-*Jesinoski* decisions confirm Plaintiffs' obligation to tender

Plaintiffs' Response does not allege an *ability* to tender the loan proceeds or even suggest an *intent* to tender the loan proceeds in connection with their TILA rescission claim. Instead, Plaintiffs unabashedly assert that they are entitled to a free house, despite owing for their August 2013 payment even when they filed their lawsuit in *Bennett I*. (*See* Doc. 55-2, ¶ 9). Plaintiffs contend they have absolutely no obligation to tender the loan proceeds (Doc. 62-1 at 20). Plaintiffs are wrong.

In their misunderstanding of the holding in *Jesinoski*, Plaintiffs fail to recognize that the Supreme Court did not disturb the fundamental concepts in a rescission analysis and the tender requirement. Courts considering the issue after *Jesinoski* have made clear that a borrower's inability or unwillingness to timely tender the loan proceeds should preclude any attempt at rescission. *See In re Kelley*, AP No. 10-5245, 2016 WL 281647, at *8 n.5 (Bankr. N.D. Cal. Jan. 21, 2016) (dismissing TILA rescission claim based, in part, on inability to tender and finding "[*Jesinoski*] did not hold, as Debtor appears to contend, that a loan is rescinded on notice and borrowers have no further obligation to perform if the lender does not respond.) At some point after giving notice of rescission, borrowers must make the appropriate rescission payment to obtain the unencumbered property"). The Court maintains the discretion to require the borrower to establish the ability to tender the

loan proceeds in order to administrate the rescission process and should exercise that discretion here.[2]

### C. Plaintiffs' New Theories in their Response Fail to State a TILA Violation and Necessarily Fail to State a Claim for Rescission under TILA

Beyond the procedural reasons to dismiss Plaintiffs' TILA claims, Plaintiffs' rescission claims fail as a matter of law because there is no TILA violation. Further, Plaintiffs may not amend their complaint and include new theories through argument in a brief opposing summary judgment. *See Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004). As set out in Defendant's Motion and supporting materials, (Doc. 55-2 to 55-8) all TILA material disclosures were provided as required by 12 C.F.R. Part 1026. (Doc. 55 at 12–18). Although Plaintiffs fail to articulate with specificity the alleged TILA violation, Defendant will address the contentions, to the extent they are not fully addressed in Defendant's Motion.

---

[2] Based on numerous statements asserted by Plaintiffs in the litigation against Defendant, there is no reasonable basis to assume Plaintiffs have the ability to tender the loan proceeds.

1. **Plaintiffs' allegation related to disbursement of an unexplained "$1,000" is vague and does not support a TILA violation**

Plaintiffs assert a vague allegation to "$1,000 that is unaccounted for (A RESPA violation)" (Doc. 62-1 at 18; Doc. 62-4 at 2). Plaintiffs provide no evidentiary support for the claim, but merely attach a disbursement ledger from the settlement agent without evidentiary support. The disbursement ledger is not a "material disclosure" under TILA and otherwise does not relate to a disclosure giving rise to a rescission claim under TILA. *See* 12 C.F.R. § 1026.23(a)(3)(ii). Therefore, Plaintiffs do not state a cognizable claim under TILA.

2. **Plaintiffs' billing statement is not a material disclosure under TILA and cannot support a rescission right under TILA**

In their Amended Complaint, Plaintiffs allege their billing statement violates TILA because the amount stated on the truth in lending statement does not match the amount on the billing statement from Ocwen. (Doc. 53, Am. Complaint, ¶¶ 44, 51). As a threshold matter, the Court need not consider any difference in the monthly payment amounts because the billing statement is not a material disclosure under TILA. Thus, any allegation related to Plaintiffs' billing statement does not give rise to a rescission claim under TILA.

### a. Any claim related to the billing statement is barred by *res judicata*

The Plaintiff identifies the alleged error in the billing statement occurred in the March 2013 billing statement. (*See* Doc. 62-3 [billing statement date of March 7, 2013]). Thus, the claim accrued at the latest in March 2013 and was known to Plaintiffs when *Bennett I* was filed.[3] As with all other claims related to Plaintiffs' loan, any claim relating to the billing statement violates is barred by the doctrine of *res judicata*. In *Bennett I*, Plaintiffs alleged a host of claims related to the amount of the monthly payments, the application of payments to the account by Defendant, and Defendant's alleged failure to make corrections to the account. Plaintiffs specifically alleged violations of RESPA based on the same or similar facts.[4] Accordingly, the claim is barred by *res judicata* and should be denied.

### b. Any claim related to the billing statement is barred by the statute of limitations

Even if the claim is not barred by *res judicata*, any claim related to Plaintiffs' billing statement is barred by the one-year statute of limitations under TILA, which is measured from the *first occurrence* of the violation. 15 U.S.C. § 1640(e); 15

---

[3] As the first payment on the subject loan was due in January 2013, the likely accrued earlier than March 2013. (*See* Doc. 55-3 [promissory note, ¶ 4(A), showing first payment due date of January 1, 2013]).

[4] Any claim arising under the Real Estate Settlement and Procedures Act (RESPA), 12 U.S.C. § 2605, *et seq*., was dismissed. (*See Bennett I*, Doc. 60 at 13-18; Doc. 118).

U.S.C. § 1638(f). Judge Story considered claims related to billing statements arising under section 1638(f) of TILA and applied the one-year limitations period in TILA. 15 U.S.C. § 1640(e). *See Crawford v. Green Tree Services, LLC*, 2:14-cv-279-RWS, 2015 WL 1478891, at *3-4 (N.D. Ga. Mar. 31, 2015). In *Crawford*, the Court noted on the Eleventh Circuit has held that a nondisclosure violation "is not a continuing violation for purposes of the statute of limitations." *Id.* at *3 (citations omitted). Even assuming, arguendo, that the first occurrence of the violation with the billing statement occurred in March 2013 (rather than at consummation on November 19, 2012), the claim is time barred. Plaintiffs' complaint in this action was filed on May 20, 2014, more than one year after Plaintiffs received the March 2013 billing statement.[5]

### D. All remaining claims by Plaintiffs are barred by *res judicata* or should be denied as not enumerated in the Amended Complaint

Plaintiffs' Response attempt to assert new claims that were not included in their Amended Complaint (Doc. 53) or claims that are barred under *res judicata*.[6]

---

[5] A TILA violation is measured from the date of consummation. *Smith v. Am. Fin. Sys., Inc. (In re Smith)*, 737 F.2d 1549, 1552 (11th Cir. 1984). The date of consummation is November 19, 2012. (*See* Doc. 55-3, promissory note).

[6] Plaintiffs' claim for prescriptive title was addressed in Defendant's Motion and is otherwise barred by *res judicata*. (Doc. 55 at 24-25). Plaintiffs' contentions related to "claims of felonies" are not actionable under federal or Georgia law and are fully addressed in Defendant's Motion. (Doc. 55 at 24).

Plaintiffs may not amend their complaint through argument in a brief opposing summary judgment. See *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004).

   1. **Unconscionability Claims are Outside the Pleadings and Otherwise Barred by** *res judicata*

Any claims for "unconscionability" (Doc. 62-1 at 16) are not asserted in Plaintiffs' Amended Complaint (Doc. 53) and should be denied. Such claims are also barred under *res judicata* as a matter relating to the subject loan that could have been brought in *Bennett I. See White v. Wachovia Bank, N.A.*, 563 F.Supp.2d 1358, 1370-71 (N.D. Ga. 2008) (dismissing unconscionability claim).

   2. **Claims Related to the Notice of Ownership Transfer are Outside the Pleadings and Otherwise Barred by** *res judicata*

In their Response, Plaintiffs contend the Notice of Ownership Transfer constitutes a violation. The claim is not enumerated or supported in the Amended Complaint. Without waiving its argument that the claims are barred as a matter of procedure, any such claim fails as a matter of law. A loan servicer, such as Defendant Ocwen, is exempt from the requirement to send the Notice of Ownership Transfer. *See* 12 C.F.R. § 1026.39(a)(1) ("For the purposes of this section, a servicer of a mortgage loan shall not be treated as the owner of the obligation if the servicer holds title to the loan, or title is assigned to the servicer, solely for the administrative

convenience of the servicer in servicing the obligation"); *Rider v. HSBC Mortg. Corp. (USA)*, No. 1:12-cv-925, 2013 WL 3901519, at *4-5 (S.D. Ohio July 29, 2013) (dismissing allegations against servicer related to ownership transfer notice).

### 3. Claims Arising under the Fair Credit Reporting Act are Outside the Pleadings and barred by *res judicata*

A claim arising under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s, is outside the pleadings and the mere mention of credit reporting fails to support a viable claim. Without waiving any argument that the claim is procedurally barred by *res judicata*,[7] the Response fails to provide any factual support for the FCRA claim. The sole basis for Plaintiffs claim is the mistaken theory that a loan is automatically "void" if a mortgagor sends a TILA rescission notice. Plaintiffs have neither cited to the record nor identified any legal basis supporting their FCRA claim. Accordingly, judgment should be granted to Defendant.

## II. Conclusion

For the reasons set forth above, Defendant's Motion should be granted and judgment issued in favor of Defendant.

Respectfully submitted this 10th day of February, 2016.

/s/Keith S. Anderson
Keith S. Anderson (GA Bar No. 136246)

---

[7] In *Bennett I*, Plaintiffs alleged that Defendant failed to correct false reporting to the credit bureaus. (*See* Bennett I, Doc. 16 ¶¶ 74-75).

10

Bradley Arant Boult Cummings, LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
Email: kanderson@babc.com

A. Michelle Canter (GA Bar No. 108097)
Bradley Arant Boult Cummings LLP
4720 Peachtree Industrial Blvd, #106
Norcross, GA 30071
Telephone: (678) 496-2580
Facsimile: (205) 521-8800
Email: mcanter@babc.com
Attorneys for Defendant Ocwen Loan
Servicing, LLC

## LR 7.1D CERTIFICATION

I hereby certify that the foregoing brief was prepared in Times New Roman 14 as approved by the Court in LR 5.1B.

/s/ Keith S. Anderson
Keith S. Anderson

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2016, I served a copy of the foregoing via United States Mail, first-class postage prepaid to the following:

Cobrey and Maryam Bennett
965 Summerfield Drive
Cumming, GA 30040

/s/Keith S. Anderson
Keith S. Anderson