# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| COBREY BENNETT and MARYAM BENNETT, | : | CIVIL ACTION NO. |
| | : | 2:15-cv-170-WCO-JCF |
| | : | ("*Bennett II*") |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 2:16-cv-14-WCO-JCF |
| | : | ("*Bennett V*") |
| OCWEN LOAN SERVICING, LLC, | : | |
| | : | |
| Defendant. | : | |

## ORDER and FINAL REPORT AND RECOMMENDATION

Before this Court are the legal filings of Plaintiffs Maryam and Cobrey Bennett. Despite this Court's previous consolidation order, merging together three separate actions filed by Plaintiffs, after already reaching a conclusion on their previous case, Defendant has removed from Superior Court yet another case filed by Plaintiffs (case no. 2:16-cv-14). Before the undersigned are Defendant Ocwen Loan Servicing, LLC's Motions To Consolidate.[1] Defendant has also filed a Motion For Summary Judgment in case number 2:15-cv-170 ("*Bennett II*") (Doc. 55) and Motion To Dismiss in the subsequently filed case (Doc. 4). Plaintiffs have filed their own Motion For Summary Judgment in *Bennett II* (Doc. 62).

---

[1] Separate consolidation motions have been filed in both *Bennett v. Ocwen Loan Servicing*, 2:15-cv-170 (Doc. 60) and *Bennett v. Ocwen Loan Servicing*, 2:16-CV-14 (Doc. 3).

## BACKGROUND

Resolution of these motions requires familiarity with five cases, each featuring the same parties, the same loan, and the same piece of property. In comparison to the procedural history, the facts relevant to the outcome of these motions are fairly simple: Plaintiff Cobrey Bennett obtained a mortgage loan in the amount of $284,000 from Mortgage Services III, LLC (MSIII), secured by property located at 965 Summerfield Drive, Cumming, Ga. 30040, as evidenced by a promissory note executed by Cobrey Bennett in favor of MSIII and its successors and assigns. (Def. SMF ¶ 1; Doc. 55-3). Plaintiffs Cobrey Bennett and Maryam Bennett signed a security deed in favor of Mortgage Registration Systems, Inc. (MERS) as nominee for MSIII and its successors and assigns on November 19, 2012, which was recorded on November 30, 2012 in Forsyth County, Ga. at Deed Book 6493, Page 185. (Def. SMF ¶ 2; Doc. 1-2 at 28-35). Also on November 19, 2012, Plaintiffs each signed a notice of right to cancel form and acknowledged receipt of a completed copy of the Federal Truth in lending Disclosure Statement and an itemization of the amount financed. (Def. SMF ¶¶ 3-4; Docs. 55-2, 55-3, 55-4, 55-5). Also on November 19, 2012, Plaintiff Cobrey Bennett certified receiving a copy of the HUD-1 statement. (Def. SMF ¶ 5; Doc. 55-6).

At some point, Defendant Ocwen obtained the servicing rights on the loan which has a current outstanding principal balance of $282,123.01. (Def. SMF ¶ 7-

8). Plaintiffs have been in default under the terms of the note and security deed since August 2013. (Def. SMF ¶ 9). In 2013, Plaintiffs filed a lawsuit against Ocwen, *Bennett v. Ocwen Loan Servicing*, 2:13-cv-243, ("*Bennett I*"), which was terminated in favor of Defendant by a judgment entered on April 22, 2015. (*Bennett I*, Doc. 119). Plaintiffs appealed to the Eleventh Circuit, which dismissed the appeal for want of prosecution by Order on August 10, 2015. (*See Bennett I*, Doc. 136).

While *Bennett I* was pending, Plaintiffs filed another case concerning the same property against Ocwen in the Superior Court of Forsyth County, Georgia. *Bennett v. Ocwen Loan Servicing*, 2:15-cv-170, ("*Bennett II*"). After Plaintiffs raised a federal TILA claim in that case, Defendant removed it to this Court. (*Bennett II*, Doc. 1). On October 5, 2015, the undersigned entered a Report and Recommendation, recommending that Plaintiffs' motion to remand be denied because they had raised a federal claim in the state court case, and also recommending that Plaintiffs be directed to file an amended complaint to clarify their claims.[2] (*Bennett II*, Doc. 44).

Plaintiffs did not object to the Report and Recommendation, and it was adopted by the District Judge. (*Bennett II*, Doc. 52). The District Judge directed

---

[2] Rather than waiting for the District Judge to consider the Report and Recommendation as directed, and without seeking leave of the Court, Plaintiffs filed an amended complaint which again raised a TILA claim. (*See Bennett II*, Doc. 48).

Plaintiffs to file an amended complaint to make clear what claims they sought to pursue. (*See id.*). While the Court was dealing with these issues, within days of the entry of the Report and Recommendation by the undersigned, Plaintiffs filed two more lawsuits in Forsyth County. One, filed in the Superior Court of Forsyth County, was removed to this Court on October 28, 2015. *Bennett v. Ocwen Loan Servicing*, 2:15-cv-216 ("*Bennett III*"). The complaint in that case is captioned as a "Motion For Declaratory Judgment" and it essentially takes exception with the undersigned's Report and Recommendation in *Bennett II*. At its core, *Bennett III* was just another effort to advance the TILA claims at issue in its predecessor, *Bennett II*.

Plaintiffs also filed a case in the Magistrate Court of Forsyth County which Ocwen removed to this Court on October 28, 2015. *Bennett v. Ocwen Loan Servicing*, 2:15-cv-217 ("*Bennett IV*"). In that case, Plaintiffs asserted, among other things, "We are filing this lawsuit to collect damages due to [] violations of TILA and RESPA . . . ." (*See Bennett IV*, Doc. 1-1 at 1). Defendant moved to consolidate *Bennett II, III,* and *IV* (*Bennett II*, Doc. 50) and on October 30, 2015, the undersigned granted the motion, consolidating the three actions into case number 2:15-cv-170 (*Bennett II*, Doc. 51).

Plaintiffs filed yet another action on December 21, 2015 in the Superior Court of Forsyth County, once again against Ocwen and once again concerned

with the same property and the same loan. *Bennett v. Ocwen Loan Servicing*, 2:15-cv-216 ("*Bennett V*"). Plaintiffs' filing in state court is titled "Motion For New Trial/Remand & Default Judgment With Prejudice." (*See Bennett V*, Doc. 1-1). Plaintiffs' action features a preamble decrying the abuses of this Court demanding that the action must not be removed to federal court. (*Bennett V*, Doc. 1-3). Plaintiffs once again assert "Lawful Reasons for Recession Under TILA" as part of the complaint, which, as been explained previously, raises a federal question since TILA is a federal statute. (*Bennett V*, Doc. 6-7). Defendant removed the case to this Court on January 19, 2016 (*Bennett V*, Doc. 1) and Plaintiffs have not opposed the removal in that particular action.

On January 19, 2016, Defendant filed a motion to consolidate *Bennett V* with the other three previous cases. (*Bennett V*, Doc. 3). On January 26, 2016, Defendant also filed a Motion To Dismiss For Failure To State A Claim in *Bennett V*. (*Id*., Doc. 4).[3] In *Bennett II*, Defendant filed a motion for summary judgment on January 4, 2016. (*Bennett II*, Doc. 55). While moving to consolidate in *Bennett V*, Defendant also filed a motion in this case to have the two cases consolidated. (*Bennett II*, Doc. 60). On January 27, 2016, Plaintiffs filed a motion for summary judgment (*Bennett II*, Doc. 62) which also serves as a self-described response to Defendant's motion for summary judgment.

---

[3] Plaintiffs have not responded to either motion.

On February 8, 2016, Plaintiffs filed a response in opposition to the motion to consolidate. (*Bennett II*, Doc. 64). On February 10, 2016, Defendant filed a response in opposition to Plaintiffs' motion for summary judgment (*Bennett II*, Doc. 65) and a reply with regards to its motion to consolidate (*Bennett II*, Doc. 66). Plaintiffs filed a reply supporting their motion for summary judgment on February 22, 2016. (*Bennett II*, Doc. 67).[4] The undersigned now addresses the pending motions.

## DISCUSSION

### I. Consolidation (*Bennett II*, Doc. 60; *Bennett V*, Doc. 3)

Rule 42 addresses consolidation and provides as follows:

(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
    (1) join for hearing or trial any or all matters at issue in the actions;
    (2) consolidate the actions; or
    (3) issue any other orders to avoid necessary cost or delay.

FED. R. CIV. P. 42 (a). While here Defendant has filed a motion, "The law is clear that district courts are authorized to consolidate cases for trial *sua sponte,* without a motion from the parties." *Pigott v. Sanibel Dev., LLC*, No. CIV.A. 07-0083-WS-C, 2007 WL 3245019, at *1 (S.D. Ala. Nov. 1, 2007). A decision on consolidation

---

[4] Plaintiffs have also filed motions for the recusal of the undersigned as well as United States District Judge William C. O'Kelley, and accused each, as well as Defendant's counsel, of various crimes. Those motions have been dealt with appropriately and the undersigned will not give Plaintiffs' allegations any further attention by discussing them here. (*See Bennett I*, Doc. 137; *Bennett II*, Docs. 47, 52).

is a non-dispositive ruling, so the undersigned may resolve this issue by order. *Carcaise v. Cemex, Inc.*, 217 F. Supp. 2d 603, 604 (W.D. Pa. 2002) (citing *Trafalgar Power, Inc. v. Aetna Life Ins. Co.,* 131 F. Supp. 2d 341, 343 (N.D.N.Y.2001) (motion for consolidation is one for "non-dispositive relief")).

Rule 42 "codifies a district court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Young v. City of Augusta,* 59 F.3d 1160, 1168 (11th Cir.1995) (internal quotations omitted). Although the decision to consolidate cases is committed to the sound discretion of the trial court, *id.* (Rule 42(a) "is permissive and vests a purely discretionary power in the district court.") (quotations omitted)); *Hendrix v. Raybestos–Manhattan, Inc.,* 776 F.2d 1492, 1495 (11th Cir.1985) ("A district court's decision under Rule 42(a) is purely discretionary."), that discretion has limits. As the text of Rule 42(a) makes clear, a trial court may consolidate cases only when (1) the actions involve a common question of law or fact and (2) they are pending before the same court. FED. R. CIV. P. 42(a); *see Hargett v. Valley Fed. Sav. Bank,* 60 F.3d 754, 765 (11th Cir.1995); *In re Consol. Parlodel Lit.,* 182 F.R.D. 441, 444 (D.N.J.1998) ("A common question of law or fact shared by all of the cases is a prerequisite for consolidation.").

Where the common question of law or fact requirement has been satisfied,

trial courts in the Eleventh Circuit are "encouraged ... to 'make good use of Rule 42(a) ... in order to expedite the trial and eliminate unnecessary repetition and confusion.' " *Hendrix,* 776 F.2d at 1495 (quoting *Dupont v. S. Pac. Co.,* 366 F.2d 193, 195 (5th Cir.1966)). But, "the mere existence of common issues, although a prerequisite to consolidation, does not mandate a joint trial." *Cedar–Sinai Med. Ctr. v. Revlon, Inc.,* 111 F.R.D. 24, 32 (D.Del.1986). Rather, in determining whether consolidation is appropriate, the court must assess " 'whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.' " *Hendrix,* 776 F.2d at 1495 (quoting *Arnold v. E. Air Lines, Inc.,* 681 F.2d 186, 193 (4th Cir.1982)). Thus, even though "consolidation may enhance judicial efficiency, '[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial.' " *In re Repetitive Stress Injury Litig.,* 11 F.3d 368, 373 (2d Cir.1993) (quoting *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1285 (2d Cir.1990)). The party seeking consolidation bears the burden of establishing that consolidation under Rule 42(a) is appropriate. *In re Repetitive Stress Injury Litig.,* 11 F.3d at 373; *Servants of Paraclete, Inc. v. Great Am. Ins. Co.,* 866 F. Supp.

1560, 1572 (D.N.M.1994); *Powell v. Nat. Football League,* 764 F. Supp. 1351, 1359 (D.Minn.1991).

Here, the cases involve the same parties, the same loan, and the same property. The complaint advances Plaintiffs' TILA claim which was asserted in *Bennett II* and resulted in the removal of that case to this Court. Plaintiffs' most recent case, *Bennett V*, simply reflects Plaintiffs' most recent attempt to avoid the jurisdiction of this Court to assert in state court the TILA claim the undersigned concluded was properly removed. (*See Bennett II*, Doc. 44). Two previous cases filed by Plaintiffs have already been consolidated into *Bennett II*. Under these circumstances, where the Plaintiffs have essentially raised the same issue and same set of facts in now five different lawsuits before this Court, common questions of law or fact exist, so consolidation is appropriate. Defendant's Motion For Consolidation is due to be **GRANTED**, and the Clerk is **DIRECTED** to consolidate *Bennett V* into *Bennett II*.

## II.     Defendant's Motion For Summary Judgment (*Bennett II*, Doc. 55)

### a.  Summary Judgment Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support that assertion by[] . . . citing to particular parts of materials

in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1). The moving party has an initial burden of informing the court of the basis for the motion and showing that there is no genuine issue of material fact. *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986); *see also Arnold v. Litton Loan Servicing*, *LP*, No. 1:08-cv-2623-WSD, 2009 WL 5200292, at *4 (N.D. Ga. Dec. 23, 2009) ("The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact." (citing *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1246 (11th Cir. 1999))). If the non-moving party will bear the burden of proving the material issue at trial, then in order to defeat summary judgment, they must respond by going beyond the pleadings, and by their own affidavits, or by the discovery on file, identify facts sufficient to establish the existence of a genuine issue for trial. *See Celotex*, 477 U.S. at 322, 324. "No genuine issue of material fact exists if a party has failed to 'make a showing sufficient to establish the existence of an element . . . on which that party will bear the burden of proof at trial.' " *AFL-CIO v. City of Miami*, 637 F.3d 1178, 1186-87 (11th Cir. 2011) (quoting *Celotex*, 477 U.S. at 322).

Furthermore, "[a] nonmoving party, opposing a motion for summary judgment supported by affidavits[,] cannot meet the burden of coming forth with

relevant competent evidence by simply relying on legal conclusions or evidence which would be inadmissible at trial." *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991), *cert. denied*, 506 U.S. 952 (1992); *see also* FED. R. CIV. P. 56(c)(1)(B), (c)(4). The evidence "cannot consist of conclusory allegations or legal conclusions." *Avirgan*, 932 F.2d at 1577. Unsupported self-serving statements by the party opposing summary judgment are insufficient to avoid summary judgment. *See Midwestern Waffles, Inc. v. Waffle House, Inc.*, 734 F.2d 705, 714 (11th Cir. 1984).

For a dispute about a material fact to be "genuine," the evidence must be such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted). It is not the court's function at the summary judgment stage to determine credibility or decide the truth of the matter. *Id.* at 249, 255. Rather, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [the nonmovant's] favor." *Id.* at 255.

### b. Res Judicata

"The general principle of res judicata prevents the relitigation of issues and claims already decided by a competent court." *Cmty. State Bank v. Strong*, 651

F.3d 1241, 1263 (11th Cir. 2011). "Res judicata comes in two forms: claim preclusion (traditional 'res judicata') and issue preclusion (also known as 'collateral estoppel')." *Id.* "While claim preclusion bars repetitious suits involving the same cause of action . . . , issue preclusion precludes the re-adjudication of the same issue, where the issue was actually litigated and decided in the previous adjudication, even if it arises in the context of a different cause of action." *Id.* at 1263-64.

As the Eleventh Circuit has stated:

It is by now hornbook law that the doctrine of res judicata "bars the filing of claims which were raised or could have been raised in an earlier proceeding." For res judicata to bar a subsequent case, four elements must be present: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases."

…

As for the fourth element, two cases are generally considered to involve the same cause of action if the latter case "arises out of the same nucleus of operative fact, or is based upon the same factual predicate," as the former one. "*Res judicata* acts as a bar 'not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.'

*Maldonado v. U.S. Atty. Gen.*, 664 F.3d 1369, 1375-76 (11th Cir. 2011) (internal citation omitted).

The first element of *res judicata* is met as these issues were actually litigated and necessarily decided on the merits. In their first case, Plaintiffs raised 15

claims. (*See Bennett I*, Doc. 1). Thirteen of those claims were dismissed for failure to state a claim (*see Bennett I*, Docs. 60, 74) and Defendant was granted summary judgment as to the remaining claims (*see Bennett I*, Docs. 115, 118). Plaintiffs appealed, but the appeal was dismissed. (*See Bennett I*, Doc. 136). Plaintiffs had their opportunity to raise their claims, and they raised many claims, all of which surrounded this mortgage, loan, and security deed and their interactions with Defendant Ocwen, and a final adjudication on the merits was rendered against them.

The second element of *res judicata* is met as the previous case was before this Court, which is considered a "court of competent jurisdiction." *See Swindell v. Fla. E. Coast Ry. Co.*, 178 Fed. Appx. 989, 991 (11th Cir. 2006). Next, the third element of *res judicata* is met as the parties in all five of these actions have been identical. Finally, the fourth element is satisfied as all five of these cases assert various allegations against Defendant, many of them overlapping, all challenging Defendant's ability to foreclose upon the property and raising various challenges to the security deed and note. Thus, these cases all arise "out of the same nucleus of operative fact." *Maldonado*, 664 F.3d at 1376; *see also McGrue v. Saxon Mortg. Servs.*, No. 1:10-cv-1678, 2010 WL 2838404, at *2 (N.D. Ga. July 19, 2010) ("Two cases involve the same causes of action when there is a commonality in the nucleus of operative facts of the motion…The causes of action are not required to

be identical in both cases so long as there is the same nucleus of operative facts between the two cases.").

Plaintiffs' persistent invocation of a recent Supreme Court case does not change this outcome. In January 2015, the Supreme Court ruled that a borrower exercising his right to rescind under TILA only must provide written notice within the one or three year time period, not actually file suit within that time. *See Jesinoski v. Countrywide Home Loans Inc.*, 135 S.Ct. 790 (2015). This decision apparently sparked the recent firestorm of suits filed by Plaintiffs as each relies on a purported TILA rescission notification on August 9, 2013. *Bennett I* was filed in state court on September 24, 2013 but did not mention a TILA rescission notice. (*See Bennett I* Doc. 1-2). Plaintiffs had ample opportunity to pursue this legal theory in *Bennett I* and did not do so. Many cases since *Jesinoski* have made clear that case does not provide an opportunity for litigants to avoid *res judicata* to litigate previously decided controversies. *See Kirby v. Ocwen Loan Servicing LLC*, No. 15-5089, 2016 WL 457303, at *3 (10th Cir. Feb. 5, 2016) ("Although *Jesinoski* was decided between the dismissal of the First Suit and the filing of the Second Suit, it did not amount to a change in controlling law…*Jesinoski* has no bearing on whether Appellants could have brought the TILA claims during the first suit."); *Tyson v. Nationstar Mortgage LLC*, No. 15-CV-01548-BLF, 2016 WL 39903, at *4 (Jan. 4, 2016) (finding that *Jesinoski* had no bearing on previous

decision on TILA rescission).  Nothing about the holding in *Jesinoski* changed Plaintiffs' rights or this Court's decision in *Bennett I*.  *Jesinoski* considered whether a plaintiff could pursue an action after having provided written notice within the time allowed by TILA, but without filing a claim until after the statute of limitations had run.  *See Kirby*, 2016 WL 457303 at *3 ("*Jesinoski* does not address whether a residential mortgage can be rescinded under TILA, nor does it change any other law.  Rather, it resolves uncertainly as to how a loan under TILA may be rescinded by stating 'a borrower need only provide written notice to a lender in order to exercise his right to rescind.' " (quoting *Jesinoski*, 135 S.Ct. at 793)); *see also Wane v. Loan Co.*, No. 15-13951, 2016 WL 2849477 (11th Cir. May 16, 2016) (denying a motion to rehear a case as *Jesinoski* did not change the basis for denying rescission claim).

The well-worn adage "if at first you don't succeed, try, try again," is good advice in many matters.  In the judicial system, the principle of finality requires parties to bring whatever claims are available against their adversary or risk losing them.  Here, Plaintiffs elected not to bring a TILA claim in *Bennett I*, and the final adjudication of that case on the merits prevents them from doing so now. Accordingly it is **RECOMMENDED** that Defendant's motion for summary judgment be **GRANTED** as to all claims on the basis of *res judicata*.

### c.  Merits Of Plaintiffs' Claims

Despite the fact that Plaintiffs' claims are barred by *res judicata*, the undersigned will still analyze Plaintiffs' new claims and explain why these claims fail under the law and the facts. The undersigned will particularly focus on Plaintiffs' argument that they have a right to rescind under TILA, since that idea appears to be the catalyst for latest flurry of renewed litigation.

### i. TILA Claim For Rescission

Plaintiffs believe that they are entitled to a rescission of their loan as, according to Plaintiff, they sent a letter to the lender indicating their desire to rescind within the period allowed by law. Ocwen has moved to dismiss this claim on a number of grounds: (1) Plaintiffs' theory that rescission occurs automatically if a letter is sent to a letter is legally inaccurate; (2) Plaintiffs have failed to bring the action within the statute of limitations; (3) there are not facts to indicate a TILA violation giving rise to the extended rescission right; and (4) Plaintiffs have failed to allege, or provide evidence, that they are able to tender funds in order to complete a TILA rescission. (Doc. 55 at 6-18).[5] Defendant is correct on all four of these arguments; as explained below, Plaintiffs' claim for rescission fails for each of these reasons.

Plaintiffs seek rescission pursuant to the Truth in Lending Act, 15 U.S.C. §

---

[5] As discussed below, to properly rescind, the law requires Plaintiffs to do more than simply indicate that they wanted to rescind. Therefore, the undersigned need not discuss Defendant's arguments that the claim is time barred or that there are no facts presented that give rise to an extended rescission.

1601 *et seq*., for failure to make certain disclosures under the Act. (*See* Doc. 1 at 12). Plaintiffs claim that they sent a letter announcing the rescission to Defendant but merely sending a letter, despite what Plaintiffs believe, does not mean that the loan magically disappears, even after the Court's finding in *Jesinoski* discussed above. *See In Re Kelly*, 545 B.R. 1, 12 n.5 (Bankr. N.D. Cal. 2016) (*Jesinoski* "did not hold…that a loan is rescinded on notice and borrowers have no further obligation to perform if the lender does not respond. At some point after giving notice of rescission, borrowers must make the appropriate rescission payment to obtain the unencumbered property."). It is well settled that the mere act of sending correspondence asserting a right to rescind and stating an intention to exercise that right is not all that is required to actually rescind the loan. After providing the notice of rescission, a plaintiff is still required to, within a year, bring an action to actually rescind the loan. 15 U.S.C. § 1640(a); *see also Frazile v. EMC Mortg. Corp.*, 382 Fed. Appx. 833, 839 (11th Cir. 2010).

Plaintiffs allege that they sent a rescission notice on August 9, 2013 (although the notice does not even mention TILA). Plaintiffs did not seek TILA rescission in their first suit; the issue was not raised until this case filed in 2015. Therefore, even if Plaintiffs had grounds to rescind the mortgage, they have not followed the proper procedures clearly laid out in the statute by filing an action to actually rescind the mortgage (or completed the steps that a rescission would

require, including return of the original mortgage amount). *Jackson v. Bank of Am., N.A.*, No. 7:14-CV-82 (HL), 2015 WL 5684121, at *3 (M.D. Ga. Sept. 28, 2015).

Even if Plaintiffs had sent a notice to rescind and followed the proper steps to carry out that rescission, had done so within the statute of limitations, and had shown TILA violations which give rise to the right to rescind, Plaintiffs claim for rescission would still fail as they have made no allegation, nor shown any evidence that they would be able to repay the amount tendered. Rescission undoes the deal between the parties and places them back in the positions they occupied before entering into their agreement. To be entitled to rescission under TILA, Plaintiffs would be required to return the money they borrowed. *See Hennington v. Bank of Am.*, No. 1:10-CV-1350-WSD-JKF, 2010 WL 5860296, at *9 (N.D. Ga. Dec. 21 2010), *adopted by* 2011 WL 705173 (Feb. 18, 2011). "[B]ecause restoring the parties to the status quo is an element of a rescission claim, Plaintiffs would have to prove the ability to tender the loan proceeds to prevail." *Renfrow v. First Mortg. Am., Inc.*, No. 08-80233-CIV, 2011 WL 2416247, at *3 (S.D. Fla. June 13, 2011). Plaintiffs have not alleged that they are in a position to make such a tender.

Because Plaintiffs mere declaration that they have rescinded the mortgage is insufficient, and Plaintiffs have not established that they could tender the amount of the mortgage even if rescission were appropriate, Plaintiffs' TILA claim for

rescission fails, even if it were not barred by *res judicata*.

### ii. Prescriptive Title

Plaintiffs further appear to assert a claim that they have acquired prescriptive title to the property. However, the law of Georgia is very clear that adverse possession cannot be used as a tool to severe the rights of the holder of a note or security deed. "Prescription shall not run against the owner or holder of a mortgage, a deed to secure debt, a bill of sale to secure debt, or any other instrument creating a lien on or conveying an interest in real or personal property as security for debt in favor of a person who has actual or constructive notice of such instrument." O.C.G.A. § 44-5-176. Plaintiffs have not alleged that they lacked notice of the security deed, and as discussed in the first case they have no arguments against the validity of the security deed, therefore, as a matter of law they cannot claim that adverse possession operates to extinguish their obligations under the mortgage. *See Vasko v. United States*, 581 Fed. Appx. 984, 989 (Fed. Cir. 2014) (finding that under Georgia law there can be no adverse possession if a security deed was operative over the land and the individual claiming possession has actual or constructive notice of such).

### iii. Remaining Claims

Any other claims which could possibly be construed from any of Plaintiffs' Complaints are precluded by *res judicata*. The Court already found on the merits

that Plaintiffs had no claims stemming from the note, security deed, or any failed attempts at modification. (*See Bennett I* at Doc. 60 (explaining why Plaintiffs' allegations such as the inability to obtain a loan modification cannot set forth a claim as Defendant is under no obligation to modify Plaintiffs' loan)).

Further, Plaintiffs appear to attempt to bring claims under 18 U.S.C. § 1517, however, that is a criminal statute which does not create a private cause of action. *Townsend v. Pub. Storage Inc.*, No. 1:13-CV-1600-TJM, 2014 WL 1764432, at *4 (N.D.N.Y. Apr. 30, 2014) *adopted* by 2014 WL 7212964 (Dec. 17, 2014). Plaintiffs' demands that this Court take Plaintiffs' "offers of felonies committed" is not a cognizable claim. If Plaintiffs believe that a crime has taken place then a civil lawsuit is not the appropriate vehicle to raise such an issue.

Accordingly, any claims which could possibly be construed from Plaintiffs' filings has either explicitly been denied (with explanation) in *Bennett I*, or has no merit as explained here. Even if Plaintiffs' Complaint was not barred by *res judicata*, the claims have no merit and summary judgment in favor of the Defendant would be appropriate.

### III.    Plaintiffs' Motion For Summary Judgment (*Bennett II*, Doc. 62)

Plaintiffs also seek summary judgment. Plaintiffs have provided no facts to show that they should succeed on any of their claims. Because the undersigned recommends that Defendant's motion for summary judgment be granted then

Plaintiffs' motion must logically fail. Plaintiffs' motion raises the same argument that they have presented numerous times to this Court: that the mortgage was automatically rescinded when they allegedly sent a letter saying that they were rescinding it. As explained above, that argument fails for multiple reasons. Accordingly, the undersigned **RECOMMENDS** that Plaintiffs' motion for summary judgment be **DENIED**.

## CONCLUSION

Ocwen's Motions for Consolidation (*Bennett II,* Doc. 60; *Bennett V*, Doc. 3) are **GRANTED**. Ocwen's Motion To Dismiss (*Bennett V*, Doc. 4) is **DENIED as moot** as a result of the consolidation. The Court **DIRECTS** the Clerk to **CONSOLIDATE** these actions under Civil Action No. 2:15-cv-170-WCO-JCF and to **ADMINISTRATIVELY CLOSE** Civil Action No. 2:16-14-WCO-JCF.

It is **RECOMMENDED** that Plaintiffs' motion for summary judgment (Doc. 62) be **DENIED**. It is further **RECOMMENDED** that Ocwen's motion for summary judgment (Doc. 55) be **GRANTED** as to all counts on all consolidated Complaints.

**IT IS SO ORDERED** this 13th day of June, 2016.

      /s/ *J. CLAY FULLER*
      J. CLAY FULLER
      United States Magistrate Judge