This is for the loan that was refinanced

Doc ID: 011913890001 Type: GLR
Filed: 08/16/2010 at 02:26:04 PM
Fee Amt: $7.00 Page 1 of 1
Forsyth County, GA
Greg G. Allen Clerk Superior Ct
BK 5751 PG 430

RETURN TO:
M. E. Wileman
Orion Financial Group, Inc.
2860 Exchange Blvd. # 100
Southlake, TX 76092

Ret

# Assignment of Mortgage

Send Any Notices To Assignee.

For Valuable Consideration, the undersigned, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") SOLELY AS NOMINEE FOR QUICKEN LOANS INC. G4318 Miller Road, Flint, MI 48507 (Assignor)** by these presents does assign and set over, without recourse, to **SELENE FINANCE LP 9990 Richmond Ave., Suite 400 South, Houston, TX 77042 (Assignee)** the described mortgage, together with certain note(s) described with all interest, all liens, any rights due or to become due thereon, executed by **COBREY BENNETT, SR. AND MARYAM BENNETT, HUSBAND AND WIFE** to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ('MERS') SOLELY AS NOMINEE FOR QUICKEN LOANS INC.. Said mortgage **Dated: 11/29/2006** is recorded in the **State of GA, County of Forsyth on 12/1/2006, Book 4542 Page 609 AMOUNT: $ 300,000.00** Property Address: 965 SUMMERFIELD DRIVE, CUMMING, GA 30040

IN WITNESS WHEREOF, the undersigned corporation has caused this instrument to be executed as a sealed instrument by its proper officer. Executed on: July 9, 2010
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") SOLELY AS NOMINEE FOR QUICKEN LOANS INC.

By: M. Arndt

M. Arndt, Vice President

BENNETT EK *10024572*

On 07/09/2010, before me, the undersigned, M. Arndt, who acknowledged that he/she is Vice President of/ for MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") SOLELY AS NOMINEE FOR QUICKEN LOANS INC..

SIGNED, SEALED AND DELIVERED in the presence of:

T. Peatrowsky

Unofficial Witness: T. Peatrowsky

State of Texas, County of Tarrant
Date Notarized: 07/09/2010

J. Flores

J. Flores
Notary public, State of Texas
My commission expires: October 28, 2013

J. FLORES
Notary Public, State of Texas
My Commission Expires
October 28, 2013

MIN 100039048795776121 MERS Phone 888-679-6377
GA Forsyth CITI//SELEN/WL48/201

# Proof Rescission was raised in Bennett I

Proof Rescission in Bennett I

copying of an article shall be limited to the prevention of confusion or misunderstanding as to source.

**62.** Costs shall be allowed to the prevailing party unless the court otherwise directs. The court, in its discretion, may award attorney's fees to the prevailing party if The party charged with a deceptive trade practice has willfully engaged in the trade practice knowing it to be deceptive.(c) The relief provided in this Code section is in addition to remedies otherwise available against the same conduct under the common law or other statutes of this state.

WHEREFORE, Plaintiffs prays cost of suit, any and all fees, and all such other and further relief as this Court deems just and proper.

**<u>COUNT V RESCISSON DUE TO FRAUD O.C.G.A. § 14-8-39</u>**

Plaintiff re-alleges and incorporates the above paragraphs as if fully set out herein.

**66.** Due to Ocwen's countless acts of bad faith during the course of our mortgage agreement, the Plaintiffs wishes to rescind the loan on the grounds of the fraud and misrepresentation. The plaintiffs have the right of retention to the partnership property.

**67.** The Plaintiffs also have the right to be indemnified by Ocwen, due to fraud and against all debts and liabilities of the partnership.

WHEREFORE, Plaintiffs prays cost of suit, any and all fees, and all such other and further relief as this Court deems just and proper.

**<u>COUNT VI VIOLATIONS OF O.C.G.A § 7-1-1013 (6) & 9(A-C)</u>**

cancellation.

3. The Plaintiffs gave notice of the intent and a demand for rescission due to fraud and mispresentation made by Ocwen.

4. Because the Plaintiffs received no benefit from their dealings in the course of this transaction, he does not have to restore Defendant to their place prior to the agreement.

5. While the Plaintiffs can not properly be restored to their position prior to their agreement with Ocwen, due to the emotional turmoil all this has caused. They can regain a peace of mind with the knowledge and assureaty of never having to deal with the Defendants ever again once the loan has been rescinded.

## CONCLUSION

In concert with the evidence the Plaintiffs have submitted to date as well as the evidence submitted with the Opposition to the Defendants' motion to dismiss. The Plaintiffs have more than proven their complaint is not only valid but it moves the court to issue a favorable judgment to the Plaintiffs.

WHEREFORE the Plaintiffs moves this Honorable Court to to grant such further relief as the Court may deem reasonable and just under the circumstances.

**COUNT XIII ATTORNEYS' FEES AND EXPENSES**

Plaintiff re-alleges and incorporates the above paragraphs as if fully set out herein.

**99.** Ocwen has acted in bad faith, has been stubbornly litigious, and has caused plaintiff unnecessary trouble and expense, entitling Plaintiff to recover attorney's fees and expenses under O.C.G.A. § 13-6-11.

**COUNT XIV RESCISSON DUE TO FRAUD O.C.G.A. § 14-8-39**

Plaintiff re-alleges and incorporates the above paragraphs as if fully set out herein.

**100.** Due to Ocwen's countless acts of bad faith during the course of our mortgage agreement, the Plaintiffs, wishes to rescind the loan on the grounds of the fraud and misrepresentation. The plaintiffs have the right of retention to the partnership property.

**101.** The Plaintiffs also have the right to be indemnified by Ocwen, due to fraud and against all debts and liabilities of the partnership.

**COUNT XVI PUNITIVE DAMAGES**

Plaintiff re-alleges and incorporates the above paragraphs as if fully set out herein.

**102.** OCWEN LOAN SERVICING COMPANY is liable for punitive damages for its willful, malicious and reckless conduct and specific intent to cause harm to Plaintiffs

WHEREFORE plaintiff prays that we recover the following and any and all fees, and all such other and further relief as this Court deems just and proper:

**(1)** Actual Damages to be proven at trial;

**(2)** Emotional damages;

NOTICE OF RIGHT TO CANCEL

**Your Right to Cancel**

You are entering into a transaction that will result in a [mortgage/lien/ security interest] [on/in] your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

(1) the date of the transaction, which is

______________________; or

(2) the date you received your Truth in Lending disclosures; or

(3) the date you received this notice of your right to cancel.

If you cancel the transaction, the [mortgage/lien/security interest] is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the [mortgage/lien/security interest] [on/in] your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

**How to Cancel**

If you decide to cancel this transaction, you may do so by notifying us in writing, at

(creditor's name and business address).

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no

later than midnight of (date)

(or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL

______________________________ ____________

Consumer's Signature Date

Printed From CFPB's Website

# Penalties for Failure to Notify

- ▶ 2012 (5)
- ▶ 2011 (21)
- ▼ 2010 (11)
  - ▶ December (3)
  - ▶ November (2)
  - ▶ September (1)
  - ▼ June (3)
    - The FBTA does Not Apply to Georgia Law Firms
    - SPEEDY APPELLATE RECORDS
    - TILA Penalties for Failure to Record Assignments
  - ▶ May (2)
- ▶ 2009 (30)
- ▶ 2008 (42)


HUGHWOOD.BLOGSPOT

NetworkedBlogs

Blog:
hughwood.blogspot

Topics:
real estate, litigation, georgia

Follow my blog

law, the challenge generally amounts to nothing (unless the lender truly can not find the assignment).

While there are few Georgia cases worth mentioning in this area, a recent amendment to the *The Helping Families Save Their Homes Act of 2009* contains an unwanted and little known penalty for lender's failure to "notify" the borrower of assignments. [ 3 ] Buried in the act is a new Truth in Lending ("TILA") violation for failure to provide the borrower with notice of the new owner of the mortgage/deed to secure debt.

It appears to apply to assignments subsequent to May 21, 2010. The failure to notify contains the well known TILA penalties.

The federal assignment law states as follows:

*SEC. 404. NOTIFICATION OF SALE OR TRANSFER OF MORTGAGE LOANS. (a) IN GENERAL.—Section 131 of the Truth in Lending Act (15 U.S.C. 1641) is amended by adding at the end the following:*
*NOTICE OF NEW CREDITOR.— "(1) IN GENERAL.— In addition to other disclosures required by this title, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—*
*(A) the identity, address, telephone number of the new creditor;*
*(B) the date of transfer;*
*(C) how to reach an agent or party having authority to act on behalf of the new creditor;*
*(D) the location of the place where transfer of ownership of the debt is recorded; and*
*(E) any other relevant information regarding the new creditor.*
*(2) DEFINITION.—As used in this subsection, the term 'mortgage loan' means any consumer credit transaction that is secured by the principal dwelling of a consumer.".*
*(b) PRIVATE RIGHT OF ACTION.—Section 130(a) of the Truth in Lending Act (15 U.S.C. 1640(a)) is amended by inserting "subsection (f) or (g) of section 131," after "section 125,".*

# Allonges

ALLQUEST HOME MORTGAGE CORPORATION
6110 PINEMONT DRIVE
HOUSTON, TX 77092

# NOTE ALLONGE

| | |
|---|---|
| Loan #: | DC12050122 |
| Note Date: | 11/26/2012 |
| Borrower Name: | Bennett Cobrey Sr |
| Property Address: | 956 Summerfield Dr<br>Cumming, GA 30040 |
| Loan Amount: | $284,900.00 |

PAY TO THE ORDER OF
WITHOUT RECOURSE:

ALLQUEST HOME MORTGAGE CORPORATION

Sharman Baum, Assistant Secretary

# ALLONGE TO NOTE

DATE OF NOTE: 11/19/2012

MORTGAGOR (S): COBREY BENNETT SR.

PROPERTY ADDRESS: 965 SUMMERFIELD DR
CUMMING, GA 30040

LOAN AMOUNT: $284,900.00

LOAN NUMBER: DC12050122

PAY TO THE ORDER OF

ALLQUEST HOME MORTGAGE CORPORATION

WITHOUT RECOURSE

MORTGAGE SERVICES III, LLC

Cheryl Drach, VP/Post Closing Manager

## Supreme Court's explanation of why the law requires lenders to return proceeds first

then the creditor fulfills its obligations, and then the obligor is required to tender the property?

MR. FREDERICK: Correct.

JUSTICE ALITO: And what if the obligor says at that point, I don't have it, I've spent it.

MR. FREDERICK: Okay. So --

JUSTICE ALITO: Then what happens? So the rescission is rescinded?

MR. FREDERICK: The question answers that question, Justice Alito, in 1635(b), and that's the second page of the addendum to our blue brief.

JUSTICE ALITO: How does it answer it?

MR. FREDERICK: It answers the question by making clear that the process that you set forth is what's supposed to happen automatically, but then the very last sentence, which reads, "The procedures prescribed by this subsection shall apply except when otherwise ordered by a court." That sentence was added in 1980, 12 years after the Truth in Lending Act was originally promulgated. And the reason why Congress added that sentence was because there had been case law that raised the problem that you are identifying.

So what that sentence is intended to do is to give courts the flexibility to reorder the various provisions or slow things down so that the tender back

## Chief Deputy Oscar Fears explanation on laws regarding Servicers with revoked licenses

## Plaintiffs Request to Court to Enforce Subpoenas

Print Close

From: **Bo Fears** (bfears@dbf.state.ga.us)
Sent: Wed 2/24/16 3:24 PM
To: maryamthomas@hotmail.com

Ms. Thomas,
I apologize for the delay in getting back to you.
The only question that appears to fall within the Department's authority is your third question ("Is there any way a company whose license is suspended and barred from performing any mortgage transactions, to legally continue to purchase mortgage loans?"). Assuming that the residential property in question is in Georgia and assuming that the lender is not exempt from licensure and, thus, required to be licensed, then the entity would be precluded from purchasing mortgage loans unless a contract existed prior to the suspension or revocation. The Georgia Residential Mortgage Act, (OCGA 7-1-1000 through 7-1-1021) requires mortgage lenders - defined as any entity that "makes, originates, underwrites, holds, or purchases mortgage loans or who services mortgage loans" - to have a license. It is prohibited for an entity to act as a mortgage lender unless the entity is licensed by the Department or it satisfies one of the exemptions from licensure. OCGA 7-1-1002. I note that if an entities license has been suspended or revoked that it can perform "a preexisting contract between the licensee and another person." OCGA 7-1-1017(e). In addition, these entities can "continu[e] to service mortgage loans pursuant to servicing contracts in existence at the time of the suspension or revocation for a period not to exceed six months." OCGA 7-1-1017(f).
Although I cannot answer all of your questions, I hope that this response is helpful.
Bo

Oscar B. Fears, III
Department of Banking and Finance
2990 Brandywine Road, Suite 200
Atlanta, Georgia 30341-5565
Phone: (770) 986-1650

Our loan was allegedly purchased more than a year after Allguest's lics was Revoked

>>> <maryamthomas@hotmail.com> 02/15/2016 11:24 AM >>>

# Example of notice of rescission under TILA from the CFPB's website

NOTICE OF RIGHT TO CANCEL

Your Right to Cancel

You are entering into a transaction that will result in a [mortgage/lien/security interest] [on/in] your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

(1) the date of the transaction, which is

________________; or

(2) the date you received your Truth in Lending disclosures; or

(3) the date you received this notice of your right to cancel.

If you cancel the transaction, the [mortgage/lien/security interest] is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the [mortgage/lien/security interest] [on/in] your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

How to Cancel

If you decide to cancel this transaction, you may do so by notifying us in writing, at

(creditor's name and business address).

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no

later than midnight of (date)

(or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL

________________________ ____________

Consumer's Signature Date

# H-9–Rescission Model Form (Refinancing With Original Creditor)

## NOTICE OF RIGHT TO CANCEL

## YOUR RIGHT TO CANCEL

You are entering into a new transaction to increase the amount of credit previously provided to you. Your home is the security for this new transaction. You have a legal right under Federal law to cancel this new transaction, without cost, within three business days from whichever of the following events occurs last:

1. the date of this new transaction, which is ______; or
2. the date you received your new Truth in Lending disclosures; or
3. the date you received this notice of your right to cancel.

If you cancel this new transaction, it will not affect any amount that you presently owe. Your home is the security for that amount. Within 20 calendar days after we receive your notice of cancellation of this new transaction, we must take the steps necessary to reflect the fact that your home does not secure the increase of credit. We must also return any money you have given to us or anyone else in connection with this new transaction.

You may keep any money we have given you in this new transaction until we have done the things mentioned above, but you must then offer to return the money at the address below.

If we do not take possession of the money within 20 calendar days of your offer, you may keep it without further obligation.

### HOW TO CANCEL

If you decide to cancel this new transaction, you may do so by notifying us in writing, at

____________________________________________

(Creditor's name and business address).

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of

____________________________________________

(Date) ________________________________________

(or midnight of the third business day following the latest of the three events listed above).

If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

### I WISH TO CANCEL

Consumer

____________________________________________

Date ________________________________________

## H-10—Credit Sale Sample

# Exhibits for Allquest Subpoena

were not enforced

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| **COBREY BENNETT et. al.** | ) | **Civil Action No.: 2:13-cv-00243-JCF** |
| | ) | |
| **Plaintiffs,** | ) | **Judge J. Clay Fuller** |
| | ) | |
| **v.** | ) | |
| | ) | **PLAINTIFFS' MOTION TO** |
| **OCWEN LOAN SERVICING, LLC,** | ) | **COMPEL PRODUCTION OF** |
| | ) | **EVIDENCE REQUESTED VIA** |
| **Defendant.** | ) | **A SUBPOENA** |
| | ) | |
| | ) | |

NOW COMES, PLAINTIFFS Cobrey & Maryam Bennett, pursuant to Rule 45(G) of the Federal Rules of Civil Procedure and, moves this Honorable Court to enforce Party served, AllQuest Mortgage company to produce any and all information pertaining to the Property located at 965 Summerfield. Dr Cumming, GA 30040. Allquest was listed on an allonge assigned to the loan of the a fore mentioned property. The Plaintiffs have been generous, regardng the subpoena which was properly served to them in June of 2014. (See Ex A) and the fact that they are still not comply time can not be considered as a viable reason as to why they haven't complied because they have over 4 months to do so.

With this being said, the Plaintiffs, are requesting, the court to enforce the subpoena issued to the Plaintiff's to get the requested documents. Exhibit A will also contain all of the good-faith attempts possible before having the court intercede. The Plaintiffs, would

7008 1140 0004 0818 2426

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
***(Domestic Mail Only; No Insurance Coverage Provided)***

**For delivery information visit our website at www.usps.com®**

**OFFICIAL USE**

HOUSTON TX 77092

| | | |
|---|---|---|
| Postage | $ $1.19 | 0368 |
| Certified Fee | $3.30 | 19 |
| Return Receipt Fee (Endorsement Required) | $1.35 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $5.84 | 10/16/2014 |

*Sent To*

*Street, Apt. No.; or PO Box No.*

*City, State, ZIP+4*

PS Form 3800, August 2006 See Reverse for Instru

Print Close

# I would like to speak to your manager

From: **Maryam Bennett** (maryamthomas@hotmail.com)
Sent: Mon 7/14/14 5:22 PM
To: Cynthia Coogler (ccoogler@allquesthomemortgage.com.getnotify.com); cpizana@allquesthomemortgage.com.getnotify.com (cpizana@allquesthomemortgage.com.getnotify.com)

Cynthia, Allquest is in violation of a court issued order, I am writing now, as a gesture of good faith, before I report this violation. Thank you for your time.

Sincerely,

Maryam Bennett

---

From: **Cynthia Coogler** (ccoogler@allquesthomemortgage.com)
Sent: Mon 6/09/14 11:35 AM
To: Maryam Bennett (maryamthomas@hotmail.com)
Cc: Cynthia Pizana (cpizana@allquesthomemortgage.com)

Mrs. Bennett,

My supervisor's name is Cynthia Pizana, I have cc'd her on this email. You can reach her at (713) 353-0400. She will handle your concerns going forward.

Thank you.

**Cynthia Coogler**

AllQuest Home Mortgage Corporation

6110 Pinemont Drive

Houston, Texas 77092

Direct Line: (713) 353-0430

**RETURN OF SERVICE:**

I served this subpoena upon the within-named witness, , on at ___.m. by: _ delivering it to him/her in person. registered or certified mail.

Signature: ____________________

Printed name and title:

*Pursuant to OCGA 24-13-21(c-h), this subpoena form is provided to the attorney of record and shall be completed prior to service upon the witness. If an individual misuses a subpoena, he/she shall be subject to punishment for contempt of court and shall be punished by a fine of not more than $300.00 or not more than 20 days imprisonment, or both. A witness may contact the Clerk of Court's office to verify this subpoena was issued for a valid case.*

# SUBPOENA FOR PRODUCTION OF EVIDENCE
## State of Georgia, Forsyth County

Cynthia Coogler
Allquest Home Mortgage Corporation
6110 Pinemont Drive
Ste 200
Houston, Texas 77092
c/o Ocwen Loan Servicing, LLC

Case No. 14CV-0891-2

YOU ARE HEREBY COMMANDED to release the following, and are hereby subpoenaed:

The original mortgage and promissory note regarding property at 965 Summerfield Dr, Cumming, GA, 30040 all cost bonds associated with the original mortgage and/or promissory note, chain of title, authenticated disclosure of the actual party funding our loan, & any and all losses with the purchase of our note, and the purchase order.

Information should be submitted no later than 10 business days from the date of receipt. The requested can be faxed to the Plaintiffs via (770) 887-3109, email: maryamthomas@hotmail.com, or by mail at 965 Summerfield Dr Cumming, GA 30040 May 14, 2014 by the Court of Forsyth County, Cumming, Georgia State Court. The records requested are will be used in reference to Ocwen Loan Servicing LLC v Cobrey & Maryam Bennett.

This information is to be used as evidence by the Plaintiffs in the case of Cobrey Bennett & Maryam Bennett vs. Ocwen Loan Servicing LLC, Case No. 14CV-0891-2

HEREIN FAIL NOT under penalty of law, by authority of the Honorable Jeffery S Bagley, judge of said court, this 5th day of June 2014.

Greg G. Allen,

Clerk of State Superior Courts

______________________________

Attorney of Record for Defendant Keith Anderson

Bar No. 136246

If you have any questions about this subpoena, please contact the issuing attorney, who is:
Maryam Bennett, who can be contacted via phone: 678-689-9601

# OFFICIAL RECEIPT


**GREG G. ALLEN**
**CLERK SUPERIOR AND STATE COURTS**
**FORSYTH COUNTY**
**100 COURTHOUSE SQUARE SUITE 010**
**CUMMING, GEORGIA 30040-2687**
**(770)781-2120**


Payor
SUBPOENA

Receipt No.
**2014-103625**

Transaction Date
06/10/2014

| Description | | Amount Paid |
|---|---|---|
| Miscellaneous Payment | | |
| | Miscellaneous Fees | 5.00 |
| | **SUBTOTAL** | **5.00** |

| | |
|---|---|
| **PAYMENT TOTAL** | **5.00** |
| Cash Tendered | 5.00 |
| Total Tendered | **5.00** |
| Change | 0.00 |

| | | |
|---|---|---|
| 06/10/2014 | Cashier | Audit |
| 11:11 AM | Station CVC | 2123056 |


# OFFICIAL RECEIPT

These are copies of the robosigned deeds Ocwen filed with the Forsyth Clerk of Court, after we had filed suit against them and examples from other deeds to show the blatant differences in the signatures.

We gave this info to the federal court by way of a judicial notice request and they wrongfully refused this information.

**CFPB Complaint Number 130524-000555**

This fax includes robo-signed security deeds. Ours will be labeled (Our Deeds). The other deeds are proof the docs are forged. We need to get the information you have and the answers you gather from what we have ASAP, we also need them authenticated. Please and Thank you!

Ocwen, has issued two false property documents to the Forsyth County Clerk of Court. *See* docs labeled our deeds & highlighted areas Pang Mee Yang, was the notary public on both documents concerning the assignment of our security deed. Pang Mee Yang, was also listed as Assistant Secretary of MERS & as well as a notary. Notice the difference of Yang's signature, when signed as the Assistant Secretary. *See* other attached docs & highlighted areas.

In regard to our assignment, Nhia Indiati Moua signed as the Assistant Secretary for MERS & Mortgage Services III, LLC. On another assignments, Nhia Moua was an employee in Indecomm Global Services. *See* other attached docs & highlighted areas.

In a security deed, Bao Cindy Fang, was listed as the Vice President of MERS, in 2013. In, another assignment, also filed in 2013 Bao Fang, was listed as the notary public. Fang, signed our assignment as, Assistant Secretary of MERS. *See* other attached docs & highlighted areas

The Georgia Supreme Court stated that a recorded, but improperly attested security deed, is as ineffective as a security deed that has not been recorded at all. *See (U.S. Bank National Association v. Gordon*, unpublished, Case No. S10Q1564, 2011).

The law requires that the beneficiary execute, notarize, & record a substitution for a valid substitution of trustee to take effect. Thus, if the Assignment of Deed of Trust/ Mortgage is robo-signed, the sale is void.

The notarization of a false signature not only constitutes fraud, but is intended as part of a larger conspiracy to commit fraud on the court & uninformed consumers.

Verified by PDFfiller

Verified by PDFfiller

LS 1/22/13 9:08:43
LS DK T BK 3,571 PG 6
DESOTO COUNTY, MS
W.E. DAVIS, CH CLERK

Prepared By:
Dana Schroeder-Davis
2925 Country Drive
St. Paul, MN 55117
Phone #: 651-765-6400

✓ When Recorded Return To:
Indecomm Global Services
2925 Country Drive
St. Paul, MN 55117
Phone #: 651-765-6400

# Assignment of Deed of Trust

Dated: **January 14, 2013**

MIN: 100039048932715479
MERS Phone: 888-679-6377

78301796

For value received **Mortgage Electronic Registration Systems, Inc.**, as nominee for **Quicken Loans Inc., its successors and assigns, 1901 E Voorhees Street, Suite C, Danville, IL 61834, P.O. Box 2026, Flint, MI 48501-2026, (phone #: 888-679-6377)**, the undersigned hereby grants, assigns and transfers to **Ally Bank, In C/O GMAC Mortgage, LLC, 1100 Virginia Drive, Fort Washington, PA 19034, (phone #: 800-766-4622)**, all beneficial interest under a certain Deed of Trust dated **May 26, 2006** executed by [redacted], and recorded in Book **2,485** on Page(s) **527** as Document Number **XX** on **June 2, 2006 of the official records of the County Recorder of De Soto County, Mississippi.**

Mortgage Electronic Registration Systems, Inc., as nominee for Quicken Loans Inc., its successors and assigns

By: [signature] ← notice the different signature n Pang is listed as Assistant Secretary of Mers

**Pangmee Yang,**
**Assistant Secretary**

STATE OF **Minnesota** )
COUNTY **Ramsey** ) SS

*U03380663*

On **January 14, 2013** before me, **Bao Cindy Fang , Notary Public** in and for said State personally appeared **Pangmee Yang , Assistant Secretary of Mortgage Electronic Registration Systems Inc.**, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted, executed the instrument.
WITNESS my hand and official seal.

[signature]
**Bao Cindy Fang, Notary Public**
My Commission expires: **January 31, 2017**

Bao is the notary here →

BAO CINDY FANG
Notary Public-Minnesota
My Commission Expires Jan 31, 2017

7/03/12 1:26:28
DK T BK 3,462 PG 635
DESOTO COUNTY, MS
W.E. DAVIS, CH CLERK

Prepared By:
Xeng Khang
2925 Country Drive
St. Paul, MN 55117 77768834
Phone #: 651-765-6400

When Recorded Return To:
Indecomm Global Services
2925 Country Drive
St. Paul, MN 55117

# Assignment of Deed of Trust

Dated: **June 25, 2012**

MIN: 100037505651882089
MERS Phone: 888-679-6377

For value received **Mortgage Electronic Registration Systems, Inc., as nominee for GMAC Mortgage Corporation, its successors and assigns, 1901 E Voorhees Street, Suite C, Danville, IL 61834, P.O. Box 2026, Flint, MI 48501-2026,** the undersigned hereby grants, assigns and transfers to **GMAC Mortgage, LLC** all beneficial interest under a certain Deed of Trust dated **March 25, 2004** executed by [redacted]nd recorded in Book 1954 on Page(s) 0769 as Document Number **XX** on **March 30, 2004 of the official records of the County Recorder of De Soto County, Mississippi.**

MORTGAGE AMOUNT: [redacted]

Pangme Fang

Mortgage Electronic Registration Systems, Inc., as nominee for GMAC Mortgage Corporation, its successors and assigns

By: ______________________

**Pangmee Yang,**
**Assistant Secretary**

is listed as assistant Secretary MERS o note the signature

STATE OF **Minnesota** )
COUNTY **Ramsey** ) SS

*U02734405*

On **June 25, 2012** before me, **Jessica M Bleckiner**, **Notary Public** in and for said State personally appeared **Pangmee Yang**, **Assistant Secretary of Mortgage Electronic Registration Systems, Inc.**, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted, executed the instrument. WITNESS my hand and official seal.

______________________
**Jessica M Bleckiner, Notary Public**
My Commission expires: **January 31, 2013**

JESSICA M. BLECKINER
Notary Public-Minnesota
My Commission Expires Jan 31, 2013

An Ocwen Loan

Doc ID: 014042440001 Type: GLR
Recorded: 03/03/2014 at 12:33:33 PM
Fee Amt: $7.00 Page 1 of 1
Forsyth County, GA
Greg G. Allen Clerk Superior Ct
BK 6968 PG 138

When Recorded Return To:
Indecomm Global Services
2925 Country Drive
St. Paul, MN 55117

MIN is different than the one given in their QWR Reply

# Assignment of Security Deed

Dated: **February 24, 2014**
7895 6379

Lender: Mortgage Electronic Registration Systems, Inc., as nominee for Mortgage Services III, LLC
Loan: 7123000874
Investor Account Number: 209803176
MIN: 100588312060535736
MERS Phone: 888-679-6377

For value received **Mortgage Electronic Registration Systems, Inc., as nominee for Mortgage Services III, LLC, its successors and assigns, P.O. Box 2026, Flint, MI 48501-2026**, the undersigned hereby grants, assigns and transfers to **Ocwen Loan Servicing, LLC, 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409**, all beneficial interest under a certain Security Deed dated **November 19, 2012** executed by [redacted], **J/T/W/R/O/S** and recorded in Book **6493** on Page(s) **185** as Document Number **013261730014** on **November 30, 2012** of the official records of the Clerk of Superior Court of Forsyth County, Georgia.

WITNESSES:

Witness 1: Yu Yee Vang

Witness 2: Lee Lisa Vang

Mortgage Electronic Registration Systems, Inc., as nominee for Mortgage Services III, LLC, its successors and assigns

By: ____________

**Matthew Robert Marsh, Assistant Secretary**

By: ____________

**Nhia Indiati Moua, Assistant Secretary**

No Corporate Seal

*U04191998*

STATE OF **Minnesota** )
COUNTY **Ramsey** ) SS

On **February 24, 2014** before me, **Pang Mee Yang , Notary Public** in and for said State personally appeared **Matthew Robert Marsh , Assistant Secretary** and **Nhia Indiati Moua , Assistant Secretary of Mortgage Electronic Registration Systems, Inc., as nominee for Mortgage Services III, LLC, its successors and assigns**, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted, executed the instrument. WITNESS my hand and official seal.

Prepared By:
Sam Strandmo
Indecomm Global Services
2925 Country Drive
St. Paul, MN 55117

**Pang Mee Yang, Notary Public**
My Commission expires: **January 31, 2017**

PANG MEE YANG

2013028381 00180
FORSYTH CO, NC FEE $26.00

06-19-2013 02:14:07 PM
C. NORMAN HOLLEMAN

BK: RE 3130
PG: 183-183

An Ocwen Loan

# Assignment of Deed of Trust

Dated: **June 13, 2013**

MIN: 1001890010000041234
MERS Phone: 888-679-6377

78742562

For value received **Mortgage Electronic Registration Systems, Inc., as nominee for Sidus Financial, LLC, its successors and assigns**, **P.O. Box 2026, Flint, MI 48501-2026**, the undersigned hereby grants, assigns and transfers to **Ocwen Loan Servicing, LLC** all beneficial interest under a certain Deed of Trust dated **April 24, 2008** executed by [redacted] and recorded in Book **RE 2827** on Page(s) **2008** as Document Number **2008021041** on **April 24, 2008 in the office of the Register of Deeds of Forsyth County, North Carolina.**

Mortgage Electronic Registration Systems, Inc., as nominee for Sidus Financial, LLC, its successors and assigns

By: ______________________

**Lisa Marie Spurbeck,**
**Assistant Vice President**

STATE OF **Minnesota** )
COUNTY **Ramsey** ) SS

*U03929762*

On **June 13, 2013** before me, **Pang Mee Yang , Notary Public** in and for said State personally appeared **Lisa Marie Spurbeck** , **Assistant Vice President of Mortgage Electronic Registration Systems, Inc.**, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted, executed the instrument. WITNESS my hand and official seal.

This instrument was prepared by:
Karen Jakel
2925 County Drive
St. Paul, MN 55117

When Recorded Return To:
Indecomm Global Services
2925 Country Drive
St. Paul, MN 55117

**Pang Mee Yang, Notary Public**
My Commission expires: **January 31, 2017**

PANG MEE YANG
Notary Public-Minnesota
My Commission Expires Jan 31, 2017

Signatures are different

2013058307 00156
FORSYTH CO, NC FEE $26.00
PRESENTED & RECORDED
12-31-2013 01:23:34 PM
C. NORMAN HOLLEMAN
REGISTER OF DEEDS
BY: GAIL K PARHAM
DPTY
**BK: RE 3161**
**PG: 665-665**

An Ocwen Loan

# Assignment of Deed of Trust

Dated: **December 24, 2013**
MIN: 100153108060072018
MERS Phone: 888-679-6377

7917393Y

For value received **Mortgage Electronic Registration Systems, Inc., as nominee for Granite Mortgage Inc, its successors and assigns, P.O. Box 2026, Flint, MI 48501-2026**, the undersigned hereby grants, assigns and transfers to **Ocwen Loan Servicing, LLC** all beneficial interest under a certain Deed of Trust dated **June 20, 2008** executed by [redacted] and recorded in Book **2839** on Page(s) **4469** as Document Number **2008032373** on **June 23, 2008 in the office of the Register of Deeds of Forsyth County, North Carolina.**

Mortgage Electronic Registration Systems, Inc., as nominee for Granite Mortgage Inc, its successors and assigns

By: ______________ → In our deed Bao signed as Assistant Secretary to Mers Here she is Vice President

**Bao Cindy Fang,**
**Vice President**

STATE OF **Minnesota** )
COUNTY **Ramsey** ) SS

*U04463379*

On **December 24, 2013** before me, **Pang Mee Yang** , **Notary Public** in and for said State personally appeared **Bao Cindy Fang** , **Vice President** of **Mortgage Electronic Registration Systems, Inc.**, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted, executed the instrument. WITNESS my hand and official seal.

**Pang Mee Yang, Notary Public**
My Commission expires: **January 31, 2017**

PANG MEE YANG
Notary Public-Minnesota
My Commission Expires Jan 31, 2017

This instrument was prepared by:
Va Thao
Indecomm Global Services
2925 Country Drive
St. Paul, MN 55117

When Recorded Return To:
Indecomm Global Services
2925 Country Drive
St. Paul, MN 55117

ENVELOPE

An Ocwen Loan

Doc ID: 013837070001 Type: GLR
Recorded: 10/11/2013 at 11:28:41 AM
Fee Amt: $7.00 Page 1 of 1
Forsyth County, GA
Greg G. Allen Clerk Superior Ct
BK 6860 PG 774

Notice the MIN is different Than in their QWR Reply

When Recorded Return To:
Indecomm Global Services
2925 Country Drive
St. Paul, MN 55117

78990000

# Assignment of Security Deed

Dated: October 3, 2013

**MIN: 1005883120605357 36**
MERS Phone: 888-679-6377

For value received **Mortgage Electronic Registration Systems, Inc., as nominee for Mortgage Services III, LLC, its successors and assigns, P.O. Box 2026, Flint, MI 48501-2026**, the undersigned hereby grants, assigns and transfers to **Ocwen Loan Servicing, LLC, 1100 Virginia Drive, Suite 175, Fort Washington, PA 19034**, all beneficial interest under a certain Security Deed dated **November 19, 2012** executed by [redacted]. AND [redacted] and recorded in Book **6493** on Page(s) **185** as Document Number **013261730014** on **November 30, 2012** of the official records of the **Clerk of Superior Court of Forsyth County, Georgia.**

MORTGAGE AMOUNT: [redacted]

**WITNESSES:**

Witness 1: Ramona Yaritz

Witness 2: Vo Thao

Mortgage Electronic Registration Systems, Inc., as nominee for Mortgage Services III, LLC, its successors and assigns

By:

**Bao Cindy Fang,**
**Assistant Secretary**

By:

**Curtis Michael Leason,**
**Assistant Secretary**

No Corporate Seal

STATE OF **Minnesota** )
COUNTY **Ramsey** ) SS

*U04232366*

On **October 3, 2013** before me, **Pang Mee Yang**, **Notary Public in** and for said State personally appeared **Bao Cindy Fang**, **Assistant Secretary** and **Curtis Michael Leason**, **Assistant Secretary** of **Mortgage Electronic Registration Systems, Inc., its successors and assigns**, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted, executed the instrument. WITNESS my hand and official seal.

Prepared By:
Marcy Koopman
Indecomm Global Services
2925 Country Drive
St. Paul, MN 55117

**Pang Mee Yang, Notary Public**
My Commission expires: **January 31, 2017**

PANG MEE YANG
Notary Public-Minnesota
My Commission Expires Jan 31, 2017

LS 1/17/13 11:34:52
LS DK T BK 3,569 PG 785
SS DESOTO COUNTY, MS
W.E. DAVIS, CH CLERK

Prepared By:
Lisa Vang
2925 County Drive
St. Paul, MN 55117
Phone #: 651-765-6400

When Recorded Return To:
Indecomm Global Services
2925 Country Drive
St. Paul, MN 55117
Phone #: 651-765-6400

# Assignment of Deed of Trust

Dated: January 11, 2013
78302336

MIN: 100261030300712352
MERS Phone: 888-679-6377

For value received **Mortgage Electronic Registration Systems, Inc., as nominee for Mortgage Lenders Network USA, Inc., its successors and assigns, 1901 E Voorhees Street, Suite C, Danville, IL 61834, P.O. Box 2026, Flint, MI 48501-2026, (phone #: 888-679-6377)**, the undersigned hereby grants, assigns and transfers to **U.S. Bank National Association as Trustee for RASC 2006-EMX9, In C/O GMAC Mortgage, LLC, 1100 Virginia Drive, Fort Washington, PA 19034, (phone #: 800-766-4622)**, all beneficial interest under a certain Deed of Trust dated **August 28, 2006** executed by [redacted] and recorded in Book **2,552 on Page(s) 338 as Document Number XX on August 30, 2006 of the official records of the County Recorder of De Soto County, Mississippi.**

Mortgage Electronic Registration Systems, Inc., as nominee for Mortgage Lenders Network USA, Inc., its successors and assigns

By: ______________________

**Mary Hall,**
**Assistant Secretary**

STATE OF **Minnesota** )
COUNTY **Ramsey** ) SS

*U03381207*

On **January 11, 2013** before me, **Pang Mee Yang , Notary Public** in and for said State personally appeared **Mary Hall , Assistant Secretary** of **Mortgage Electronic Registration Systems, Inc.**, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted, executed the instrument.
WITNESS my hand and official seal.

**Pang Mee Yang, Notary Public**
**My Commission expires: January 31, 2017**

PANG MEE YANG
Notary Public-Minnesota
My Commission Expires Jan 31, 2017

Notice the difference in Pang's Signature

LS 10/19/12 9:05:52
LS DK T BK 3,521 PG 793
DESOTO COUNTY, MS
W.E. DAVIS, CH CLERK

Is listed as assistant secretary Mers on our note

Prepared By:
Nhia Moua
2925 Country Drive
St. Paul, MN 55117
Phone #: 651-765-8400
78024672

When Recorded Return To:
Indecomm Global Services
2925 Country Drive
St. Paul, MN 55117

# Assignment of Deed of Trust

Dated: October 12, 2012

MIN: 100031449005081757
MERS Phone: 888-679-6377

For value received **Mortgage Electronic Registration Systems, Inc., as nominee for First Guaranty Mortgage Corporation, its successors and assigns, 1901 E Voorhees Street, Suite C, Danville, IL 61834, P.O. Box 2026, Flint, MI 48501-2026**, the undersigned hereby grants, assigns and transfers to **The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A., as Trustee for RAMP 2006-RS4** all beneficial interest under a certain Deed of Trust dated March 2, 2006 executed by [redacted] and recorded in Book **2,427** on Page(s) **650** as Document Number **XX** on **March 13, 2006 of the official records of the County Recorder of De Soto County, Mississippi.**

MORTGAGE AMOUNT: **$89,750.00**

Mortgage Electronic Registration Systems, Inc., as nominee for First Guaranty Mortgage Corporation, its successors and assigns

By: ______________________

**Mary Hall,**
**Assistant Secretary**

STATE OF **Minnesota** )
COUNTY **Ramsey** ) SS

*U03038822*

On **October 12, 2012** before me, **Pang Mee Yang**, **Notary Public** in and for said State personally appeared **Mary Hall**, **Assistant Secretary of Mortgage Electronic Registration Systems, Inc.**, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted, executed the instrument. WITNESS my hand and official seal.

PANG MEE YANG
Notary Public-Minnesota
My Commission Expires Jan 31, 2017

______________________
**Pang Mee Yang, Notary Public**
**My Commission expires: January 31, 2017**

Notice the difference in Pang's signature here versus the one our deed

nominee for Pinnacle Capital Mortgage Corporation, as Beneficiary, the beneficial interest in which was assigned by Mortgage Electronic Registration Systems, Inc. solely as nominee for Pinnacle Capital Mortgage Corporation, its successors and assigns to Ocwen Loan Servicing, LLC, under an Assignment/Successive Assignments recorded under Auditor's File No. 2008938." The Notice scheduled the trustee's sale for October 18, 2013. Cmpt. ¶2.14. ← An Ocwen Loan

7. On or about July 19, 2013, Pangmee Yang, allegedly as Assistant Secretary for MERS, as nominee for Pinnacle, purported to again, assign the Deed of Trust to Ocwen. This Assignment of Deed of Trust was notarized by Bao Cindy Fang, Notary Public in the State of Minnesota, Ramsey County and recorded on July 26, 2013 as instrument no. 2012239 in Mason County. Cmpt. ¶2.17.

## III. ARGUMENT AND AUTHORITIES

### A. *Motion to Dismiss Standard*

For a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S. Ct. 1079, 31 L. Ed. 2d 263 (1972). Dismissal of actions under CR 12 is appropriate only if it appears beyond a doubt that the Plaintiff can prove no set of facts, consistent with the complaint, which would entitle the Plaintiff to relief. *Holiday Resort Community Ass'n. v. Echo Lake Associates, LLC*., 134 Wn. App. 210, 218, 135 P.3d 499 (2006); *Suleiman*, 48 Wn. App at 376. A CR 12(b)(6) motion should be granted "sparingly and with care" and "only in the unusual case in which plaintiff includes factual allegations that show on the face of the complaint that there is some insuperable bar to relief." *Holiday Resort Community Ass'n v. Echo Lake Associates, LLC*., 134 Wn. App. 210, 218, 135 P.3d 499 (2006), *citing Tenore v. AT & T Wireless Servs*., 136 Wn.2d 322, 329-30, 962 P.2d 104 (1998). Defendants have not made and cannot make this showing.



NATURAL RESOURCE LAW GROUP, PLLC
2217 NW Market St, Suite 27
Seattle, WA 98107
Ph (206) 227 9800 Fax (206) 466 5645

The law holds businesses to very strict guidelines regarding accuracy and disclosures because the consumers can not make a proper decision with faulty information. Here you will note that Ocwen sent this telling us their reply to our qualified written request was incorrect, they did this only because we they heard the call we had of RPM telling us that they could not do business in the state of GA.

This document is dated 3/11/15
We sent our First QWR to in April 2013
They admitted to the error almost 2 years
later. The law holds Companies to
very Strict guidelines regarding
accuracy.

OCWEN

Ocwen Loan Servicing, LLC
PO Box 785061
Orlando FL 32878-5061
HELPING HOMEOWNERS IS WHAT WE DO!™

March 11, 2015

Cobrey Bennett
965 Summerfield Dr
Cumming GA 30040

RE: Ocwen Account Number: 7095422684
Property Address: 965 Summerfield Dr
Cumming GA 30040

Dear Cobrey Bennett:

On behalf of Ocwen Loan Servicing, LLC (Ocwen), the Office of the Consumer Ombudsman would like to thank you for your correspondence dated February 24, 2015, and received on February 25, 2015, which was labeled as a Qualified Written Request. The Consumer Ombudsman's office was created to provide a resource to assist with unresolved concerns and issues.

Our previous response dated May 24, 2013 provided you with the information relating to the servicing of the account, as the law, specifically the Real Estate Settlement Practices Act ("RESPA"), requires. A copy of our May 24, 2013 response without all of the enclosures is enclosed. If you require additional copies of the loan documents already provided with the May 24, 2013 response, please contact our office to advise what specific documents are required.

The May 24, 2013 response incorrectly stated the loan originated with RPM Mortgage, Inc. As per the enclosed copy of the Note, the loan originated with Mortgage Services III, LLC.

The law holds Companies to very Strict guidelines regarding accuracy. This is an admission of error

As of the date of this letter, the account is past due for the August 1, 2013 through March 1, 2015 payments.

In an effort to be responsive to your most recent request, an updated copy of the payment history, a copy of the Note and Allonges, Recorded Mortgage and Recorded Assignments are enclosed. As advised in the prior response, the account was registered with Mortgage Electronic Registration Systems, Inc. (MERS). As long as an account is registered with MERS, no assignments are needed. However, once an account is transferred out of MERS, the assignments are completed and recorded.

In response to your inquiry regarding the change in the account number, Ocwen converted servicing systems effective October 1, 2014. As the prior account number of 7123000874 already existed in the system, a new account number was assigned to your loan (7095422684). This did not change any of the terms or conditions of the loan. It was merely a change in the identification number associated with the loan.

This Statement shows that the payment was less than what was on the TRUTH-IN-LENDING Disclosure, they did not tell us how or if this change would effect the terms we agreed to, nor how long they would last. They lowered the payment because we told them the reason we wanted the refi was to lower our payment and the $2013.31 was more than our payment before the refi, so they changed it to keep us from canceling before the 3 days.

The wire disbursement shows that the check paid to close the previous loan in the amount of $279, 100.20. The truth-in-lending disclosure statement shows the amount we financed is $278, 100.20. There is nothing to disclose why there is a thousand dollar difference other than a kickback which is a violation of RESPA.

# FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT

Date: NOVEMBER 19, 2012
Lender: MORTGAGE SERVICES III, LLC
Borrower(s): COBREY BENNETT SR.
Property Address: 965 SUMMERFIELD DR, CUMMING, GA 30040

BENNETT
Loan #: DC12050122
MIN: 100588312060535736

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. |
| 5.030% | $247,750.16 | $278,100.20 | $525,850.36 |

You have the right to receive at this time an Itemization of the Amount Financed.
☒ I want an Itemization. ☐ I do not want an Itemization.

The wire disbursement was $1,000 more

## INTEREST RATE AND PAYMENT SUMMARY

| | Rate & Monthly Payment |
|---|---|
| Interest Rate | 4.250% |
| Principal + Interest Payment | $1,401.54 |
| Est. Taxes + Insurance (Escrow)<br>• Includes Mortgage Insurance | $611.77<br>This is inaccurate |
| **Total Est. Monthly Payment** | **$2,013.31** |

**There is no guarantee that you will be able to refinance to lower your rate and payments.** We were paying $1735.46

☐ This loan has a demand feature
☐ **Variable Rate:** This loan contains a variable rate feature. Disclosures about the variable rate feature have been provided to you earlier.
☒ **Variable Rate** Not Applicable

**Security:** You are giving a security interest in the property located at 965 SUMMERFIELD DR, CUMMING, GA 30040.

**Late Charge:** If a payment is not received by the end of 15 days after the date it is due, you will be charged:
☒ 4.000% of the overdue payment
☐ ____________% of the overdue payment of principal and interest (or interest if your payment consists only of interest)
☐ not less than U.S. $N/A and not more than U.S. $N/A

**Filing Fees/Recording Fees: SEE HUD-1 SETTLEMENT STATEMENT.**

**Prepayment:** If you pay off this loan early, you ☐ may ☒ will not have to pay a penalty, and you ☒ may ☐ will not be entitled to a refund of part of the finance charge. ☒ If you pay off an FHA insured loan, on a date other than the regular installment date, you may be assessed interest charges until the end of the month.

**Assumption:** Someone buying your home
☐ will not be allowed to assume the remainder of this mortgage on the original terms.
☒ may, subject to conditions, be allowed to assume the remainder of this mortgage on the original terms.

**Required Deposit:** If lender requires you to maintain a deposit as a condition of the loan, the annual percentage rate does not reflect the effect of the required deposit.

**Property Insurance** is required to obtain credit. You may obtain property insurance from anyone you want who is reasonably acceptable to MORTGAGE SERVICES III, LLC.
☒ Property Insurance is not available through MORTGAGE SERVICES III, LLC.
☐ If you get the insurance from ____________________, you will pay $____________ for a term of _____ months.

**CREDIT LIFE AND DISABILITY INSURANCE** are not required to obtain credit and will not be provided at the time of closing. You may be offered these plans after closing, but they are not in effect at this time. No such insurance will be in force until you have completed an application, the insurance company has issued the policy, and the effective date of that policy has been provided.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

**YOU ARE NOT REQUIRED TO COMPLETE THIS AGREEMENT MERELY BECAUSE YOU HAVE RECEIVED THESE DISCLOSURES OR SIGNED A LOAN APPLICATION.**

I/we acknowledge receipt of a completed copy of this disclosure.

SIGNED AND DATED:

_______________________________________

MARYAM BENNETT - DATE -

| | | |
|---|---|---|
| + | | |
| = | $ XXXXXXXXX279100.20 | TOTAL CHECK |

This is $1,000 less than on the T-IL Disclosure

The amount listed here in the payment disbursement is $1,000 more than what was listed on the TILA disclosure. The TILA disclosure states the Amount Financed is $278,100.20

Please verify your mailing address, borrower and co-borrower information. Make necessary corrections on this portion of the statement, detach and mail to address listed for inquiries on the reverse side.

## Account Information

| | |
|---|---|
| Account Number | 7123000874 |
| Statement Date | March 07, 2013 |
| Maturity Date | December 01, 2042 |
| Interest Rate | 4.25000 |
| Interest Paid Year-to-Date | $0.00 |
| Taxes Paid Year-to-Date | $0.00 |
| Escrow Balance | $479.84 |
| Principal Balance(PB)* | $284,507.48 |

## Details of Amount Due/Paid

| | |
|---|---|
| Principal and Interest | $1,401.54 |
| Subsidy/Buydown | $0.00 |
| Escrow | $333.92 |
| Amount Past Due | $3,470.92 |
| Outstanding Late Charges | $69.41 |
| Other | $0.00 |
| Total Amount Due | $5,275.79 |
| Account Due Date | February 01, 2013 |

**For Customer Care inquiries call: 1-800-766-4622**
**For Insurance inquiries call: 1-800-256-9962**
**For Payment Arrangements call: 1-800-850-4622**

## Account Activity Since Last Statement

| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| Receipt | 01/01/13 | 03/07/13 | $479.84 | | | $479.84 | | | |

*This is your Principal Balance only, not the amount required to pay the loan in full. For payoff figures and mailing instructions, call the Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).

See back for automatic payment sign-up information and other payment options.

## Important News

**!Attention Military Families! We are committed to doing what we can to support our customers in the military. If you or a member of your family are in the military and are experiencing a financial hardship, please contact us at 866-961-1412 or email us at Military.Families@mortgagebanksite.com to discuss your situation and identify possible alternatives.**

**See Reverse Side And Additional Pages For Important Information And State Specific Disclosures**

## Mail This Portion With Your Payment

### Mortgage Payment Coupon

| Account Number | Due Date | Mortgage Payment | Total Amount Due | Amount Due With Late Fee If Received 15 Days AFTER Due Date |
|---|---|---|---|---|
| 7123000874 | 02/01/13 | $1,735.46 | $5,275.79 | $1,735.46 |

OCWEN

COBREY BENNETT

**Please assist us in applying your payment**

| | |
|---|---|
| Full Payment(s) | $ |
| *ADDITIONAL* Principal | $ |
| *ADDITIONAL* Escrow | $ |
| Late Charge | $ |
| Other Fees (please specify) | $ |
| Total Amount Enclosed | $ |

Payment amount is Different than on the Truth in lending

Sign here to receive information on monthly ACH. See back for details.

OCWEN LOAN SERVICING, LLC
PO BOX 9001719
LOUISVILLE KY 40290-1719

The payment amount shown here is different than what is on the Truth in lending disclosure

02 0213 7123000874 00173546 00000 22222 3

Section 404 Notices.

In addition to the Integrated Disclosures, as part of its TRID rulemaking pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (the Dodd-Frank Act), the CFPB has amended the Section 404 Notice requirements under TILA Section 131(g) and § 1026.39 of Regulation Z.[3] While the current Section 404 Notice requirements apply to both HELOCs and first and second lien residential mortgage loans, the new requirements under § 1026.39 of Regulation Z apply only to first and second lien residential mortgage loans. TILA Section 131(g) and § 1026.39 of Regulation Z currently require the new owner or assignee of a mortgage loan to notify the consumer of the sale or transfer of a mortgage loan no later than 30 days after the date on which the new owner/assignee acquired the loan. These requirements apply to HELOCs and first and second lien residential mortgage loans. Section 1414(d) of the Dodd-Frank Act amended TILA Section 129C to impose additional disclosure requirements on new owners or assignees of residential mortgage loans. Specifically, Section 129C(h) requires the following disclosure regarding partial payments: (i) the lender's policy regarding the acceptance of partial payments; and (ii) if they are accepted, how such payments will be applied to the mortgage loan, and if such payments will be placed in escrow. This is the identical disclosure required on the Closing Disclosure by TRID, § 1026.38(l)(5) of Regulation Z.

Effective October 3, 2015, for first and second lien residential mortgage loans, the content of the Section 404 Notice must identify the mortgage loan that was sold, assigned or otherwise transferred and state the following:

- The name, address and telephone number of the owner of the mortgage.
- The date of transfer.
- The name, address and telephone number of an agent or party authorized to receive notice of the right to rescind and resolve issues concerning the consumer's payments on the loan, if different from the owner.
- Where transfer of ownership of the debt to the new owner of the mortgage is or may be recorded in public records, or, alternatively, that the transfer of ownership of the mortgage has not been recorded in public records at the time the disclosure is provided.
- Under the subheading "Partial Payment":
  - If payments that are less than the unpaid principal amount are accepted, a statement that partial payments are accepted and such payments are applied to the consumer's loan;
  - If payments that are less than the unpaid principal amount are accepted but not applied to a consumer's loan until the final payment, a statement that partial payments will be retained in a separate account by the owner until the final payment and then applied to the full periodic payment to the consumer's loan;

[3] Section 1026.39 of Regulation Z and its Commentary may be found on the CFPB's website at http://www.consumerfinance.gov/eregulations/1026-39/2015-0132#1026-39-a.

© 2015 Hunton & Williams LLP. Attorney advertising materials. These materials have been prepared for informational purposes only and are not legal advice. This information is not intended to create an attorney-client or similar relationship. Please do not send us confidential information. Past successes cannot be an assurance of future success. Whether you need legal services and which lawyer you select are important decisions that should not be based solely upon these materials.

Courthouse News Service

Wednesday, August 06, 2014 Last Update: 4:59 PM PT

**Suspension Justified in Allied Mortgage Case**
By CAMERON LANGFORD

Like Tweet G+1 ShareThis

HOUSTON (CN) - The suspension of Allied Home Mortgage Corporation and its CEO's right to issue federally-insured home loans was justified, given evidence their mortgage fraud cost taxpayers $834 million, a federal judge ruled.

Federal prosecutors in New York sued Allied Home Mortgage Corp., its CEO Jim Hodge and executive vice president Jeanne Stell in 2011, alleging Allied's "decade of misconduct has resulted in tens of thousands of defaulted loans, thousands of American homeowners facing eviction, and hundreds of millions of dollars in losses to the United States."

In a statement announcing the lawsuit the U.S. Attorney's Office said the Federal Housing Administration paid $834 million "for mortgages originated and fraudulently certified by Allied that are now in default."

The case was filed under seal by former Allied branch manager Peter Belli and made public when the United States intervened in November 2011.

The proceedings were transferred from Manhattan to the Southern District of Texas in August 2012, as Allied was based in Houston. The company has since changed its name to AllQuest Home Mortgage Corp.

The suit accused Allied, Hodge and Stell of submitting false loan certifications to the Department of Housing and Urban Development to obtain HUD-backed insurance for the loans.

HUD mandates the lender obtain approval for each branch from which it intends to originate HUD-insured loans, as a way for the agency to track default rates.

The lawsuit claimed that, for more than 10 years, Allied originated loans out of hundreds of branches it never disclosed to HUD. The "shadow branches," as the feds called them, often operated in regions where HUD had suspended Allied's power to originate loans, given the areas' high default rates, according to the complaint.

The government also claimed Hodge directed Allied to falsify quality-control reports needed to maintain HUD-approved lender status.

The same day the lawsuit went public, HUD gave Hodge and Allied notices of suspension, which immediately barred them from issuing HUD-insured loans.

Hodge and Allied quickly filed for an injunction under the Administrative Procedure Act, seeking a declaration that the suspensions were arbitrary and should be voided.

U.S. District Judge Melinda Harmon granted them a preliminary injunction against enforcement of the suspensions, ruling that HUD had based the suspensions on evidence related to Allied Corp.'s predecessor Allied Capital and Hodge's role as Allied Capital's president, and the "improper conflation of the two entities ... is contrary to Texas law."

HUD pulled the suspensions in response, but reissued notices of suspension in May 2012, bolstered by allegations with greater detail about Allied's and Hodge's misconduct.

Because HUD rescinded the Nov. 2011 suspensions the court granted the agency's motion to declare the preliminary injunction moot, but refused to toss Hodge and Allied's claim for declaratory judgment that the suspensions should be declared void *ab initio*, or stricken from the record as if they never existed.

Hodge and Allied Corp. argued the suspensions were illegal since they were based on the faulty premise that Allied Corp. is liable for the misdeeds of Allied Capital.

They also claimed the suspensions were based on outdated evidence, inadequate to show an imminent threat to the finances of U.S. taxpayers or HUD.

With a nod to the evidence presented by federal prosecutors in the lawsuit, including interviews of 27 former Allied employees and the subpoena of 170,000 pages of documents, U.S. District Judge Gray Miller found there was sufficient evidence to uphold the suspensions.

"The evidence before the decision-makers at HUD was overwhelming against Hodge and documented a pattern and practice of multiple violations, many of which were directly endorsed and encouraged by Hodge. Given the extent of the evidence and continuous nature of the violations by Hodge, the court finds that HUD's decision to immediately suspend Hodge and propose debarment was not arbitrary or capricious," Miller wrote Tuesday.

Miller said it was a "closer call" to determine if Allied Corp.'s suspension was justified, but found that it too deserved suspension given its relationship with Hodge.

"The role and involvement of Hodge in the operations of Allied Corp. clearly supported an inference that Allied Corp. would be operated (and was being operated) in the same manner as Allied Capital. The court finds that a rational connection exists between the choice made by HUD and the factual circumstances underlying the suspension of Allied Corp.," Miller added in a 25-page ruling.

In a related case, U.S. Magistrate Judge George Hanks Jr. refused in September 2013 to dismiss claims filed against Hodge, and former Allied vice president Jeanne Stell, under the False Claims Act and the Financial Institutions Reform, Recovery and Enforcement Act.

That case is set for a jury trial on May 11, 2015.