## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| **COBREY BENNETT and** | ) | |
| **MARYAM BENNETT,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No.: 2:15-cv-170-** |
| | ) | **WCO-JCF** |
| **v.** | ) | |
| | ) | |
| **OCWEN LOAN SERVICING,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTION TO REPORT AND RECOMMENDATION

Defendant Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant") by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 72(b)(2), files this Response to Plaintiffs' "OBJECTION TO JUDGE FULLER'S R & R" and "TILA RE-DISCLOSURE DEMAND" (Doc. 71).  Plaintiffs' Objection is nothing more than a restatement of their previously-rejected claims. Magistrate Judge Fuller's Report and Recommendation (Doc. 69) should be adopted in all respects and Defendant's Motion for Summary Judgment should be granted dismissing this matter with prejudice.

I.   **Plaintiff offers no substantive objection to overcome the Magistrate Judge's finding that all claims are barred by *res judicata*.**

Magistrate Judge Fuller properly found that all of Plaintiffs' claims are barred by principles of *res judicata*. Plaintiffs have continued to reargue claims that were either dismissed or should have been brought in *Bennett I* – all of which arise from the same operative facts – the origination the mortgage loan. As to the rescission claim, if Plaintiffs *did assert* a rescission claim in *Bennett I* (as Plaintiffs now argue) the claim was either abandoned or dismissed and is plainly barred;[1] if Plaintiffs did *not assert* the rescission claim in *Bennett I*, it is still barred as it could have been brought. Thus, under any angle, Plaintiffs' rescission claims must be rejected. *See, e.g., Spooner v. Wells Fargo Bank, N.A.*, Civil. No. 1:14-cv-3897-TWT, 2015 WL 5136385, at *7 (N.D. Ga. Aug. 31, 2015) (*res judicata* barred borrower's attempt to re-litigate "the same issues and others that plainly pertain to the same nucleus of operative facts [] hoping for a different result" which was "exactly the type of lawsuit that *res judicata* bars").

The balance of Plaintiffs' Objection is nothing more than a restatement of the same claims and grievances that have been dismissed by this Court in a previous

---

[1] Any similar "rescission" claims attempted by Plaintiffs in *Bennett I* were abandoned by Plaintiffs or were rejected by the Court as failing to state a claim. (*See Bennett I*, Doc. 60, pp. 10, 39).

final judgment. The Objection contains no new facts or basis for the claims that have not already been presented, duly considered, and held without merit as a matter of law.

## II.   Plaintiffs' TILA rescission claims fail as a matter of law, as set out in the Report and Recommendation.

As the Report and Recommendation set out, Defendant was correct on the multiple bases for dismissal and Plaintiffs' claim for rescission fails on all fronts, including the statute of limitations, there being no facts in support of an extended right of rescission for Plaintiffs, and Plaintiffs' inability to tender funds to effectuate a TILA rescission. (Doc. 69 at 16).

### A. The *Jesinoski* case does not help Plaintiffs and was squarely addressed in the Report and Recommendation

Plaintiffs' misinterpretation and misreading of *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S.Ct. 790 (2015) was properly analyzed and rejected by the Magistrate Judge. (Doc. 69 at 14-15). As set out in Defendant's Motion for Summary Judgment, *Jesinoski* stands for the very narrow principle that a borrower is not required to file a lawsuit within the three-year extended right of rescission period. In their objection, Plaintiffs do nothing more than continue their over-reliance on *Jesinoski* to support their flawed theory that the letter they sent dated August 9, 2013 operated to instantly void their mortgage loan. The Magistrate Judge squarely

addressed the impact of *Jesinoski* in ruling that the effect of any rescission notice from Plaintiffs (which does not mention TILA), "does not mean that the loan magically disappears." Most significantly, Plaintiffs raise no argument to overcome the fact that they failed to file an action within one year after August 9, 2013. (Doc. 69 at 17-18); *e.g., Jackson v. Bank of Am., N.A.*, No. 7:14-cv-82 (HL), 2015 WL 5684121, at *3 (M.D. Ga. Sept. 28, 2015). Rather, Plaintiffs state that they are "invoking a toll of the statute of limitations,"[2] which is inapplicable and meritless.

Simply put, the *Jesinoski* case does not help the Plaintiffs here as "[m]any cases since *Jesinoski* have made clear that case does not provide an opportunity for litigants to avoid res judicata to litigate previously decided controversies." (Doc. 69 at 14-15).

### B. Plaintiffs still refuse to assert any intent or ability to tender the loan proceeds.

The Magistrate Judge thoroughly discussed how any rescission claim required action by the Plaintiffs to return the loan proceeds in order to unwind the transaction. (Doc. 69 at 18). As to the requirement to tender, Plaintiffs silence is deafening.

---

[2] If Plaintiffs are somehow asserting that their TILA rescission claim should be equitably tolled, such a contention is meritless. *See Bazemore v. U.S. Bank, N.A.*, -- F.Supp.3d --, Civil No. 1:14-cv-3310-AT, 2016 WL 889676, at *8 (Mar. 8, 2016). Further, Plaintiffs have not previously made any tolling arguments and such contentions would still be subject to *res judicata* effect warranting dismissal.

Despite having clear notice of the requirement to tender at the summary judgment stage of the proceeding, Plaintiffs steadfastly refuse to assert an intent to tender – much less assert any ability to tender the loan proceeds in order to complete the rescission.

### III.   Plaintiffs' Prescriptive Title claims, together with all other claims arising from the mortgage loan are barred as a matter of law

Plaintiffs raise no new facts to show the Magistrate Judge was wrong in concluding that Plaintiffs' other claims for Prescriptive Title or claims for "offers of felonies committed." Even if the claims are not barred by *res judicata* as having been explicitly denied, the claims have no merit and Plaintiffs' objections do nothing to revive them. (Doc. 69 at 20).

### Conclusion

Plaintiffs' Objections should be rejected and the Magistrate Judge's Report and Recommendation should be adopted as a proper analysis of all issues. Defendant's Motion for Summary Judgment (Doc. 55) is due to be granted and Plaintiffs' claims should be dismissed with prejudice in their entirety.

Defendant also respectfully reiterates its request that the Court enjoin any future filings by Plaintiffs related to the subject loan and property. (*See* Bennett V, Civil Action No. 2:16-cv-00014, Doc. 3 at 7). In response to any adverse ruling, Plaintiffs have repeatedly escalated the nature and scope of their meritless claims.

This case has occupied enough of this Court's time and resources (as well as those of Defendant) and any further contentions by Plaintiffs on this subject matter should be rejected and barred.

Respectfully submitted this 13th day of July, 2016.

/s/Keith S. Anderson
Keith S. Anderson (GA Bar No. 136246)
Bradley Arant Boult Cummings, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
Email: kanderson@bradley.com

A. Michelle Canter (GA Bar No. 108097)
Bradley Arant Boult Cummings LLP
4720 Peachtree Industrial Blvd, #106
Norcross, GA 30071
Telephone: (678) 496-2580
Facsimile: (205) 521-8800
Email: mcanter@bradley.com
Attorneys for Defendant Ocwen Loan
Servicing, LLC

## LR 7.1D CERTIFICATION

I hereby certify that the foregoing brief was prepared with one of the font and point selections approved by the Court in LR 5.1B.

s/ Keith S. Anderson, Esq.

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 13, 2016, I served a copy of the foregoing via United States Mail, first-class postage prepaid and addressed to her regular mailing address, to the following:

> Cobrey and Maryam Bennett
> 965 Summerfield Drive
> Cumming, GA 30040

/s/Keith S. Anderson