IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| COBREY BENNETT and MARYAM BENNETT, | : | |
| Plaintiffs, | : | |
| v. | : | CIVIL ACTION NO. 2:15-CV-170-WCO-JCF |
| OCWEN LOAN SERVICING, LLC, | : | |
| Defendant. | : | |

**ORDER**

The captioned case is before the court for consideration of the magistrate judge's final report and recommendation ("R&R") dated June 13, 2016 [69], which recommends that plaintiffs' motion for summary judgment be denied and that defendant's motion for summary judgment be granted as to all counts on all consolidated complaints. On June 30, 2016, plaintiffs filed their objections.

The facts and procedural history of this case are fully set forth in the R&R and do not need to be repeated here. After thoroughly reviewing the record, the court is confident that the magistrate judge has correctly applied the law to the facts of this case. Upon examining each of plaintiffs' objections, the court finds them to be without merit. In their objections, plaintiffs are essentially rearguing their previous claims, which have been dismissed by this court. As set forth in detail in the R&R,

in *Bennett v. Ocwen Loan Servicing*, 2:13-cv-243-WCO ("Bennett I"), the first lawsuit regarding the property located at 965 Summerfield Drive, Cumming, Georgia 30040 (the "Property"), plaintiffs raised 15 claims involving the mortgage, loan, and security deed and their interactions with defendant. Thirteen of those claims were dismissed for failure to state a claim, and defendant was granted summary judgment as to the remaining claims.

As the magistrate judge correctly found, plaintiffs had their opportunity to raise their claims regarding the Property, and a final adjudication on the merits was rendered against them. Plaintiffs' subsequent four lawsuits are barred by the doctrine of *res judicata* because they raise various challenges to the security deed and note related to the Property, including challenging defendant's ability to foreclose upon the Property, all of which arise "out of the same nucleus of operative fact" as Bennett I. *Maldonado v. U.S. Att'y Gen.*, 664 F.3d 1369, 1376 (11th Cir. 2011). "The general principle of *res judicata* prevents the relitigation of issues and claims already decided by a competent court." *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1263 (11th Cir. 2011). Contrary to plaintiffs' argument, this court's application of the doctrine of *res judicata* is not a "cho[ice] to focus on procedural folly." Doing so is "following and enforcing the laws," as plaintiffs urge the court to do.

In their objections, plaintiffs state:

> We trusted Ocwen et al. to do the right thing. That trust was violated, which is why we requested a rescission. Their refusal to honor our request is why we sought the Court's intervention. This has always been the core of our complaint.

(Pls.' Obj. 19.) In this regard, plaintiffs object to the magistrate judge's finding that plaintiffs failed to raise their rescission claim under the Truth in Lending Act ("TILA") in Bennett I.[1] Plaintiffs point out that they raised their TILA claim for rescission in Bennett I. A review of the amended complaint in Bennett I indicates that plaintiffs did raise the issue of rescission in Bennett I though not under TILA.[2] More specifically, they stated that they "wish[ed] to rescind the loan on the grounds of the fraud and misrepresentation" pursuant to O.C.G.A. § 14-8-9. (Bennett I, Am. Compl. 15, 24.)

Subsequently, in their response to defendant's motion to dismiss in Bennett I, plaintiffs stated that they "wish[ed] to withdraw this cause of action and replace it

---

[1] The magistrate judge concluded that the doctrine of *res judicata* bars plaintiffs from raising their rescission claim in this case because they could have raised this claim in Bennett I but did not do so. The magistrate judge also concluded that even if the rescission claim is not barred by *res judicata*, plaintiffs have failed to bring their claim within the statute of limitations because they did not raise the claim until they filed this action on August 14, 2015. After providing the alleged notice of rescission on August 9, 2013 (although the notice does not mention TILA), plaintiffs were required to bring an action within one year to actually rescind the loan. 15 U.S.C. § 1640(a). *See also Frazile v. EMC Mortg. Corp.*, 382 F. App'x 833, 839 (11th Cir. 2010).

[2] Plaintiffs did not mention TILA in their alleged rescission notice. In addition, plaintiffs did not mention TILA in their amended complaint or any other documents in Bennett I.

with the correct Rescission cause of action, to be added to a joinder." (Bennett I, Pls.' Resp. to Def.'s Mot. to Dismiss 4.) In their motion to add joinder of claims, plaintiffs alleged that they are "entitled to equitable rescission of the loan contract due to fraud and misrepresentation." (Bennett I, Pls.' Mot. to Add Joinder of Claims, 4.) Plaintiffs explained that "[r]escission is an equitable remedy whereby a party obligated by some legal commitment resulting from fraud, false representation, or similar cause resulting from other than his own wrongdoing may obtain an order relieving him of that commitment." (*Id.*) Plaintiffs further explained that "[b]ecause the Plaintiffs received no benefit from their dealings in the course of this transaction, he [sic] does not have to restore Defendant to their [sic] place prior to the agreement." (*Id.* at 5.)

Construing plaintiffs' motion as a motion to amend their amended complaint, this court denied plaintiffs' request to add the equitable rescission claim because they failed to state a claim upon which relief may be granted, and thus an amendment would be futile. (Bennett I, Order of August 12, 2014.) The court also notes that in their motion to amend, which was filed subsequent to their motion to add joinder of claims, plaintiffs requested that they be allowed to withdraw their claim for rescission. (Pls.' Mot. to Amend 2.) Accordingly, plaintiffs' rescission claim in Bennett I was either abandoned or dismissed and is barred by the doctrine of *res judicata*.

In addition, even if plaintiffs' rescission claim under TILA is not barred by *res judicata*, it has no merit. As the magistrate judge concluded, "[e]ven if plaintiffs had sent a notice to rescind and followed the proper steps to carry out that rescission, had done so within the statute of limitations, and had shown TILA violations which give rise to the right to rescind, plaintiffs' claim would still fail [because] they have made no allegation, nor shown any evidence that they would be able to repay the amount tendered." (R&R 18.) In this regard, plaintiffs point out that "[t]here is nothing in 15 U.S.C. § 1635 that states [that] plaintiffs have to show proof of tender prior to the compliance of the [lender] in 20 days upon receiving notice." In *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S.Ct. 790, 793 (2015), the Supreme Court noted that 15 U.S.C. § 1635(b) "disclaims the common-law condition precedent to rescission at law that the borrower tender the proceeds received under the transaction."[3] *Id.* Contrary to plaintiffs' argument, however, the Supreme Court in *Jesinoski* "did not hold . . . that a loan is rescinded on notice and borrowers have no further obligation

---

[3] Section 1635(b) provides, among other things:

> Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. . . . If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it. The procedures prescribed by this subsection shall apply except when otherwise ordered by a court.

15 U.S.C. § 1635(b).

to perform if the lender does not respond." *In re Kelly*, 545 B.R. 1, 12 n.5 (Bankr. N.D. Cal. 2016). "[I]t cannot be that the security interest vanishes immediately upon the giving of notice. Otherwise, a borrower could get out from under a secured loan simply by *claiming* TILA violations, whether or not the lender had actually committed any." *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171-73 (9th Cir. 2003).

Courts have held that the mere act of sending correspondence asserting a right to rescind and stating an intention to exercise that right is not all that is required to actually rescind the loan. *See American Mortg. Network, Inc. v. Shelton*, 486 F.3d 815, 821 (4th Cir. 2007); *Yamamoto*, 329 F.3d at 1172. In *Williams v. Homestake Mortg. Co.*, 968 F.2d 1137, 1142 (11th Cir. 1992), the Eleventh Circuit pointed out that "Congress, through its legislative history, has made it quite clear that the courts, *at any time during the rescission process*, may impose equitable conditions to insure that the consumer meets his obligations after the creditor has performed his obligations as required by the act." *Id.* (italics in original; internal quotation and citation omitted). That court held that "a court may impose conditions that run with the voiding of a creditor's security interest upon terms that would be equitable and just to the parties in view of all surrounding circumstances." *Id.* Section 1635(b) provides that "[t]he procedures prescribed by this subsection shall apply except when otherwise ordered by a court." 15 U.S.C. § 1635(b).

"[B]ecause restoring the parties to the status quo is an element of a rescission claim, plaintiffs would have to prove the ability to tender the loan proceeds to prevail." *Renfrow v. First Mortg. Am., Inc.*, No. 08-80233-CIV, 2011 WL 2416247, at *3 (S.D. Fla. June 13, 2011). A party seeking rescission must "disgorge the fruits of the bargain" in order to ultimately enjoy the benefits of rescission. *Jones v. Saxon Mortg. Inc.*, 537 F.3d 320, 326 (4th Cir. 1998). *See also Woodling v. Garrett Corp.*, 813 F.2d 543, 561 (2d Cir. 1987). "At some point after giving notice of rescission, borrowers must make the appropriate rescission payment to obtain the unencumbered property." *In re Kelly*, 545 B.R. 1, 12 n.5 (Bankr. N.D. Cal. 2016).

Some courts have required the borrowers to allege ability and willingness to tender in their complaint to survive a motion to dismiss. *See Moore v. Wells Fargo Bank, N.A.*, 597 F. Supp. 2d 612, 616 (E.D. Va. 2009); *Rendon v. Countrywide Home Loans, Inc.*, 2009 WL 3126400, at *6 (E.D. Cal. Sept. 4, 2009) (holding that a complaint's "silence on [the borrower's] tender of the rescission balance [has been] construed as [a] concession of inability to do so."). Other circuits, including the Ninth Circuit, have required borrowers to produce evidence of ability to tender as a condition for denial of a summary judgment motion filed by the lender. *Merritt v. Countrywide Financial Corp.*, 759 F.3d 1023, 1030-31 (9th Cir. 2014). The Ninth Circuit reasoned that where "it is clear from the evidence that the borrower lacks

capacity to pay back what she has received (less interest, finance charges, etc.), the court does not lack discretion to do before trial what it could do after." *Yamamoto*, 329 F.3d at 1173. While the Eleventh Circuit has not decided this issue, district courts in this circuit have been split. *Compare Webb v. Suntrust Mortg., Inc.*, No. 1:10-CV-0307-TWT-CCH, 2010 WL 2950353, at *4 (N.D. Ga. July 1, 2010) (holding that because "Plaintiffs have not alleged an intent or an ability to tender the money loaned to them by Defendant . . . they have not alleged a plausible claim that they are entitled to, or able to complete, rescission under TILA") *with Berry v. Beneficial Mortg. Co. of Georgia*, No. 1:10-CV-3259-GET-WEJ, 2011 WL 12828772, at *4 (N.D. Ga. May 4, 2011) (holding that "this . . . standard permits, but does not mandate, the Court to require plaintiffs to plead their ability to tender loan proceeds in a rescission under TILA").

Here, despite having clear notice of the requirement to tender at the summary judgment stage of the proceeding, plaintiffs have not asserted an intent to tender or any ability to tender the loan proceeds in order to complete the rescission. Consequently, plaintiffs' rescission claim must be dismissed under either standard.

Accordingly, the R&R [69] is hereby **APPROVED and ADOPTED** as the order of this court. For the reasons set forth in the R&R as well as those set forth above, the court hereby **DENIES** plaintiffs' motion for summary judgment [62] and

**GRANTS** defendant's motion for summary judgment [55] as to all counts on all consolidated complaints.

**IT IS SO ORDERED**, this 6th day of September, 2016.

s/*William C. O'Kelley*
WILLIAM C. O'KELLEY
Senior United States District Judge